UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17cv60471

GRIFFEN LEE,

      Plaintiff,

v.

CHARLES G. MCCARTHY, JR. d/b/a LAW
OFFICE OF CHARLES G. MCCARTHY
JR. & ASSOCIATES,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff GRIFFEN LEE ("Plaintiff"), by and through undersigned counsel, seeks redress

for the illegal practices of Defendant CHARLES G. MCCARTHY, JR. d/b/a LAW OFFICE OF

CHARLES G. MCCARTHY JR. & ASSOCIATES, ("MCCARTHY & ASSOCIATES"), *to wit*,

for violations of § 1692e of the Fair Debt Collection Practices Act (the "FDCPA") and § 559.553

of the Florida Consumer Collection Practices Act (the "FCCPA"), and in support thereof, Plaintiff

states the following:

### INTRODUCTION

1.      To summarize, MCCARTHY & ASSOCIATES has dispatched thousands of

consumer debt collection letters and ultimately collected monies from Florida consumers without

first obtaining a license[1] to collect consumer debts in the State of Florida as mandated by § 559.553 of the FCCPA.

2.      On March 30, 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the FDCPA.   LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. March 30, 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

3.      Plaintiff maintains that MCCARTHY & ASSOCIATES' actions are both illegal and unconscionable. See Fla. Stat. § 559.785 (stating that it is a criminal misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering.").

4.      With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared:

>     (a) *Abusive practices*
>
>     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
>
>     (b) *Inadequacy of laws*
>
>     Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

---

[1] The FCCPA utilizes the word *register* and/or *registration*. The term *license and/or licensure* utilized throughout this entire filing is intended to convey the same meaning as the FCCPA's use of the term *register* and/or *registration* in Fla. Stat. § 559.553.

15 U.S.C. § 1692.

5.      Accordingly, as set forth in more detail below, Plaintiff seek actual and statutory damages under the FDCPA for MCCARTHY & ASSOCIATES' unlawful conduct.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.

7.      Venue in this District is proper because Plaintiff reside here and Defendant does business in this District.

## PARTIES

8.      Plaintiff is an individual and a citizen of the State of Florida, residing in Broward County, Florida.

9.      MCCARTHY & ASSOCIATES is an individual and citizen of Illinois, residing at 17W233 Wallace Road, Wheaton, Illinois.[2]

10.      McCARTHY & ASSOCIATES is engaged in the collection debts with a principal place of business of 2100 Manchester Road Suite 1450, Wheaton, Illinois.[3]

11.      MCCARTHY & ASSOCIATES engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

---

[2] Attached hereto as **Exhibit "A"** is a copy of the Property Tax Payment Information for Parcel No. 04-25-203-008, wherein the Parcel Address and Billing Address are listed as the same, and "Charles G. McCarthy Jr." is listed as the individual billed.

[3] Attached hereto as **Exhibit "B"** is a copy of the *Attorney Registration & Disciplinary Commission of the Supreme Court of Illinois'* ("ARDC") *Individual Attorney Record of Public Registration and Public Disciplinary and Disability Information Report*, of which states, as of March 1, 2017, at 1:13:58 PM, "Charles Gerrard McCarthy, Jr." has a "registered business address" of "Law Offices of Charles G. McCarthy, Jr., 2100 Manchester Road Suite 1450, Wheaton, IL 60187-4534."

12.     At all times material, MCCARTHY & ASSOCIATES has been subject to the FCCPA. *See* In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("Unlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collecting a consumer debt*." (emphasis added)); *See, e.g.*, Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

## FACTUAL ALLEGATIONS

13.     The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

14.     The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C §1692a (5); Fla. Stat. §559.55(6).

15.     Plaintiff is a "consumer" within the meaning of the FDCPA. *See* 15 U.S.C §1692a(3).

16.     On a date better known by MCCARTHY & ASSOCIATES, it began attempting collect the Consumer Debts from Plaintiff.

17.     On or about February 01, 2017, MCCARTHY & ASSOCIATES sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt. A copy of the Collection Letter is attached hereto as Exhibit "C."

18.     In the "Collection Letter," MCCARTHY & ASSOCIATES identifies itself as a "debt collector." *See* Collection Letter.

19.     At no time has MCCARTHY & ASSOCIATES had the authority to collect, neither directly nor indirectly, any consumer debt in the State of Florida.

20.     MCCARTHY & ASSOCIATES collection activities against Plaintiff constituted a criminal misdemeanor under Florida law. See, Fla. Stat. § 559.785.

21.     Florida law specifically and unequivocally states: *[a]fter January 1, 1994, no person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.*  Fla. Stat. § 559.553(1).

22.     The FCCPA defines "consumer collection agency" as "any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts, which debt collector or business is not expressly exempted as set forth in s. 559.553(4)." Fla. Stat. § 559.55(7).

23.     MCCARTHY & ASSOCIATES does not fall within any of the exemptions contained within Fla. Stat. § 559.553(4).

24.     MCCARTHY & ASSOCIATES is a "consumer collection agency" as defined by the FCCPA because it is a debt collector or business entity that solicits consumer debts for collection.

