UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-CV-60471

**GRIFFEN LEE,**

    Plaintiff,

v.

**CHARLES G. McCARTHY, JR. d/b/a
LAW OFFICE OF CHARLES G. MCCARTHY
JR. & ASSOCIATES,**

    Defendant.
_____/

## STATEMENT OF CLARIFICATION

Plaintiff GRIFFEN LEE, by and through undersigned counsel, and in accordance with this Court's Order Requiring Response [D.E. 19], files this Statement to clarify that the Plaintiff seeks to hold the legal entity, the LAW OFFICE OF CHARLES G. MCCARTHY JR. & ASSOCIATES (the "LAW FIRM"), liable for the claims set forth in the Complaint [D.E. 1], *to wit*, violation of § 1692e of the Fair Debt Collection Practices Act (the "FDCPA") and § 559.553 of the Florida Consumer Collection Practices Act (the "FCCPA"), and in furtherance thereof, Plaintiff states:

1. On May 04, 2017, Plaintiff commenced the above styled action against the LAW FIRM, wherein Plaintiff alleged the LAW FIRM, in an attempt to collect a consumer debt form Plaintiff, violated §§ 1692e, e(2)(A), e(5), and e(10) of the FDCPA, and § 559.553 FCCPA. *See* D.E. 1 ¶ 36-40.

2. The LAW FIRM is an Illinois law firm, with a registered business address of: 2100 Manchester Road, Suite 1450, Wheaton, Illinois 60187. Attached hereto as Exhibit "A" are the public records of the Attorney Registration & Disciplinary Commission of the Supreme Court of

Illinois, as of March 01, 2017, which identify such as the LAW FIRM's address, as well as such being the "Registered Business Address" of CHARLES G. McCARTHY, JR. ("McCARTHY").

3. McCARTHY is an attorney licensed by the State of Illinoi and the sole agent/proprietor of the LAW FIRM.

4. McCARTHY is a citizen of the State of Illinois and currently resides at: 27W233 Wallace Road, Wheaton, Illinois 60189.

5. The FDCPA and FCCPA violations set forth in the Complaint, D.E. 1 ¶ 36-40, exist as a result of the LAW FIRM having dispatched a collection letter (the "Collection Letter") to Plaintiff in an attempt to collect a consumer debt from Plaintiff. A copy of the Collection Letter is attached hereto as Exhibit "B."

6. The Collection Letter was printed on the LAW FIRM's letterhead, signed by the LAW FIRM, and payment coupon included in the Collection Letter was addressed to the LAW FIRM. *See* Collection Letter.

7. The LAW FIRM is a debt collector within the meaning of the FCCPA and FCCPA, D.E. 1 ¶ 10-12, and the LAW FIRM dispatched the Collection Letter to Plaintiff in the LAW FIRM's capacity as a debt collector. *See* Collection Letter (wherein the LAW FIRM states, "This is a communication from debt collector. The purpose of this letter is to collect a debt any information obtained will be used for that purpose.").

8. The LAW FIRM, a consumer collection agency, *see* D.E. 1 ¶ 24, is prohibited from engaging in the business as a consumer collection agency in Florida without first registering as a consumer collection agency in accordance with Fla. Stat. § 559.553(1).

9. Compliance with § 559.553(1), Fla. Stat., is necessary for the LAW FIRM to lawfully collect the debt referenced in the Collection Letter under the FDCPA, as such debt is also

governed by the FDCPA, whereby the FDCPA requires, *inter alia*, a debt collector to be lawfully collecting any particular debt at issue.

10. The LAW FIRM failed first register as a consumer collection agency, pursuant to Fla. Stat. § 559.553(1), prior to dispatching the Collection Letter to Plaintiff – and as a result – violated Fla. Stat. § 559.553(1).

11. The FDCPA violations committed by the LAW FIRM occurred because the LAW FIRM engaged in debt collection practices that first required registration under § 559.553(1) of the FCCPA, whereby such collection practices were, at all times material, also governed by the FDCPA. *See* LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1190 (11th Cir.2010), (wherein the Eleventh Circuit, as a matter of first impression, held that a violation of FCCPA may support a cause of action under § 1692e of the FDCPA, despite there is no private cause of action to enforce a violation of Fla. Stat. § 559.553.). Thus, by having violated § 559.553(1) of the FCCPA in attempting to collect a consumer debt from Plaintiff, the LAW FIRM so violated §§ 1692e, e(2)(A), e(5), and e(10) of the FDCPA.

12. Plaintiff concludes by, again, clarifying for the Court that the Complaint [D.E. 1] seeks to hold the **LAW OFFICES OF CHARLES G. McCARTHY, JR. & ASSOCIATES**, *an artificial entity*, liable to Plaintiff for violation of the FDCPA and FCCPA.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

DATED: April 17, 2017

                                    Respectfully Submitted,

                                    /s/ Jibrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:    954-907-1136
Fax:        855-529-9540

                                    AND

                                  /s/ Thomas J. Patti                              .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tpatti@thomasjohnlaw.com
THOMAS-JOHN LAW, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone:    954-543-1325
Fax:        954-507-9975

*COUNSEL FOR PLAINTIFF*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 17, 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record, as well as sent to the LAW OFFICES OF CHARLES G. McCARTHY, JR, AND ASSOCIATES and CHARLES G. MCCARTHY, JR., via *U.S. Mail,* at **707 North East Street, Suite Two Bloomington, Illinois 61701**, and via *e-mail,* at **charlie@mccarthy.net**.

    /s/ Thomas J. Patti             .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377