UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:17-cv-60471-UU

GRIFFEN LEE,

    Plaintiff,

v.

CHARLES G. McCARTHY, JR.
d/b/a LAW OFFICE OF CHARLES G.
MCCARTHY JR & ASSOCIATES,

    Defendant.
_____/

### ORDER STRIKING ANSWER AND REQUIRING RESPONSE

THIS CAUSE is before the Court upon Charles G. McCarthy, Jr.'s Motion to Allow Defendant Access to the Southern District of Florida's Electronic Filing System, D.E. 18, and upon a *sua sponte* examination of the record.

THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised in the premises.

Plaintiff filed this action on March 4, 2017, alleging claims under the Fair Debt Collection Practices Act (the "FDCPA") and the Florida Consumer Collection Practices Act (the "FCCPA") against "Defendant CHARLES G. MCCARTHY, JR. d/b/a LAW OFFICE OF CHARLES G. MCCARTHY JR. & ASSOCIATES, ('MCARTHY & ASSOCIATES')." D.E. 1.

On March 30, 2017, Charles G. McCarthy, Jr., purported to file an Answer and Affirmative Defenses on behalf of the "Law Office of Charles G. McCarthy, Jr. & Associates." D.E. 9. However, attorney Charles G. McCarthy, Jr. is not licensed to practice in the State of Florida or before this Court and, as such, cannot provide legal representation on behalf of a corporation or law firm without being admitted to appear before the Court *pro hac vice*.

The Court repeatedly ordered Mr. McCarthy, Jr. to file, through counsel licensed to practice before this Court, a motion to appear *pro hac vice*. D.E. 10, 14. In response, Mr. McCarthy, Jr. repeatedly refused and, instead, insists that he is representing himself *pro se*, rather than representing the Law Office of Charles G. McCarthy Jr. & Associates. D.E. 12, 17, 18.

While Mr. McCarthy, Jr. may defend himself against claims brought against him in his individual capacity, *pro se*, subject to the Federal Rules of Civil Procedure and Southern District of Florida Local Rules, the rule is well established that "artificial entities," such as the Law Office of Charles G. McCarthy Jr. & Associates, "can act only through agents, cannot appear *pro se*, and must be represented by counsel." Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985). "This rule applies even where the individual seeking to represent the corporation is an officer or major stockholder." *Marshall v. Wachovia Sec. LLC / Wells Fargo*, No. 15-61864-CIV, 2016 WL 5942429, at *2 (S.D. Fla. Jan. 6, 2016), *aff'd sub nom. Marshall v. Wells Fargo Advisors, LLC*, 668 F. App'x 874 (11th Cir. 2016); *accord Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distrib. Co.,* 748 F.2d 602, 609 (11th Cir. 1984).

Accordingly, Mr. McCarthy, Jr. cannot appear on behalf of the Law Office of Charles G. McCarthy Jr. & Associates without being admitted to appear before the Court pro hac vice. S.D. Fla. Local Rules, Special Rules Governing the Admission and Practice of Attorneys, R. 4(b) (emphasis added); *Ortega v. Las Brisas Restaurante, LLC*, No. 14-62190-CIV, 2015 WL 11181730, at *1 (S.D. Fla. Mar. 24, 2015) (denying motion filed by artificial entity on grounds that the entity could not appear *pro se*).

On April 12, 2017, in an abundance of caution, the Court required Plaintiff to file a statement with the Court to clarify whether he sought to recover from: (1) Mr. McCarthy, Jr. in his individual capacity; or (2) the Law Office of Charles G. McCarthy Jr. & Associates. D.E. 20.

On April 17, 2017, Plaintiff filed his Statement of Clarification which made clear that: "[T]he Complaint [D.E. 1] seeks to hold the L**AW OFFICES OF CHARLES G. McCARTHY, JR. & ASSOCIATES**, *an artificial entity*, liable to Plaintiff for violation of the FDCPA and FCCPA" and **does not** seek to hold Mr. McCarthy, Jr. liable in his individual capacity. D.E. 21 p. 3 (emphasis in original).

It is, therefore, crystal clear that Plaintiff seeks to recover from the Law Office of Charles G. McCarthy Jr. & Associates and **not from Charles G. McCarthy, Jr. in his individual capacity**. Charles G. McCarthy, Jr. is, therefore, **NOT** a party to this action. Instead, the Defendant is the Law Office of Charles G. McCarthy Jr. & Associates.

However, the Law Office of Charles G. McCarthy Jr. & Associates has yet to have counsel licensed to practice in before this Court file a response to Plaintiff's Complaint but, instead, appears to be relying on the improper Answer and Affirmative defenses filed on March 30, 2017 by Charles G. McCarthy, Jr. **If the Law Office of Charles G. McCarthy Jr & Associates wishes to defend itself, it must do so either: (1) through counsel licensed to practice in the United States District Court for the Southern District of Florida; or (2) through counsel admitted to appear in this case** *pro hac vice***.** Accordingly, it is

ORDERED AND ADJUDGED as follows:

(1) The Motion to Allow Defendant Access to the Southern District of Florida's Electronic Filing System, D.E. 18, is DENIED.

(2) The e Answer filed by Charles G. McCarthy, Jr., on behalf of the Law Offices of Charles G. McCarthy, Jr. & Associates, D.E. 9, is HEREBY STRICKEN.

(3) Defendant Law Offices of Charles G. McCarthy Jr. & Associates SHALL respond to Plaintiff's complaint, **either through counsel licensed to practice before the United States District Court for the Southern District of Florida OR through counsel admitted to appear in this case** *pro hac vice*, no later than **Monday, May 8, 2017.**

(4) **Failure to file an Answer in compliance with this Order will result in entry of default against Defendant Law Offices of Charles G. McCarthy Jr. & Associates without further notice.**

DONE AND ORDERED this 28th day of April, 2017.

_____
U.S. District Judge

copies provided: counsel of record

courtesy copy provided to: Charles G. McCarthy, Jr., Law Offices of Charles G. McCarthy, Jr. & Associates, 707 North East Street Suite Two Bloomington, IL  61701

4