UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-CV-60471-UU

GRIFFEN LEE,

    Plaintiff,

v.

CHARLES G. MCCARTHY, JR. d/b/a
LAW OFFICE OF CHARLES G. MCCARTHY
JR. & ASSOCIATES,

    Defendant.

_____/

## JOINT PLANNING & SCHEDULING REPORT

Pursuant to Fed. R. Civ. P. 26(f) and Local Rule 16.1.B of the United States District Court for the Southern District of Florida, by and through the undersigned counsel, Plaintiff GRIFFEN LEE and Defendant LAW OFFICE OF CHARLES G. MCCARTHY JR. & ASSOCIATES (collectively, the "Parties"), files this Joint Scheduling Report as follows:

### I.   COURT ORDERED RECITALS

(a)   *A PLAIN STATEMENT OF THE NATURE OF THE CLAIM AND ANY COUNTERCLAIMS, CROSS-CLAIMS, OR THIRD-PARTY CLAIM, INCLUDING THE AMOUNT OF DAMAGES CLAIMED AND ANY OTHER RELIEF SOUGHT.*

**Plaintiff:** Plaintiff claims Defendant violated 15 U.S.C §1692, the Fair Debt Collection Practices Act (the "FDCPA"), and Florida Statute §559.551, the Florida Consumer Collection Practices Act ("FCCPA"), by attempting to collect a debt from Plaintiff when Defendant was not registered to collect debts with the Florida Office of Financial Regulation. In particular, Plaintiff raises issue with the collection letter identified as Exhibit "C" in Plaintiff's complaint that Defendant had mailed to Plaintiff, whereby the source of Defendant's unlawful conduct is alleged to have stemmed from the collection letter identified as Exhibit "C" in Plaintiff's complaint due to Defendant's lack of licensure to collect debts" in the State of Florida.

**Defendant**:  Whether Plaintiff's interpretation of §559.551, Florida Statutes is in error in that Plaintiff claims that a law firm or an attorney is not authorized to represent a Florida licensed Debt Collection Agency in the State of Florida without the law firm or attorney first being licensed as a Florida debt collection agency with the Florida Office of Financial Regulation. Plaintiff asserts no violation of the statute other than the alleged failure of the law firm retained by a Florida licensed debt collection agency to similarly hold a Florida consumer collection agency registration prior to initiating any collection action within the State of Florida on behalf of its Florida licensed client.

Defendant: The FDCPA does not require or provide for licenses or registrations of debt collection agencies or their legal counsel, only compliance with the substantive provisions of the legislation, which Plaintiff does not allege any such violations.

Defendant: Defendant asserts that separate and independent licensure of a licensed client's legal counsel, is outside the interpretation of 15 U.S.C. § 1692, the Fair Debt Collection Practices Act ("FDCPA"), and Florida Statutes §559.551, and are beyond the scope of the legislation. Defendant asserts that Plaintiff's interpretation of Florida Statutes §559.551 is an unfair restraint of trade on all attorneys and their clients, is unconstitutionally broad in its interpretation of Florida law, and that such broad interpretation of Florida's statute results in a tariff upon the practice of law which is unconstitutional by violating the balance of powers in an attempt to expand the authority of the legislative and executive branch of Florida's government by denying an individual's access to the courts or to the client's choice of legal representation.

Defendant: Plaintiff's broad interpretation of the Florida statute ignores the long-established agency relationship and results in an unconstitutional denial of due process to Florida licensed Debt Collection Agencies (denying their access to their choice of legal representation), and thereby creating an unfair restraint of trade by licensed professionals properly engaged in business within the legislation's substantive provisions. Requiring legal counsel of Florida licensed consumer collection agencies to be separately licensed under Florida Statutes §559.551 constitutes an unfair restraint of trade (imposing unfair conditions upon a select group of professionals not intended to be taxed under the legislation). Furthermore, Plaintiff's interpretation of §559.551, F.S., in effect imposes an excise tax in the form of a license/registration fee upon any attorney or law firm seeking to accept a legal engagement in the State of Florida with a duly licensed Florida debt collection agency, even though Plaintiff alleges no violations of the substance of the legislation. Defendant further asserts that the agency relationship between the Defendant law firm and its client, a properly licensed Florida debt collection agency, enables Defendant to represent its client when Defendant does not violate any substantive provisions of the fair debt collection practices legislation.

