UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-CV-60471-UU

GRIFFEN LEE,

    Plaintiff,

vs.

CHARLES G. MCCARTHY, JR. d/b/a LAW
OFFICE OF CHARLES G. MCCARTHY
JR. & ASSOCIATES,

    Defendant.

_____/

## FIRST AMENDED ANSWER TO PLAINTIFF'S COMPLAINT, AFFIRMATIVE DEFENSES AND COUNTERCLAIM

Now comes the Defendant, The Law Office of Charles G. McCarthy, Jr. & Associates by and through its attorney, Charles G. McCarthy, Jr., and in response to the Plaintiff's Complaint, states as follows:

1. To summarize, MCCARTHY & ASSOCIATES has dispatched thousands of consumer debt collection letters and ultimately collected monies from Florida consumers without first obtaining a license' to collect consumer debts in the State of Florida as mandated by § 559.553 of the FCCPA.

   **ANSWER:** Defendant denies the multiple allegations contained in Paragraph one of the Complaint.

2. On March 30, 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the FDCPA. LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. March 30, 2010) ("We therefore hold that a

violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").

**ANSWER:** Defendant denies the conclusions of Paragraph two. Unequivocal means "not equivocal; not ambiguous; plain; clear." (Webster's New World Dictionary of the American Language, Second College Edition, © 1986), yet in the court's own language as quoted by Plaintiff, it says "failure to register *may*, in fact, support…" Emphasis added. Obviously, failure to register is not unequivocal.

3. Plaintiff maintains that MCCARTHY & ASSOCIATES'[sic] actions are both illegal and unconscionable. *See* Fla. Stat. § 559.785 (stating that it is a criminal misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering.").

   **ANSWER:** Defendant notes Fla. Stat. § 559.785 is misquoted and denies the legal and moral conclusions of Paragraph three.

4. With respect to the "Congressional findings and declaration of purpose" portion of the FDCPA, The United States Congress has declared:

   *(a) Abusive practices*

   There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.

   *(b) Inadequacy of laws*

>Existing laws and procedures for redressing these injuries are inadequate to protect consumers. 15 U.S.C. § 1692.

ANSWER: Plaintiff has correctly quoted portions of 15 U.S.C. § 1692 and thus requires no affirmation or denial from Defendant.

5. Accordingly, as set forth in more detail below, Plaintiff seek **[sic]** actual and statutory damages under the FDCPA for MCCARTHY & ASSOCIATES'**[sic]** unlawful conduct.

ANSWER: Defendant denies any unlawful conduct alleged in Paragraph five.

6. This Court has jurisdiction for all counts under 28 U.S.C. §§ 1331, 1337, 1367 and 15 U.S.C. § 1692k.

ANSWER: Defendant denies this court's jurisdiction. "The 'irreducible constitutional minimum of standing 'is that a plaintiff show (1) an 'injury-in-fact' that (2) is 'fairly . . . trace[able] to the challenged action of the defendant' and (3) is likely '... [to] be redressed by a favorable decision' in court." *ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters,* 645 F.3d 954, 958 (8th Cir. 2011) (alterations in original) (quoting *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61 (1992)). No injury in fact has been shown.

7. Venue in this District is proper because Plaintiff reside **[sic]** here and Defendant does business in this District.

ANSWER: Defendant has no personal knowledge of Plaintiff's official residency ("here") and therefore demands strict proof of the first allegation of Paragraph seven. Defendant denies the second allegation of Paragraph seven.

8. Plaintiff is an individual and a citizen of the State of Florida, residing in Broward County, Florida.

  **ANSWER:** Defendant has no personal knowledge of Plaintiff's official residency and therefore demands strict proof of the allegation of Paragraph eight.

9. MCCARTHY & ASSOCIATES is an individual and citizen of Illinois, residing at 17W233 Wallace Road, Wheaton, Illinois.

  **ANSWER:** Defendant denies the statement in Paragraph nine.

10. McCARTHY [sic] & ASSOCIATES is engaged in the collection debts with a principal place of business of 2100 Manchester Road Suite 1450, Wheaton, Illinois.

