UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17cv60471-UU

GRIFFEN LEE,

    Plaintiff,

v.

CHARLES G. MCCARTHY, JR. d/b/a LAW OFFICE OF CHARLES G. MCCARTHY JR. & ASSOCIATES,

    Defendant.

_____/

**PLAINTIFF'S (1) MOTION FOR JUDGMENT ON THE PLEADINGS,
OR, IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT;
(2) MOTION TO DISMISS DEFENDANT'S COUNTER CLAIM; AND
<u>(3) INCORPORATED MEMORANDUM OF LAW</u>**

Plaintiff GRIFFEN LEE ("Plaintiff"), by and through undersigned counsel, moves for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure against Defendant CHARLES G. MCCARTHY, JR. d/b/a LAW OFFICE OF CHARLES G. MCCARTHY JR. & ASSOCIATES, ("CGM LAW"). Plaintiff also moves to dismiss CGM LAW 's counterclaim for failure to state a claim upon which relief may be granted under Rule 12(b)(6).

**INTRODUCTION & PROCEDURAL HISTORY**

1.    On March 04, 2017, Plaintiff filed the Complaint [D.E. 1] against CGM LAW alleging CGM LAW violated §§ 1692e, e(2)(a), e(5), and e(10) of the Fair Debt Collection Practices Act (the "FDCPA") and § 559.553 of the Florida Consumer Collection Practices Act (the "FCCPA") by attempting to collect a debt, by and thought a collection letter [D.E. 1-6] (the

"Collection Letter"), from Plaintiff without first obtaining a license[1] to collect consumer debts in the State of Florida as mandated by § 559.553 of the FCCPA.

2. Plaintiff maintains that CGM LAW'S actions are both illegal and unconscionable. *See* Fla. Stat. § 559.785 (stating that it is a criminal misdemeanor for "any person not exempt from registering to engage in collecting consumer debts in this state without first registering.").

3. On April 12, 2017, in accordance with this Court's Order Requiring Response [D.E. 19], Plaintiff filed a Statement of Clarification [D.E. 21], wherein Plaintiff clarified that the Complaint [D.E. 1] "seeks to hold the **LAW OFFICES OF CHARLES G. McCARTHY, JR. & ASSOCIATES**, *an artificial entity*, liable to Plaintiff for [all alleged violations] of the FDCPA and FCCPA" set forth in the Complaint. *See* D.E. 21 at 3, ¶ 12.

4. On May 10, 2017, CGM LAW filed its Answer [D.E. 26] to the Complaint.

5. On May 24, 2017, the Court issued its Scheduling Order for Pretrial Conference and Trial [D.E 32], wherein the Court set June 23, 2017, as the cut-off for amending the pleadings.

6. On June 23, 2017, CGM LAW filed an Amended Answer [D.E. 37] which added the single counter-claim which Plaintiff, *inter alia*, now seeks to dismiss though this Motion.

7. As set forth in more detail below, CGM LAW, by and through its Amended Answer [D.E. 37] and the Collection Letter [D.E. 1-6],[2] has explicitly admitted to having violated the FDCPA and FCCPA as plead and Plaintiff is entitled to judgment as a matter of law. Also, as set

---

[1] The FCCPA utilizes the word *register* and/or *registration*. The term *license and/*or *licensure* utilized throughout this entire filing is intended to convey the same meaning as the FCCPA's use of the term *register* and/or *registration* in Fla. Stat. § 559.553.

[2] Additional documents and/or public records not originally included in the Complaint [D.E. 1], of which bolsters Plaintiff's entitlement to judgment as a matter of law, is attached hereto as an exhibit and discussed in-kind below.

forth below, the alleged counter-claim contained within CGM LAW's Amended Answer [D.E. 37 at 16-19, ¶¶ 1-24][3] fails to state a plausible claim for relief, and thus, should be dismissed.