25.     The FCCPA regulates debt collectors "who use [] any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, **or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another**." Fla. Stat. 559.55(6) (emphasis added); *see also,* Collins v. Erin Capital Management, LLC, 290 F.R.D. 689, 701 (S.D. Fla. Mar 21, 2013) (order certifying FDCPA class action consisting of "(i) all persons (ii) whom were the subject of collection activity from Erin Capital (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) who incurred actual damages in

the form of **direct, indirect, voluntary, or involuntary payment** arising from or attributable to Erin Capital's collection efforts (v) during the one year period prior to the filing of the original writ of garnishment in this action through the date of certification." (emphasis added)).

26.     Pursuant to Fla. Stat. § 559.553(1) and § 559.55(7), MCCARTHY & ASSOCIATES was required to be licensed as a consumer collection agency by the State of Florida.

27.     Since the Eleventh Circuit's holding in LeBlanc, at least two Judges in the Southern District of Florida have ruled that the filing of a lawsuit by an unlicensed debt collector violates the FDCPA. *See* Balthazor v. Security Credit Services, LLC, 2012 WL 171097, *3 (S.D. Fla., Jan. 20, 2012) (Cohn, J.); Collins v. Erin Capital Management, LLC, Case No. 1:12-cv-22839-CMA (S.D. Fla. 2013) (Altonaga, J.) (Order dated Oct. 28, 2013).

28.     Based upon an online license search last conducted on March 03, 2017, at the website maintained by the Florida Office of Financial Regulation, MCCARTHY & ASSOCIATES has never been licensed to collect consumer debts in the State of Florida.

29.     Plaintiff maintains that MCCARTHY & ASSOCIATES' unlicensed collection activity as being unlawful.

30.     Defendant MCCARTHY & ASSOCIATES knew or should have known that it was not licensed as a Consumer Collection Agency yet Defendant never disclosed to any consumer that it was in fact a crime for MCCARTHY & ASSOCIATES to directly or indirectly collect upon the Consumer Debt.

31.     The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).

32.     At all times relevant, at the time Defendant sent the Collection Letter to Plaintiff, there was no enforceable obligation to make the payment and/or the payment was excused due to the illegality on the part of MCCARTHY & ASSOCIATES' collection efforts. *See* Fla. Stat. § 559.785; *see also*, Fla. Stat. § 725.04 (abrogating defense of voluntary payment doctrine).

33.     The FDCPA is not an *exclusive* remedy – it is a *concurrent* one; the statute reads, "…a State law is not inconsistent with this subchapter if the protection such law affords any consumer is *greater* than the protection provided by this subchapter." 15 U.S.C. § 1692n; <u>Cliff v. Payco General American Credits, Inc.</u>, 363 F.3d 1113, 1128 fn. 11 (11th Cir. 2004) ("Without an express statement from the Secretary that the FDCPA is intended to be the *only* vehicle for protecting debtors from abusive and deceptive collection practices, we decline to hold that the Secretary implicitly intended to foreclose state law remedies.

34.     The FDCPA affirmatively acknowledges that state law remedies may be pursued concurrent with FDCPA remedies.") (emphasis in original); *see also*<u>, Fabricant v. Sears Roebuck, et al.,</u> 202 F.R.D. 310 (S.D. Fla. 2010) (certifying class based upon Truth in Lending Act as well as state law claim seeking disgorgement of funds)

35.     Any potential *bona fide* error defense which relies upon MCCARTHY & ASSOCIATES' mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. <u>Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich</u>, L.P.A., 130 S.Ct. 1605, 176 L. Ed. 2d 519 (2010).

## COUNT I.
## <u>VIOLATION OF THE FDCPA, 15 U.S.C. § 1692e *et seq*.</u>

36.     Plaintiff incorporates the preceding Factual Allegations.

37.     MCCARTHY & ASSOCIATES is liable to Plaintiff for its attempt to collect the Consumer Debt while unlicensed.

38.     MCCARTHY & ASSOCIATES' failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C § 1692e and e(10) because attempting to collect a debt while not licensed as required by Florida law is a false, deceptive, and misleading practice.

39.     MCCARTHY & ASSOCIATES' failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the debt.

40.     MCCARTHY & ASSOCIATES' failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C § 1692e(5) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law and claiming that it may collect money from a consumer is a threat to take action that cannot legally be taken. Moreover, actually collecting a debt while not licensed is also in violation of 15 U.S.C § 1692e(5).

## DEMAND FOR JURY TRIAL

41.     Plaintiff respectfully demands a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a)     Statutory and actual damages, as provided under 15 U.S.C. §1692k;

(b)     Costs and reasonable attorneys' fees as provided by 15 U.S.C. §1692k; and

(c)     Such other or further relief as the Court deems proper.

DATED: March 4, 2017

Respectfully Submitted,

  /s/ Jibrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:     jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:      954-907-1136
Fax:        855-529-9540
*COUNSEL FOR PLAINTIFF*

AND

  /s/ Thomas J. Patti                              .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:     tpatti@thomasjohnlaw.com
THOMAS-JOHN LAW, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:      954-543-1325
Fax:        954-507-9975

*CO-COUNSEL FOR PLAINTIFF*