Defendant:  A further issue is whether the Florida legislation authorizes the imposition of license fees on any and all agents of all Florida licensed debt collection agencies, and whether every state in the United States of America can deny licensed collection agencies the right to seek any agency relationships in the lawful performance of its duties without

first tendering to such state agencies separate license fees for each of its agents and legal counsel. This would cripple the lawful practice of debt collection by enabling every state within the Unites States to impose its own fees, excise taxes and tariffs on every agent of a licensed consumer collection agency, which would be an unreasonable restraint of trade.

(b)   **A BRIEF SUMMARY OF THE FACTS WHICH ARE UNCONTESTED OR WHICH CAN BE STIPULATED TO WITHOUT DISCOVERY.**

   (1)   Defendant's client is a debt collector governed by the FDCPA;

   (2)   Defendant's client is a debt collector governed by the FCCPA; and, Defendant's client is a proper legally licensed consumer collection agency under §559.551 with the Florida Office of Financial Regulation.

   (3)   The debt at issue is a consumer debt as defined by the FDCPA and is otherwise a debt governed by the FDCPA and FCCPA;

   (4)   Plaintiff is a consumer within the meaning of the FDCPA;

   (5)   Defendant, on behalf of Defendant's client, mailed Exhibit "C" of Plaintiff's filed complaint to Plaintiff in an attempt to collect the debt at issue;

   (6)   Defendant knew Defendant was not a licensed consumer collection agency with the State of Florida, but that Defendant's client is a proper and legally licensed consumer collection agency with the State of Florida.

(c)   **A BRIEF SUMMARY OF THE ISSUES AS PRESENTLY KNOWN.**

   *PLAINTIFF AND DEFENDANT: IS A LAW FIRM OR ATTORNEY, RETAINED BY A PROPERLY LICENSED FLORIDA CONSUMER COLLECTION AGENCY, ALLOWED TO CONTACT A DEBTOR IN THE STATE OF FLORIDA IN A COLLECTION MATTER WITHOUT FIRST OBTAINING ALL OF THE FLORIDA LICENSES AND REGISTRATIONS THAT SUCH CLIENT HAS OBTAINED?*

   *DEFENDANT: DOES FLORIDA STATUTES §559.551 DENY A LAW FIRM OR ATTORNEY THE RIGHT TO REPRESENT A CLIENT WHO IS A FLORIDA LICENSED CONSUMER COLLECTION AGENCY, WITHOUT SUCH LAW FIRM OR ATTORNEY FIRST OBTAINING ALL SUCH FLORIDA LICENSES AND REGISTRATIONS? IF SO, IS SUCH A BROAD INTERPRETATION UNCONSTITUTIONAL OR AN UNREASONABLE RESTRAINT OF TRADE?*

(d)   **WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES OR LIMITED TO PARTICULAR ISSUES.**

The Parties do not believe discovery should be conducted in phases or limited to particular issues.

(e)     *A DETAILED SCHEDULE OF DISCOVERY FOR EACH PARTY.*

| September 22, 2017 | The Parties shall exchange expert witness summaries and reports as required by Local rule 16.1K |
|---|---|
| October 3, 2017 | The Parties shall exchange written lists containing the names and addresses of all witnesses intended to be called at trial and only those witnesses listed shall be permitted to testify |
| October 18, 2017 | The Parties exchange rebuttal expert witness summaries and reports as required by Local Rule 16.1K. |
| November 7, 2017 | All discovery, including expert discovery, shall be completed |

(f)     *PROPOSED DEADLINES FOR JOINDER OF OTHER PARTIES AND TO AMEND THE PLEADINGS, TO FILE AND HEAR MOTIONS AND TO COMPLETE DISCOVERY.*

**Joinder:**     The Parties suggest a deadline for filing of any amendments to the pleadings or joinder to occur no later than: **June 30, 2017**

**Motions:**     The Parties propose the following deadline for the filing of all dispositive motions:   **November 7, 2017**