  **ANSWER:** Defendant denies the allegation in Paragraph 10.

11. MCCARTHY & ASSOCIATES engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

  **ANSWER:** Defendant denies the statements contained in Paragraph 11. Defendant's business is the practice of law.

12. At all times material, MCCARTHY & ASSOCIATES has been subject to the FCCPA. *See* In re Hathcock, 437 B.R. 696, 704 (Bankr. M.D. Fla. 2010) ("Unlike the FDCPA, the [FCCPA] applies not only to debt collectors but to *any persons collecting a consumer debt.*" (emphasis added)); *See, e.g.,* Heard v. Mathis, 344 So. 2d 651, 654 (Fla. 1st DCA 1977) (holding the FCCPA applied to "a private individual making an oral, non-interest bearing loan to a friend."); Schauer v. General Motors Acceptance Corp., 819 So. 2d 809, 812 n. 1 (Fla. 4th DCA 2002) (creditors are not exempt from FCCPA liability, whether it be direct or vicarious).

  **ANSWER:** Defendant admits to being subject the FCCPA.

13. The debt at issue (the "Consumer Debt") is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes.

ANSWER:  Defendant admits the statement in Paragraph 13.

14. The Consumer Debt is a "debt" governed by the FDCPA and FCCPA. *See* 15 U.S.C. §1692a (5); Fla. Stat. §559.55(6).

ANSWER:  Defendant admits Paragraph 14.

15. Plaintiff is a "consumer" within the meaning of the FDCPA. *See 15 U.S.0 §1692a(3)*.

ANSWER:  Defendant admits Paragraph 15.

16. On a date better known by MCCARTHY & ASSOCIATES, it began attempting collect [sic] the Consumer Debts from Plaintiff.

ANSWER:  Defendant denies the allegation in Paragraph 16.

17. On or about February 01, 2017, MCCARTHY & ASSOCIATES sent a collection letter to Plaintiff (the "Collection Letter") in an attempt to collect the Consumer Debt.

ANSWER:  Defendant admits Paragraph 17.

18. In the Collection Letter, MCCARTHY & ASSOCIATES identifies itself as a debt collector.

ANSWER:  Defendant admits Paragraph 18.

19. At no time has MCCARTHY & ASSOCIATES had the authority to collect, neither directly nor indirectly, any consumer debt in the State of Florida.

ANSWER: Defendant denies the allegation in Paragraph 19.

20. MCCARTHY & ASSOCIATES collection activities against Plaintiff constituted a criminal misdemeanor under Florida law. See, Fla. Stat. § 559.785.

ANSWER: Defendant denies the allegation in Paragraph 20.

21. Florida law specifically and unequivocally states: (*[a]fter January 1, 1994, no)*[sic] *person shall engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.* Fla. Stat. § 559.553(1).

    **ANSWER:** Plaintiff has incorrectly quoted Fla. Stat. § 559.553(1) which correctly states (unequivocally) "(1)   A person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration." As Plaintiff has incorrectly stated Fla. Stat. § 559.553(1), Defendant denies Plaintiff's original allegation in whole.

22. The FCCPA defines "consumer collection agency" as "any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts, which debt collector or business is not expressly exempted as set forth in s. 559.553(4)." Fla. Stat. § 559.55(7).

    **ANSWER:** Fla. Stat. § 559.55(7) does not define "consumer collection agency" and thus this Paragraph requires no affirmation or denial from Defendant; Plaintiff fails to allege any allegation of fact.

23. MCCARTHY & ASSOCIATES does not fall within any of the exemptions contained within Fla. Stat. § 559.553(4).

    **ANSWER:** Defendant denies the allegation in Paragraph 23.

24. MCCARTHY & ASSOCIATES is a "consumer collection agency" as defined by the FCCPA because it is a debt collector or business entity that solicits consumer debts for collection.

    **ANSWER:** Defendant denies the allegation in Paragraph 24.

25. The FCCPA regulates debt collectors "who use []**[sic]** any instrumentality of commerce within this state, whether initiated from within or outside this state, in any business the principal purpose of which is the collection of debts, **or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."** Fla. Stat. 559.55(6) (emphasis added); *see also,* <u>Collins v Erin Capital Management. LLC,</u> 290 F.R.D. 689, 701 (S.D. Fla. Mar 21, 2013) (order certifying FDCPA class action consisting of "(i) all persons (ii) whom were the subject of collection activity from Erin Capital (iii) in an attempt to collect a debt incurred for personal, family, or household purposes (iv) who incurred actual damages in the form of **direct, indirect, voluntary, or involuntary payment** arising from or attributable to Erin Capital's collection efforts (v) during the one year period prior to the filing of the original writ of garnishment in this action through the date of certification." (emphasis added))**[sic]**.