## MEMORANDUM OF LAW

### I. STANDARD FOR MOTION FOR JUDGMENT ON THE PLEADINGS

8.  A party may move for judgment on the pleadings under Rule 12(c) where "no issue of material fact exist, and the moving party is entitled to judgment as a matter of law based on the substance of the pleadings and any judicially noticed facts." Cunninghan v. Dist. Att'ys Office for Escambia Cnty., 592 F.3d 1237, 1255 (11th Cir. 2010). The Court should accept as true all factual allegations in the answer and all factual allegations from the complaint that the defendant admits or fails to deny. Nat'l Metro. Bank v. United States, 323 U.S. 454, 456-57 (1945); United Staes v. Blumenthal, 315 F.2d 351, 353 (3d Cir. 1963). This Court's records are judicially noticeable as they are generally public records. United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987) ("A court may take judicial notice of its own records and the records of inferior courts.").

9.  When considering a motion for judgment on the pleadings, the Court should consider all allegations of the party moving for judgment on the pleadings that have not been contested to be true, and all allegations that have been denied to be false. FED. R. CIV. P. 8(d); *see* Springer v. City of Atlanta, No. 1:05-CV-0713-GET, 2006 U.S. Dist. LEXIS 54326, at *4 (11th Cir. Aug. 4, 2006); U.S. v. Wood, 925 F.2d 1580 (7th Cir. 1991) (noting that "all uncontested allegations to which the parties had an opportunity to respond are taken as true") (citations omitted); Parker v. DeKalb Chrysler Plymouth, 459 F. Supp. 184, (N.D. Ga. 1978), aff'd, 673 F.2d

---

[3] On June 26, 2017, CGM LAW filed an Unopposed Motion to Strike [D.E. 39] *certain portions of the Amended Complaint [D.E. 37]*, of which the Court promptly granted. Any page(s) or paragraph(s) of the Amended Answer cited throughout this Filing references the Amended Answer as it was on June 23, 2017.

1178 (11th Cir. 1982) (deeming uncontested allegations in the moving party's pleading admitted) (*citing* Stanton v. Larsh, 239 F.2d 104 (5th Cir. 1956)).

10. Thus, when a defendant fails to deny the factual allegations of a complaint, those allegations are admitted, establishing the facts of the plaintiff's case and entitling the plaintiff to judgment as a matter of law. Fed. R. Civ. P. 8(d); Burlington N. R.R. Co. v. Huddleston, 94 F.3d 1413, 1415 (10th Cir. 1996) ("By failing to submit an answer or other pleading denying the factual allegations of Plaintiffs complaint, Defendant admitted those allegations, thus placing no further burden upon Plaintiff to prove its case factually.").

### CONSIDERATION OF DOCUMENTS OUTSIDE THE PLEADINGS

11. A motion for judgment on the pleadings is converted into a motion for summary judgment should the court choose to consider materials outside the pleadings. Fed.R.Civ.P. 12(d); *but see* (exhibits attached to a complaint are considered part of the pleadings). A court may, however, consider documents not otherwise included in the pleadings, but attached to a *motion for judgment on the pleadings*, without converting it into a motion for summary judgment if the documents are: (1) central to the plaintiffs claim; *and* (2) the authenticity of the documents are not challenged. Day v. Taylor, 400 F.3d 1272, 1276 (11th Cir. 2005).

12. Courts conduct a fact-sensitive analysis to determine whether documents are "central" to a plaintiff's claim, whereby the court will consider factors such as: (1) whether the claims depend on the documents, *see* Bolero v. South Florida Pain & Rehabilitation Center Corp., Inc., 2012 WL 3614329, at *3 (S.D. Fla. Aug. 21, 2012); (2) whether the contents of the documents are alleged in the complaint, *see* In re Silicon Graphics Inc. Securities Litigation, 183 F.3d 970, 986 (9th Cir. 1999); and/or (3) whether the documents form a "necessary part of [the plaintiff's]

effort to make out [his or her] claim." Day, 400 F.3d at 1276; *see, e.g.,* Horsley v. Felt, 304 F.3d 1125, 1134–35 (11th Cir. 2002).