**Discovery:**     The Parties suggest the following cutoff for fact discovery and expert discovery: **November 7, 2017**

(g)     *PROPOSED APPROXIMATE DATES FOR FINAL PRE-TRIAL CONFERENCES AND TRIAL.*

Final pretrial conference:     **December 1, 2017**

Trial:   **January 1, 2018**

(h)     *THE PROJECTED TIME NECESSARY FOR TRIAL AND A STATEMENT OF WHETHER THE CASE IS JURY OR NON-JURY TRIAL.*

> The Parties believe that trial will take approximate **(2) DAYS**, and the Plaintiff has requested a jury trial.

(i)     *A LIST OF ALL PENDING MOTIONS, WHETHER EACH MOTION IS "RIPE" FOR REVIEW, THE DATE EACH MOTION BECAME RIPE, AND A SUMMARY OF THE PARTIES' RESPECTIVE POSITIONS WITH RESPECT TO EACH RIPE MOTION.*

> The Parties have no motions pending at this time.

(j)     *ANY UNIQUE LEGAL OR FACTUAL ASPECTS OF THE CASE REQUIRING SPECIAL CONSIDERATION BY THE COURT.*

> Currently, the Plaintiff is unaware of, nor does the Plaintiff anticipate, any factual or legal aspects unique to this Action which the Court is to be made aware.

> Defendant asserts issues of restraint of trade and defenses of agency relationship and unconstitutional issues concerning the Plaintiff's interpretation of §559.551, Florida Statutes, which the Plaintiff asserts provides for all attorneys and law firms to be separately licensed by the State of Florida prior to representing a Florida licensed consumer collection agency in a collection matter within the State of Florida.

(k)     *ANY POTENTIAL NEED FOR REFERENCES TO A SPECIAL MASTER OR MAGISTRATE.*

> Currently, the Plaintiff does not anticipate the need to refer any matter to a Special Master or Magistrate.

> Defendant anticipates that a Special Master or Magistrate may be needed to resolve the initial issue as to whether Plaintiff's interpretation of section 559.551, Florida Statutes, is correct in requiring all attorneys and law firms to be registered in the State of Florida as a consumer collection agency prior to providing any legal services to a Florida licensed consumer collection agency.  If such separate license is not required of all attorneys and law firms representing clients who are Florida registered consumer collection agencies, then should this complaint be dismissed forthwith since no violation of the substance of the law is alleged.

(l)     *THE STATUS AND LIKELIHOOD OF SETTLEMENT.*

> The Parties have agreed to keep settlement discussions open.

## II.     RULE 26(f)(3) – DISCOVERY PLAN

(a)     *WHAT CHANGES SHOULD BE MADE IN THE TIMING, FORM, OR REQUIREMENT FOR DISCLOSURES UNDER RULE 26(A), INCLUDING A STATEMENT OF WHEN INITIAL DISCLOSURES WERE OR WILL BE MADE:*

The Parties do not believe any changes should be made to required disclosures. The Parties agree to serve initial disclosure by:   **August 14, 2017.**

(b)   ***THE SUBJECTS ON WHEN DISCOVERY MAY BE NEEDED AND WHEN DISCOVERY SHOULD BE COMPLETED:***

The Parties anticipate taking discovery on the issues raised in the pleadings as permitted under the Federal and Local Rules. The Parties have agreed to assign the above referenced matter to the expedited case management track.

(c)   ***ANY ISSUES ABOUT DISCLOSURE OR DISCOVERY OF ELECTRONICALLY STORED INFORMATION, INCLUDING THE FORM OR FORMS IN WHICH IT SHOULD BE PRODUCED:***

The Parties will produce requested documents in paper or digital Adobe .PDF format.

(d)   ***ANY ISSUES ABOUT CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL-PREPARATION MATERIALS, INCLUDING – IF THE PARTIES AGREE ON A PROCEDURE TO ASSERT THESE CLAIMS AFTER PRODUCTION – WHETHER TO ASK THE COURT TO INCLUDE THEIR AGREEMENT IN AN ORDER:***

The Parties agree that the inadvertent disclosure of information protected by the attorney-client and/or work-product privilege shall not constitute a waiver of an otherwise valid claim of privilege.  A party that receives privileged information shall return it to the other party immediately upon discovery of the privileged information without retaining a copy. The Parties will comply with the Rules governing redaction of account and social security numbers.