    **ANSWER:** Plaintiff has quoted a Florida Statute as well as case law, Plaintiff has failed to allege any issue of fact, and thus requires no affirmation or denial from Defendant.

26. Pursuant to Fla. Stat. § 559.553(1) and § 559.55(7), MCCARTHY & ASSOCIATES was required to be licensed as a consumer collection agency by the State of Florida.

    **ANSWER:** Defendant denies the allegation in Paragraph 26.

27. Since the Eleventh Circuit's holding in LeBlanc, at least two Judges in the Southern District of Florida have ruled that the filing of a lawsuit by an unlicensed debt collector violates the FDCPA. *See* Balthazor v. Security Credit Services, LLC, 2012 WL 171097, *3 (S.D. Fla., Jan. 20, 2012) (Cohn, J.); Collins v. Erin Capital Management, LLC, Case No. 1:12-cv-22839-CMA (S.D. Fla. 2013) (Altonaga, J.) (Order dated Oct. 28, 2013).

    **ANSWER:** Defendant has not filed any lawsuits and thus denies the applicability of Paragraph 27.

28. Based upon an online license search last conducted on March 03, 2017, at the website maintained by the Florida Office of Financial Regulation, MCCARTHY & ASSOCIATES has never been licensed to collect consumer debts in the State of Florida.

    **ANSWER:** Defendant admits the allegation in Paragraph 28.

29. Plaintiff maintains that MCCARTHY & ASSOCIATES unlicensed collection activity as being unlawful.

    **ANSWER:** Defendant denies any unlawful activity and states a conclusion of law. Defendant denies the allegation in Paragraph 29.

30. Defendant MCCARTHY & ASSOCIATES knew or should have known that it was not licensed as a Consumer Collection Agency yet Defendant never disclosed to any consumer that it was in fact a crime for MCCARTHY & ASSOCIATES to directly or indirectly collect upon the Consumer Debt.

    **ANSWER:** Defendant admits that Defendant knew Defendant was not licensed as a Consumer Collection Agency. Defendant denies the rest of the allegations in Paragraph 30.

31. The FDCPA has been construed by Federal Courts as a strict liability statute that is to be construed liberally so as to effectuate its remedial purpose. Russell v. Equifax A.R.S., 74 F.3d 30, 33 (2d Cir. 1996).

    **ANSWER:** Defendant admits the allegation in Paragraph 31.

32. At all times relevant, at the time Defendant sent the Collection Letter to Plaintiff, there was no enforceable obligation to make the payment and/or the payment was excused due to the illegality on the part of MCCARTHY & ASSOCIATES collection efforts. *See* Fla. Stat. § 559.785; *see also,* Fla. Stat. § 725.04 (abrogating defense of voluntary payment doctrine).

    **ANSWER:** Defendant denies the allegation in Paragraph 32.

33. The FDCPA is not an *exclusive* remedy — it is a *concurrent* one; the statute reads, "...a State law is not inconsistent with this subchapter if the protection such law affords any consumer is *greater* than the protection provided by this subchapter." 15 U.S.C. § 1692n; Cliff v. Payco General American Credits. Inc., 363 F.3d 1113. 1128 fn. I 1 (11th Cir. 2004) ("Without an express statement from the Secretary that the FDCPA is intended to be the *only* vehicle for protecting debtors from abusive and deceptive collection practices, we decline to hold that the Secretary implicitly intended to foreclose state law remedies.**[sic]**

    **ANSWER:** Plaintiff has added emphasis where none exists in the statute. U.S.C. § 1692n Defendant denies the legal conclusions Plaintiff has arrived at in Paragraph 33.

34. The FDCPA affirmatively acknowledges that state law remedies may be pursued concurrent with FDCPA remedies.") **[sic]** (emphasis in original); *see also,* Fabricant v.

Sears Roebuck. et al., 202 F.R.D. 310 (S.D. Fla. 2010) (certifying class based upon Truth in Lending Act as well as state law claim seeking disgorgement of funds).

**ANSWER:** Plaintiff has failed to include a case cite in the first "quote" and thus affirmation or denial from Defendant is impossible. The second case cite is not applicable to the "facts" thus far presented. Defendant denies all "allegations" if any, in Paragraph 34.