## II.     STANDARD FOR MOTION FOR SUMMARY JUDGMENT

13.     Summary judgment is appropriate when "the pleadings ... show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

14.     The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (*quoting* Anderson, 477 U.S. at 251-52).

15.     As a general rule, the Court may not weigh conflicting evidence when considering a motion for summary judgment. *See* Skop v. City of Atlanta, 485 F.3d 1130, 1140 (11th Cir. 2007). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). CompuLife Software, Inc. v. Binyomin Rutstein, 2017 WL 2813840, at *2 (S.D. Fla. June 29, 2017).

**III.     STANDARD FOR MOTION TO DISMISS COUNTERCLAIM**

16.     To survive a motion to dismiss, a pleading must include a "'short and plain statement showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). A counterclaim must be asserted as part of a pleading. *See* Fed. R. Civ. P. 13(a)(1), (b) (pleadings must state counterclaim). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. Id. at 678 (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Mere naked assertions, too, are not sufficient. Id. A complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." Id. (*quoting* Twombly, 550 U.S. at 555). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The court, however, is not bound to accept as true a legal conclusion stated as a "factual allegation" in the complaint. Id. at 678. Therefore, "only a claim that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

**IV.     LAWS GOVERNING THE COLLECTION OF CONSUMER DEBT**

17.     The Fair Debt Collection Practices Act (the "FDCPA") "is a consumer protection statute that 'imposes open-ended prohibitions on, *inter alia,* false, deceptive, or unfair" debt-collection practices. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1257 (11th Cir. 2014) (*quoting* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 587 (2010).

18.     "Congress enacted the FDCPA after noting abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." Brown v. Card Serv. Ctr., 464 F.3d 450 (3rd Cir. 2006) (internal quotations omitted); *See, e.g.*, Id. at 453 (quoting

15 U.S.C. §1692(a)) ("Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.").

19. "The FDCPA establishes a strict liability standard; a consumer need not show an intentional violation of the Act by a debt collector to be entitled to damages." Drossin v. Nat'l Action Fin. Servs., 641 F.Supp.2d 1314 (S.D. Fla. 2009). "A single violation of the Act is sufficient to subject a debt collector to liability under the Act." Id. at 1316. Similarly, the FCCPA "is to be construed in a manner that is protective of the consumer," Laughlin v. Household Bank, LTD., 969 So.2d 509, 513 (Fla. 1st DCA 2007).

20. Following the enactment of the FDCPA, the Florida Legislature enacted the Florida Consumer Collection Practices Act (the "FCCPA") to "further define[] and protect[] an individual's right of privacy." Fla. Stat. §559.552. The FCCPA "is a Florida state analogue to the federal FDCPA, and both statutes are intended to eliminate abusive practices used by debt collectors." Garrison v. Caliber Home Loans, Inc., 2017 WL 89001, at *1 (M.D. Fla. Jan. 10, 2017) (*citing* 15 U.S.C. § 1692a(6) & Fla. Stat. § 579.72); *quoting* Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 836 (11th Cir. 2010)).

21. The FCCPA operates to overlap and expand FDCPA, and "any discrepancy between the [FDCPA and FCCPA] should be construed as to provide the consumer (or debtor) the greatest protection." Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 (S.D. Fla. Feb. 2, 2011). Further, in determining the relief available to a consumer for violation of the FCCPA, "due consideration and great weight shall be given to the interpretations of… federal counts related to the [FDCPA]." Fla. Stat., §559.77(5).

22. "To state a claim for violation of the FDCPA and FCCPA, Plaintiff must set forth sufficient factual allegations to raise plausible inferences that: (1) Defendant is a debt collector;

(2) Plaintiff was 'the object of collection activity arising from consumer debt;' and (3) Defendant engaged in an act or omission prohibited by the FDCPA or FCCPA." Garrison v. Caliber Home Loans, Inc., 2017 WL 89001, at *4 (M.D. Fla. Jan. 10, 2017); Pescatrice v. Orovitz, P.A., 539 F.Supp.2d 1375, 1378 (S.D.Fla.2008).