(e)   ***OTHER ORDERS THE COURT SHOULD ISSUE UNDER RULE 26(C) OR RULES 16(B) AND (C):***

At this time, the Parties do not anticipate that they will require a Protective Order to limit the dissemination of confidential, proprietary and/or trade secret materials in this litigation; however, should this change, the Parties will submit a proposed Protective Order for entry by the Court. Should the Parties be unable to agree on any such Order, they may request the Court's assistance.

### III.   LOCAL RULE 16.1(b)(2) – CONFERENCE REPORT

(a)   ***THE LIKELIHOOD OF APPEARANCE IN THE ACTION OF ADDITIONAL PARTIES:***

At the present time, the Parties do not anticipate adding any additional Parties.

(b) *PROPOSALS FOR THE FORMULATION AND SIMPLIFICATIONS OF ISSUES:*

    The Parties agree to cooperate in trying to simplify the issues through discovery.

(c) *THE NECESSITY OR DESIRABILITY OF AMENDMENTS TO THE PLEADINGS:*

    At this time, the Plaintiff and Defendant anticipate amending the pleadings Any motion(s) to amend will be filed within the time frame set forth above.

(d) *THE POSSIBILITY OF OBTAINING ADMISSIONS OF FACT AND DOCUMENTS TO AVOID UNNECESSARY PROOF:*

    The Parties will attempt, in good faith, to obtain admissions of fact, make appropriate stipulations, and exchange documents which will avoid unnecessary proof in this action. The Parties will work to agree on authentication of relevant documents and reserving arguments as to interpretation of such documents, specifically, to documents which originated from each of the Parties and/or their respective representatives and/or employees. At this time, there is no need for any advance rulings with respect to admissibility of evidence.

(e) *SUGGESTIONS OF THE AVOIDANCE OF UNNECESSARY PROOF AND CUMULATIVE EVIDENCE:*

    The Parties, where possible and in good faith, shall attempt to streamline the presentation of evidence to advance the case to trial, and to minimize the duration of the proposed trial, as to those facts and evidence where there is no dispute.

DATED: May 17, 2017

Respectfully Submitted,

| | |
|---|---|
| /s/ Jibrael S. Hindi | /s/ Christine M. Moreno |
| **JIBRAEL S. HINDI, ESQ.** | **CHRISTINE M. MORENO, ESQ.** |
| Florida Bar No.: 118259 | Florida Bar No.: 436150 |
| E-mail: jibrael@jibraellaw.com | E-mail: moreno4law@gmail.com |
| THE LAW OFFICES OF JIBRAEL S. HINDI | CHRISTINE M. MORENO, ATTORNEY, PA. |
| 110 SE 6th Street, Suite 1744 | 4450 SE Federal Highway |
| Fort Lauderdale, Florida 33301 | Stuart, Florida 34997 |
| Phone: 954-907-1136 | Phone: 772-288-1020; Fax: 772-209-4000 |
| Fax: 844-542-7235 | |
| AND | AND |
| /s/ Thomas J. Patti | /s/ Charles G. McCarthy, Jr. |
| **THOMAS J. PATTI, ESQ.** | **CHARLES G. MCCARTHY, JR., ESQ.** |
| Florida Bar No.: 118377 | E-mail: charlie@mccarthy.net |
| E-mail: tpatti@thomasjohnlaw.com | LAW OFFICE OF CHARLES G. MCCARTHY, JR. AND ASSOCIATES |
| THOMAS-JOHN LAW, P.A. | |
| 110 SE 6th Street, Suite 1700 | 2100 Manchester Road |
| Fort Lauderdale, Florida 33301 | Suite 1450 |
| Phone: 954-543-1325 | Wheaton, IL 60187 |
| Fax: 954-507-9975 | Phone: 630-571-4126 |
| | |
| *CO-COUNSEL FOR PLAINTIFF* | *CO-COUNSEL FOR DEFENDANT* |