35. Any potential *bona fide* error defense which relies upon MCCARTHY & ASSOCIATES' **[sic]** mistaken interpretation of the legal duties imposed upon them by the FDCPA would fail as a matter of law. Jerman v. Carlisle. McNellie. Rini. Kramer & Ulrich, L.P.A., 130 S.Ct. 1605, 176 L. Ed. 2d 519 (2010).

**ANSWER:** Plaintiff has taken the position of arguing Defendant's response and is pure speculation. Defendant denies all "allegations" if any, in Paragraph 35.

36. Plaintiff incorporates the preceding Factual Allegations.

**ANSWER:** Plaintiff states a procedural fact that requires no affirmation or denial from Defendant. Defendant re-asserts and re-alleges its answers to Plaintiff's alleged prior factual allegations.

37. MCCARTHY & ASSOCIATES is liable to Plaintiff for its attempt to collect the Consumer Debt while unlicensed.

**ANSWER:** Plaintiff has stated a conclusion of law, which is not an allegation of fact, and inappropriate in the Complaint. Defendant denies that any such finding has ever been made by any Court of any jurisdiction. Defendant denies the "allegation" and demands strict proof thereof.

38. MCCARTHY & ASSOCIATES'[sic] failure to obtain a consumer debt collection license as mandated by Florida Statutes [sic] § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C. § 1692e and e(10) because attempting to collect a debt while not licensed as required by Florida law is a false, deceptive, and misleading practice.

    **ANSWER:** Plaintiff has stated a conclusion of law, which is not an allegation of fact and therefore is inappropriate in the Complaint. Defendant denies that any such finding has ever been made by any Court of any jurisdiction. Defendant denies the "allegation" and demands strict proof thereof.

39. MCCARTHY & ASSOCIATES'[sic] failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C. § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the debt.

    **ANSWER:** Plaintiff has stated a conclusion of law, which is not an allegation of fact and therefore is inappropriate in the Complaint. Defendant denies that any such finding has ever been made by any Court of any jurisdiction. Defendant denies the "allegation" and demands strict proof thereof.

40. MCCARTHY & ASSOCIATES'[sic] failure to obtain a consumer debt collection license as mandated by Florida Statutes § 559.553, while actively engaging in debt collection in the State of Florida, violated 15 U.S.C. § 1692e(5) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by

Florida law and claiming that it may collect money from a consumer is a threat to take action that cannot legally be taken. Moreover, actually collecting a debt while not licensed is also in violation of 15 U.S.C. § 1692e(5).

**ANSWER:** Plaintiff has stated a conclusion of law, which is not an allegation of fact and therefore is inappropriate in the Complaint. Defendant denies that any such finding has ever been made by any Court of any jurisdiction. Defendant denies the "allegation" and demands strict proof thereof.

41. Plaintiff respectfully demands a trial by jury on all issues so triable.

    **ANSWER:** Plaintiff is free to demand of this Court any legal action.

## AFFIRMATIVE DEFENSE I--AGENCY

Defendant states the following as Affirmative Defenses:

1. Defendant was retained by Forrest Recovery Services, LLC as an attorney.

2. Defendant identified his client as Forest Recovery Services LLC at the top of the single collection letter sent to the debtor, a copy of which was attached to the Complaint.

3. Defendant also identified Boca Raton Gastroenterolo as the "Original Creditor" immediately below Defendant's client.

4. Defendant is a legal agent of Forrest Recovery Services, LLC.

5. Forrest Recovery Services, LLC has registered (license number CCA9903188) with the State of Florida in accordance with the procedures of Florida Statute § 559.553.

6. Florida Statute § 559.553 does not require the registration of attorneys hired by their properly registered clients.

7. The requirement that all legal counsel of a duly licensed collection agency must also be licensed and registered is a duplicative registration.

8. Such a requirement is an unreasonable burden on all attorneys engaged in the practice of law who are hired by their properly licensed collection agency clients.

9. A distinction should be made between attorneys who purchase debt and then proceed to collect the debt as an owner of the debt, and attorneys who represent creditors as the creditor's legal agent.

10. The consumer debt in question is not the property of the Defendant, Law Office of Charles G. McCarthy, Jr. and Associates.