V.    ARGUMENT

A.    **PLAINTIFF IS ENTITLED TO JUDGMENT AS A MATTER OF LAW BECAUSE (1) DEFENDANT IS A DEBT COLLECTOR; (2) PLAINTIFF WAS THE OBJECT OF COLLECTION ACTIVITY ARISING FROM A CONSUMER DEBT; AND (3) DEFENDANT ENGAGED IN CONDUCT PROHIBITED BY THE FDCPA AND FCCPA.**

23.    "The FDCPA and FCCPA define a 'debt collector,' in relevant part, as one who engages 'in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" Kinlock v. Wells Fargo Bank, N.A., 636 Fed. Appx. 785, 787 (11th Cir. 2016) (quoting 15 U.S.C. § 1692a(6); Fla. Stat. § 559.55(7)). In simplest terms, a "debt collector" under the FDCPA and FCCPA is "***any person who regularly collects debts owed or due or asserted to be owed or due another***." Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1258 (11th Cir. 2014) (quoting 15 U.S.C. § 1692a(6)).

24.    As twice iterated by the Eleventh Circuit, "'[a]s long as the transaction creates an obligation to pay, a debt [*as defined by the FDCPA*] is created.'" Brown v. Budget Rent–A–Car Sys., Inc., 119 F.3d 922, 924 (11th Cir. 1997) (*quoting* Bass v. Stolper, Koritzinsky, Brewster & Neider, S.C., 111 F.3d 1322, 1325 (7th Cir.1997)); *see also* Oppenheim v. I.C. Sys., Inc., 627 F.3d 833, 837 (11th Cir. 2010) (wherein the Eleventh Circuit explicitly reiterated this definition of "debt", stating "***[t]his Court previously has recognized the broad scope of 'debt' in the FDCPA***,

agreeing with the Seventh Circuit that '[a]s long as the transaction creates an obligation to pay, a debt is created.'" (citations omitted)).

25. In the Collection Letter, CGM LAW states: "*The following Validation Notice is required by law to advise you of the following facts regarding this account…*" D.E. 1-6 (emphasis added). The so-called "Validation Notice" CGM LAW attempts to provide that which debt collectors – *and exclusively debt collectors* – are "*required by law*" to provide. *See* 15 U.S.C. § 1692g(a) (exclusively obligating debt collectors, as defined by the FDCPA, to provide consumers with certain disclosures and bits of information during the debt collector's initial attempt to collect a debt); *see also* 15 U.S.C. § 1692a(6) (defining a "debt collector" as "any person who regularly collects debts owed or due or asserted to be owed or due another").

26. Also in the Collection Letter, CGM LAW states: "*[t]his communication is from a debt collector. The Purpose of this letter is to collect a debt and any information will be used for that purpose*." *See* D.E. 1-6.

27. On the bottom-right portion of the Collection Letter, CGM LAW directs the consumer to www.mccarthylf.com (the "Website" or "Defendant's Website") to "*review* [his or her] *account and other payment options." click on Make a Payment to review your account and other payment options*." *See* D.E. 1-6. Two screenshots of Defendant's Website (generated on July 03, 2017) are attached hereto as Exhibit "A" ("Website Screenshots").

28. The following statement is made on the homepage of Defendant's Website:

> At the law office of Charles G. McCarthy Jr. and Associates, our clients come first. Every client is treated with courtesy and is guaranteed effective and aggressive representation. *Our expertise and integrity have earned us a reputation as a **leader in the Legal Debt Collection Industry.***

*see* Website Screenshots at 1. According to the Internet Archive[4], this statement has existed on Defendant's Website since September 03, 2013.[5]

29.     The "TERMS OF USE" tab at the top of Defendant's Website directs the consumer to a series of disclosures, wherein CGM LAW (again) states: "*[t]his communication is from a Debt Collector*" and repeats the so-called "*Validation Notice*" proffered in the Collection Letter. *See* Website Screenshots at 2; D.E. 1-6. According to the Internet Archive, again, this statement has existed on Defendant's Website since September 03, 2013.[6]

30.     In its Amended Answer [D.E. 37], CGM LAW explicitly admits, without reservation, that:

  (a) "At all times material, [CGM LAW] has been subject to the FCCPA." *See* D.E. 37 at 4, ¶ 12;