11. The consumer debt in question is not the property of Forrest Recovery Services, LLC.

12. The debt is owned by Boca Raton Gastroenterolo.

13. The debt is an uncontested obligation of the Plaintiff.

14. It is undisputed that there are no alleged violations of any collection practices.

## AFFIRMATIVE DEFENSE II—STATUTORY EXEMPTION

1. Florida statutes expressly provide for an exemption for out of state consumer debt collectors.

2. In *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, (11th Cir. March 30, 2010) which was cited in Plaintiff's complaint, the court stated:

   "An "out-of-state consumer debt collector" is defined by the FCCPA as:

   any person whose business activities in this state involve both collecting or attempting to collect consumer debt from debtors located in this state by means of interstate communication originating from outside this state and soliciting consumer debt accounts for collection from creditors who have a business presence in this state. For purposes of this subsection, a creditor has a business presence in this state if either the creditor or an affiliate or subsidiary of the creditor has an office in this state. FLA. STAT. § 559.55(8). Thus, pursuant to the statutory definition, the business activities of an "out-of-state consumer debt collector" must involve both "collecting or attempting to collect consumer debt . . ." and "soliciting consumer debt accounts for collection from creditors who have a business presence within [Florida]." *Id.* Consistent with the definition, the FCCPA exempts from registration "[a]ny out-of-state consumer debt collector who does not *solicit* consumer debt accounts for collection from credit grantors who have a business presence [within Florida]." *See* FLA. STAT. § 559.553(4)(h) (emphasis added)."

3. Florida Statute § 559.553(3)(h) states "[This section does not apply to:] An out-of-state consumer debt collector who does not solicit consumer debt accounts for collection from credit grantors who have a business presence in this state."

4. Plaintiff has failed to provide any evidence of Defendant's solicitation of consumer debt in Florida.

5. Defendant does not solicit consumer debt in Florida.

6. Defendant's client solicits consumer debt in Florida and is duly registered to do so. Plaintiff has demonstrated a knowledge of, and familiarity with, the Florida Debt Collection Statutes.

7. Plaintiff's attorney has been licensed for 18 months.

8. In that short time, Plaintiff's attorney has filed at least 78 cases in Federal Court identified under the FDCPA heading. (12 more cases are unidentified, and 54 more are identified as jurisdictional, presumably under the FDCPA).

9. By filing the current action, Plaintiff's attorney has demonstrated a disregard for the Florida statutes when Plaintiff knowingly filed against an out-of-state consumer debt collector who does not solicit consumer debt accounts for collection from credit grantors who have a business presence in this state.

## AFFIRMATIVE DEFENSE III – DENIAL OF DUE PROCESS

1. Plaintiff's asserted interpretation of FCCPA and FDCPA is unconstitutional in that it denies registered debt collection agencies the right to retain legal counsel of its choice in the performance of its duly licensed business activities.

2. An incorporated licensed debt collection agency is required to be represented by an attorney in any court proceeding.

3. To prohibit an incorporated licensed debt collection agency from choosing legal counsel of choice is unconstitutional.

4. The Plaintiff's interpretation of FCCPA and FDCPA denies due process to all incorporated licensed debt collection agencies.

5. Defendant, as identified by Plaintiff, is a fictitious name for a licensed attorney who practices in the representation of licensed debt collection companies as well as other legal services unrelated to debt collection.

6. Plaintiff's interpretation and attempted application of licensing requirements under FCCPA is unconstitutionally broad in that it denies Defendant the opportunity to provide legal services to all duly licensed debt collection agencies seeking the lawful enforcement and collection of consumer debts. Plaintiff has made no allegations of any violations of the debt collection *practices*. Plaintiff's interpretation of the FCCPA would deny any collection of the consumer debts by licensed collection agencies barred from obtaining legal counsel of their choice.

## COUNTERCLAIM—MALICIOUS PROSECUTION

1. Defendant reasserts and realleges allegations 1 through 9 of the Affirmative Defense II, as if restated herein.

2. Plaintiff's complaint is intended to harass Defendant rather than prosecute a violation of the FCCPA and/or the FDCPA.

3. To date, Plaintiff's attorney has filed 145 cases in Federal Court. 78 are identified under the FDCPA. (12 cases are unidentified, and 54 are identified as jurisdictional, presumably under the FDCPA).

4. Of these cases, 27 were voluntarily dismissed, 64 were settled, 12 were closed administratively, 16 were dismissed (other), two were statistically closed, and only 2 resulted in judgments, one of which was a default judgment.