  (b) "The debt at issue (the 'Consumer Debt') is a financial obligation Plaintiff incurred primarily for personal, family, or household purposes." *See* D.E. 37 at 4, ¶ 13;

  (c) "The Consumer Debt is a 'debt' governed by the FDCPA and FCCPA." *See* D.E. 37 at 5, ¶ 14 (*citing* 15 U.S.C. § 1692a(5); Fla. Stat. § 559.55(6));

  (d) "Plaintiff is a 'consumer' within the meaning of the FDCPA," *See* D.E. 37 at 5, ¶ 15 (*citing* 15 U.S.C. § 1692a(3)).

  (e) "On or about February 01, 2017, [CGM LAW] sent a collection to Plaintiff (the 'Collection Letter') in an attempt to collect the Consumer Debt." *See* D.E. 37 at 5, ¶ 17; and

---

[4] "The Internet Archive, a 501(c)(3) entity formed in 1996, provides a well-known Internet service, referred to in the on-line community as the 'Way-Back Machin' at www.archive.org. Archive.org is an 'Internet library, with the purpose of offering permanent access for researchers, historians, and scholars to historical collections that exist in digital format.' Archive.org records copies of internet websites as they exist from time to time, allowing a historical review of the Internet as it appeared on specified dates." Carole MOLLOY, v. RK NETMEDIA, INC. et al., 2009 WL 4726967 (S.D.Fla.) (footnotes omitted).

[5] *See* https://web.archive.org/web/20130917205511/http://mccarthylf.com:80/Terms_of_Use.html

[6] *See* http://www.archive.org at web.archive.org/web/20130902123306/http://mccarthylf.com/

   (f) "In the Collection Letter, [CGM LAW] identifies itself as a debt collector." *See* D.E. 37 at 5, ¶ 18.

31. In a separate proceeding (Case No. 1:09-CV-01370), wherein an action had been brought against CGM LAW for violation of the FDCPA, CGM LAW filed an answer explicitly admitting it was a debt collector governed by the FDCPA. A complete copy of this answer (the "Porter Answer") is attached hereto as Exhibit "B."

32. In the Porter Answer, ***CGM LAW explicitly admitted***, without reservation, that:

> **[CGM LAW] uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).**

Porter Answer at 5-6, ¶ 9 (emphasis added).

33. Attorneys qualify as debt collectors for purposes of the FDCPA when they regularly engage in consumer debt collection. Heintz v. Jenkins, 514 U.S. 291 (1995); *see* Agan v. Katzman & Korr, P.A., 2004 WL 555257 (S.D. Fla. Mar. 16, 2004) (holding that an attorney can be a debt collector under the FDCPA if he regularly engages in consumer debt collection activity).

34. Accordingly, as the above makes *overwhelmingly* clear, CGM LAW is a debt collector governed by the FDCPA and FCCPA. CGM LAW operates as a debt collector, holds itself out as being a debt collector, and above all, explicitly admits to being a debt collector. Thus, the first prong, *i.e.*, whether "*Defendant is a debt collector*," is resoundingly answered in the affirmative. Garrett v. Derbes, 110 F.3d 317, 318 (5th Cir.1997) (a person may "regularly" collect debts even if debt collection is not the principal purpose of his business); Stojanovski v. Strobl & Manoogian, 783 F. Supp. 319 (E.D. Mich. 1992) (law firm which collected debts only 4% of the time was a "debt collector" because such activity was regular and brought law firm within the

meaning of "debt collector" as defined by the FDCPA); Littles v. Lieberman, 90 B.R. 700 (E.D. Pa. 1988) (attorney in general practice covered by FDCPA where that practice included a minor but regular debt collection practice); Crossley v. Lieberman, 90 B.R. 682 (E.D. Pa. 1988). aff'd, 868 F.2d 566 (3d Cir. 1989) (FDCPA applies to an attorney whose collection work is a minor but regular part of his general practice).