5. Indeed, of the past 123 cases filed and not currently pending, only two have resulted in judgments, one of which was a default judgment.

6. Each and every communication from Plaintiff's attorney has requested a discussion of "settlement".

7. Plaintiff has no intention of litigating this action but rather to force the Defendant into settling the case to avoid costly litigation.

8. The fact that 121 cases have been "settled" or dismissed and only two have been litigated demonstrates a pattern of using the Federal Court system to force defendants into a costly trial or to "settle" to avoid the costs of litigation.

9. Even if all of the allegations of the complaint were to be true, there is no need to attach Defendant's home address and property tax statements in the filing of the complaint.

10. This is an obvious attempt to place the Defendant's home address in the public record.

11. Defendant has a right to privacy and to not have his home address published in the public record.

12. Plaintiff cited *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, (11th Cir. March 30,2010) in his original complaint using only the verbiage about failure to register with the State of Florida as being a violation. If Plaintiff had read the entire case, Plaintiff would have realized that Defendant was exempt from the statute.

13. This misrepresentation of the holding in *LeBlanc v. Unifund CCR Partners* is a deliberate harassment of Defendant by using the Court system to force Defendant into settling the case.

14. Defendant is, and at all times material to this action was, a resident of DuPage County, State of Illinois.

15. Plaintiff resides in Broward County, State of Florida.

16. On or about February 1, 2017, Defendant as legal counsel for Forest Recovery Services LLC (a duly licensed collection agency under the FCCPA), sent the letter attached to the Complaint to Plaintiff in the performance of its legal duties for its duly licensed client.

17. Defendant's collection letter and Defendant's actions in collection are not alleged to be any violation of any collection practices.

18. The entire crux of Plaintiff's Complaint is that a licensed collection agency is barred from retaining outside legal counsel, unless such legal counsel is separately licensed as a Florida debt collection agency.

19. Plaintiff's interpretation of FCCPA thwarts the lawful collection of the uncontested consumer debt, and bars the Defendant in its performance of its legal duty in representing its licensed debt collection agency in the lawful collection process, but denying such agency the right to retain legal representation of its choice without significant cost, expense and delay.

20. Plaintiff's interpretation of the FCCPA resulted in the prosecution of a complaint against the Defendant law firm for the lawful collection practice of sending a collection letter on behalf of its duly licensed client.

21. Plaintiff's interpretation of the FCCPA would deny the rights of the law firm from providing legal representation, and would deny the rights of the client from seeking enforcement of its property rights.

22. Defendant has suffered damages due to Plaintiff's malicious actions.

23. Because of Plaintiff's prosecution of the Complaint, Defendant was forced to incur additional legal fees of an on-going yet to be determined amount.

24. In the instant action, Plaintiff acted maliciously and with intent to injure Defendant. Thus Defendant is entitled to exemplary damages and punitive damages.

Respectfully submitted,

By:Christine M. Moreno, Esquire
Christine M. Moreno, Attorney, PA
Fla Bar No. 436150
For Defendant
4450 SE Federal Highway
Stuart, Florida 34997
Tel: (772) 288-1020;
E-Mail: moreno4law@gmail.com

By :/s/Charles G. McCarthy, Jr.
Law Offices of Charles G. McCarthy, Jr.and Associates
For Defendant
707 North East Street, Suite Two
Bloomington, IL  61701
Tel: 309-828-7000
E-mail: charlie@mccarthy.net

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

### CERTIFICATE OF SERVICE

I hereby certify that I electronically served The Law Offices of Jibrael S. Hindi, PLLC at jibrael@jibraellaw.com and Thomas John Law, P.A. @ tpatti@thomasjohnlaw.com on June 23, 2017 before 5:00 PM. This First Amended Answer, Affirmative Defenses & Counterclaim, was also filed with the Court.

By: Christine M. Moreno, Esquire
Christine M. Moreno, Attorney, PA
Fla Bar No. 436150
For Defendant
4450 SE Federal Highway
Stuart, Florida 34997
Tel: (772) 288-1020;
E-Mail: moreno4law@gmail.com

By :/s/Charles G. McCarthy, Jr.
Law Offices of Charles G. McCarthy, Jr.and
Associates
For Defendant
707 North East Street, Suite Two
Bloomington, IL 61701
Tel: 309-828-7000
E-mail: charlie@mccarthy.net