35. With respect to the second prong, i.e., whether "*Plaintiff was the object of collection activity arising from a consumer debt*," this too is answered in the affirmative by CGM LAW's own admission in the Amended Answer [D.E. 37], namely, CGM LAW's admission that: (a) "**[t]he Consumer Debt is a 'debt' governed by the FDCPA and FCCPA**, D.E. 37 at 5, ¶ 14; and (b) CGM LAW's admission that it "sent [the Collection Letter] to Plaintiff in an attempt to collect the Consumer Debt," D.E. 37 at 5, ¶ 17.

36. The third and final prong, *i.e.*, whether "*Defendant engaged in conduct prohibited by the FDCPA and FCCPA*," turns on whether CGM LAW violated § 559.553 of the FCCPA, of which reads, in relevant part:

> A person may not engage in business in this state as a **consumer collection agency** or continue to do business in this state as a **consumer collection agency** without first registering in accordance with this part, and thereafter maintaining a valid registration.

Fla. Stat. § 559.553(1).

37. CGM LAW explicitly admits, without reservation, that: (a) "[CGM LAW] has never been licensed to collect consumer debts in the State of Florida," *see* D.E. 37 at 8, ¶ 28, and; (b) "[CGM LAW] knew [it] was not licensed as a Consumer Collection Agency," *see* D.E. 37 at 8, ¶ 30. Yet, despite these admission, CGM LAW believes it did not violate § 559.553(1) because it was not a "consumer collection agency." CGM LAW's belief, however, is premised on it *not* being a debt collector.

38. Pursuant to § 559.55 of the FCCPA:

> "Consumer collection agency" means *any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts*, which debt collector or business is not expressly exempted as set forth in [Fla. Stat. §] 559.553(3).

Fla. Stat. § 559.55(3). Considering the Collection Letter and admissions of record, let alone Defendant's Website, CGM LAW is clearly a *debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts*. Thus, the issue is whether CGM LAW falls within one of the exceptions carved out by Fla. Stat. § 559.553(3).

39. CGM LAW summarily claims that it falls within the "out-of-state consumer debt collector" exception, and thus, not subject to the FCCPA's registration requirement *See* Fla. Stat. § 559.553(3)(h) ("This section does not apply to…[a]n out-of-state consumer debt collector who does not solicit consumer debt accounts for collection from credit grantors who have a business presence in this state."). CGM LAW's exemption theory, however, was rejected by the Eleventh Circuit in <u>LeBlanc v. Unifund CCR Partners</u>, 601 F.3d 1185 (11th Cir. 2010), wherein the court stated, in relevant part:

> [P]ursuant to the statutory definition[7], the business activities of an "out-of-state consumer debt collector" must involve both "collecting or attempting to collect consumer debt ..." and "soliciting consumer debt accounts for collection from creditors who have a business presence within [Florida]." <u>Id</u>. Consistent with the definition, the FCCPA exempts from registration "[a]ny out-of-state consumer debt collector who does not ***solicit*** consumer debt

---

[7] *See* Fla. Stat. 559.55(11) ("Out-of-state consumer debt collector" means any person whose business activities in this state involve both collecting or attempting to collect consumer debt from debtors located in this state by means of interstate communication originating from outside this state and soliciting consumer debt accounts for collection from creditors who have a business presence in this state. For purposes of this subsection, a creditor has a business presence in this state if either the creditor or an affiliate or subsidiary of the creditor has an office in this state.).

> accounts for collection from credit grantors who have a business presence [within Florida]." See Fla. Stat. § 559.553(4)(h) (emphasis added).
>
> [Defendant]'s business activities clearly involve "collecting or attempting to collect consumer debt" from debtors located within Florida by means of interstate communication originating from outside of the state. The dunning letter sent by [defendant] to [plaintiff] expressly states its purpose as an attempt to collect a debt. In addition, the letter originated from outside the State of Florida and was sent via interstate communication, namely, the U.S. Mails.
>
> Although [defendant] claims that it does not engage in "soliciting consumer debt accounts," the record evidence supports the opposite conclusion. [citation omitted]. Though the statute does not define "soliciting," the term "solicitation" is defined as "[t]he act or an instance of requesting or seeking to obtain something; a request or petition" or "an attempt or effort to gain business." BLACK'S LAW DICTIONARY 1398 (7th ed.1999). [Defendant], as a debt collector, requests or seeks new clients from other creditors and then attempts to gain business by acquiring charged off consumer debt accounts. See McCorriston v. L.W.T., Inc., 536 F.Supp.2d 1268, 1278 (M.D.Fla.2008) (reasonable to infer that debt collector is in the business of "soliciting consumer debts for collection"). Accordingly, we find that [defendant] "solicits" consumer debt accounts.
>
> To the extent [defendant] represents that it does not itself have an office or business presence in Florida, the fact remains that Bank One, the original creditor and owner of [plaintiff]'s debt, is an affiliate of JP Morgan Chase. Under the statute, "a creditor has a business presence in this state if either the creditor *or an affiliate or subsidiary of the creditor* has an office in this state." Fla. Stat. § 559.55(8) (emphasis added). JP Morgan Chase has 290 offices in Florida. Because at least one Bank One affiliate has an office in Florida, [defendant] qualifies as an "out-of-state debt collector" within the meaning of the FCCPA.

LeBlanc, 601 F.3d 1185 at 1197–98.

40. Therefore, having established CGM LAW as falling squarely within the licensure requirements of Fla. Stat. 559.533(1), without exception, because CGM LAW did not possess a Consumer Collection Licenses as mandated by Florida Law, it violated (a) 15 U.S.C § 1692e and

e(10) because attempting to collect a debt while not licensed as required by Florida law is a false, deceptive, and misleading practice; (b) 15 U.S.C § 1692e(2)(A) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law constitutes a false representation of the character and legal status of the debt; and (c) 15 U.S.C § 1692e(5) because attempting to collect a debt and/or actually collecting a debt while not licensed as required by Florida law and claiming that it may collect money from a consumer is a threat to take action that cannot legally be taken.

**B.    THIS COURT SHOULD DISMISS DEFENDANT'S COUNTERCLAIM**

1. As stated above, to survive a motion to dismiss, a pleading must include a "'short and plain statement showing that the pleader is entitled to relief.'" Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). Labels, conclusions and formulaic recitations of the elements of a cause of action are not sufficient. Id. at 678. Mere naked assertions, too, are not sufficient. Id.

2. Under Twombly, a complaint will not be dismissed under Rule 12(b)(6) if two minimum hurdles are cleared: (1) the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests; and (2) the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising the possibility above a level of speculation. Twombly, 550 U.S. at 544-55.

41. Here, the counter-claim proffered by CGM LAW in the Amended Answer offers no recognizable basis or right to relief, whether it be statutory or common law, let alone a palatable cause of action. Further, the factual assertions made by CGM LAW appear to be that of Charles G. McCarthy Jr., individually, and not the fictions entity in which this action has been brought.

Accordingly, the current state of the counter-claim leaves Plaintiff bewildered as to the cause of action advanced by CGM LAW, and as a result, cannot formulate a response.

## VI.     CONCLUSION

42.     WHEREFORE, in light of the forgoing, taking into consideration the emphatic admissions of CGM LAW and public records, Plaintiff respectfully requests that this Court grant Plaintiff's motion for judgment on the pleadings, or, in the alternative, motion for summary judgment, as to Plaintiff's claims arising under 15 U.S.C. § 1692e, by and though CGM LAW's violation of Fla. Stat. § 559.553(1). Further, Plaintiff respectfully asks that this Court dismiss the alleged counter-claim contained within CGM LAW's Amended Answer, with prejudice, as it fails to state a plausible or recognizable claim for relief.

DATED: July 5, 2017

Respectfully Submitted,

 /s/ Jibrael S. Hindi
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax:    855-529-9540

AND

 /s/ Thomas J. Patti
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone: 954-543-1325
Fax:    954-507-9975
*COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on July 5, 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

     /s/ Jibrael S. Hindi                             .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259