UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17cv60471

GRIFFEN LEE,

      Plaintiff,

vs.

CHARLES G. MCCARTHY, JR. d/b/a LAW
OFFICE OF CHARLES G. MCCARTHY
JR. & ASSOCIATES,

      Defendant.

_____/

## DEFENDANT'S REPONSE & OPPOSING MEMORANDUM OF LAW IN RESPONSE TO PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS; MOTION FOR SUMMARY JUDGMENT; MOTION TO DISMISS DEFENDANT'S COUNTERCLAIM; AND INCORPORATED MEMORANDUM OF LAW

Defendant, The Law Office of Charles G. McCarthy, Jr. & Associates, by and through its attorney, Charles G. McCarthy, Jr., and in Defendant's Response and opposing memorandum of law in response to Plaintiff's Motion For Judgment On The Pleadings; Motion For Summary Judgment; Motion To Dismiss Counterclaim and Incorporated Memorandum of Law, hereby states as follows:

1. Defendant opposes Plaintiff's Motion for Judgment on the Pleadings as well as Plaintiff's Motion for Summary Judgment because the Plaintiff has failed to establish any violation of the substantive provisions of the FCCPA or the FDCPA.

2. Plaintiff's sole basis for initiating the instant action is Plaintiff's unauthorized attempt to step into the shoes of the Florida Attorney General, and assert Plaintiff's own broad interpretation of the registration requirements of the FCCPA.

3.  Plaintiff's authority to initiate this action, on the sole grounds of failure to register, when there is no violation of the substantive provisions of the FCCPA, is totally without merit in law.

4.  Plaintiff lacks any statutory authority to act on behalf of the Florida Attorney General and to erroneously expand the statutes in a manner as to make the statute's interpretation and application unjust and unconstitutional.

5.  The FCCPA clearly provides that any debt collector who fails to register "shall be subject to an enforcement action *by the state* as specified in section 559.565." See Florida Statutes Section 559.553(4).

6.  Plaintiff's instant action is frivolous and malicious in its very nature. Plaintiff is attempting to thwart the valid collection practices of a Florida registered consumer collection agency by attacking such agency's hired legal counsel.

7.  It is undisputed that Defendant's *client* is a Florida registered debt collector under the FCCPA.

8.  The pleadings clearly establish that defendant is the legal counsel for a Florida registered debt collector.

9.  It is further undisputed that there are no violations of the Fair Debt Collection Practices Act by either Defendant's client or Defendant.

10. Plaintiff's assertion that a Florida registered debt collector must retain ONLY legal counsel who is a Florida registered debt collector, and the mere failure to register of every legal counsel of a Florida registered debt collector, is an egregious violation of the FCCPA and consequently the FDCPA.

11. Such an argument is ludicrous and unconstitutionally broad and exceeds the original intent of the drafters of the FCCPA, which is to prevent abusive and harassing tactics in the collection of a consumer debt.

12. Defendant denies the statement made by Plaintiff in paragraph 7. At no time has Defendant ever "explicitly admitted to having violated the FDCPA and FCCPA as plead [sic]..."

13. Paragraph 19 of Plaintiff's Motion states that a violation, intentional or not, subjects the violator to liability under the FDCPA. Plaintiff has failed to submit any allegation or evidence of a violation of the FDCPA.

14. The Courts, not the Plaintiff, are to determine if an allegation of a violation subjects the debt collector to liability after suit is initiated by the State.

15. Additionally, Plaintiff is not authorized to enforce its interpretation of the registration process on alleged debt collectors; and any resulting administrative fines are payable to the State and not to the Plaintiff.

16. No violation occurred in the collection process other than Plaintiff's allegation that all legal counsel of a Florida registered debt collector must also be independently registered prior to rendering legal services to their client.

17. Plaintiff's initiation of this federal action is without merit in law as well as in fact, since no violations of the FCCPA exist.

18. Paragraph 20 of Plaintiff's Motion further enunciates that the FCCPA law is intended to eliminate "abusive practices used by debt collectors". Plaintiff has failed to submit any allegation or evidence of "abusive practices used by [CGM LAW]" of the FCCPA.

19. This court, indeed, no court, has yet to rule on whether or not an attorney for a licensed and registered debt collector must also have a registration license issued by the Office of Financial Regulation of the Financial Services Commission of Florida. Plaintiff has implied an intention of the Florida legislature that is simply not there. Furthermore, Plaintiff is improperly assuming

the State of Florida's authority and jurisdiction in attempting to enforce Plaintiff's interpretation of the registration provisions of the FCCPA.

20. Paragraph 22 of Plaintiff's Motion infers that Defendant engaged in an act or omission prohibited by the FDCPA or the FCCPA.

21. There is no FDCPA of FCCPA law that states an attorney for a duly licensed consumer collection agency must also be licensed by the same agency. Such a provision would be duplicative and create an unreasonable burden on the collection practices of a Florida registered debt collection agency.

22. Paragraph 37 of Plaintiff's Motion states "CGM LAW's belief, however is premised on it *not* being a debt collector."   Nowhere in any of the pleadings in this matter has this statement been made.  Nothing is further from the truth.  Defendant states that Defendant is a debt collector, but Defendant differentiates between rendering legal services to a Florida licensed debt collector and engaging in debt collection activities. In the instant case, Defendant was rendering legal services within the provisions of the FCCPA and the FDCPA in sending a single collection letter to an individual in an attempt to collect an outstanding medical bill on behalf of his client, who is a Florida licensed debt collection agency.

23. No violations of the substantive provisions of the FCCPA or FDCPA occurred which would take the Defendant outside of the agency relationship between Defendant and Defendant's client, and therefore Defendant was not engaged in the debt collection process and was merely rendering proper legal services on behalf of Defendant's client.

24. All other case law cited by Plaintiff involves legal counsel who have violated the substantive provisions of the FCCPA or FDCPA by engaging in prohibited activities that were deemed abusive or harassing. Such tactics are not alleged and did not occur in the instant case.

25. Plaintiff is unreasonably expanding the statute and his authority beyond the intent of the legislation, to the point of denying the Defendant's client from securing his just property through due process of law.

26. Defendant's status is defined by Florida statute § 559.553(3)(h). "This section [559.553] does not apply to: [(h)] An out-of-state consumer debt collector who does not solicit consumer debt accounts for collection from credit grantors who have a business presence in this state."

27. Plaintiff has cited <u>LeBlanc v. Unifund CCR Partners</u>, 601 F.3d 1185 (11th Cir.2010) as applicable. The instant case is clearly distinguishable from LeBlanc in several ways.

    a.  The Court in LeBlanc plainly stated "Unifund, as a debt collector, requests or seeks new clients from other creditors and then attempts to gain business by acquiring charged off consumer debt accounts."

        i.  Defendant does not seek new clients from other creditors.

        ii.  Defendant does not attempt to gain business by acquiring charged off consumer debt accounts.

        iii.  The debt in question is owned by the original creditor.

        iv.  The original creditor hired a legally registered consumer collection agency.

        v.  Defendant is an attorney retained by a legally registered consumer collection agency.

        vi.  "Requests or seeks new clients" is obviously soliciting for business. No such allegation has been made of Defendant by Plaintiff.

    b.  There is nothing in the FCCPA that requires legal counsel of a legally registered consumer collection agency to also obtain a license.

        i.  Defendant is a legal agent of his client.

        ii.  Defendant's client is a legally registered consumer collection agency.

   c.  Defendant does not solicit consumer debt accounts for collection from credit grantors who have a business presence in this state.

   d.  Defendant does not maintain an office or business presence in Florida, unlike the Defendant in LeBlanc.

28. Plaintiff did not state undisputed facts. Paragraph 40 states a conclusion of law about where Defendant is positioned under Florida law.

29. Paragraph 40 states a conclusion of law about what is required by Florida law.

30. Paragraph 40 states a conclusion of law about Defendant's practices.

31. Paragraph 40 states a conclusion of law about the legal status of the debt. All of these allegations are disputed.

32. Defendant opposes Plaintiff's Motion to Dismiss Defendant's Counterclaim. It is very clear that the Plaintiff is aware of the cause of action. The allegations pled and incorporated by reference clearly establish that Plaintiff has engaged in a practice of harassing tactics designed to thwart the valid collection process of the Florida registered debt collection agency.

33. Plaintiff is attempting to step into the shoes of the Florida Attorney General and in doing so is further attempting to expand the statute by granting Plaintiff authority it does not possess, and then abusing such authority by denying the Defendant and his client of its property rights.

34. The abusive tactics that exist are by the Plaintiff, and such tactics are intentional, malicious and in violation of the intent of the FCCPA and FDCPA.

35. No violation of the substantive provisions of the FDCPA or FCCPA law have occurred, and Plaintiff's sole assertion is that the Florida registered debt collector retained an attorney who is not registered under the FCCPA as a debt collector.

36. Defendant was engaged in the practice of law on behalf of a Florida Registered debt collection agency. See attached unopposed proof of registration of Defendant's client.

37. Plaintiff's actions in initiating the instant action are frivolous and malicious and intended to cause Defendant financial harm of a yet to be determined sum.

38. Plaintiff's actions have caused Defendant harm in that Defendant has had to retain local counsel to defend the allegations.

39. Plaintiff's actions have caused Defendant harm in that Defendant has had to hire researchers to research the law.

40. Plaintiff's actions have caused the Defendant to expend monies for long distance telephone calls, additional staff time to collect evidence, and costs associated with the production of answers to the complaint.

41. Paragraph 42 states that Plaintiff's Motion should be granted on the basis of Defendant's admissions and public records. The only public records submitted are the records that show Charles G. McCarthy, Jr. owns property (not necessarily a domicile) in Wheaton, Illinois and that Charles G. McCarthy, Jr. is a licensed attorney in the State of Illinois. Neither of these public documents supports Plaintiff's allegations.

42. Defendant was engaged in the practice of law on behalf of a Florida legally registered debt collection agency. The FDCPA and the FCCPA are interpreted to apply to law firms and attorneys individually when such attorneys' and law firm's activities violate the law by the substantive actions under the FDCPA or the FCCPA. No substantive violations under the FDCPA or the FCCPA are alleged by Plaintiff. Defendant was rendering legal representation and not engaged as a debt collection agency.

43. The registration requirement under the FCCPA, if interpreted as the Plaintiff seeks under the complaint, are overly broad and would effectively require every single law firm and every single attorney in the State of Florida that represents a consumer collection agency or attempts to collect a debt for a client, to be additionally registered as a debt collector and/or debt collection agency, eliminating the differentiation between "engaging in the practice of law" and "collecting debts as a debt collection agency".

44. The Plaintiff's overly broad interpretation of the FCCPA would effectively require every entity and person who mails an invoice to a Florida consumer on behalf of their sponsor, to be classified as a consumer debt collection agency and be required to separately register and to maintain such registration. Such an argument is outside the original intention of the FCCPA. Plaintiff's interpretation of the FCCPA is too broad, and would make such interpretation of the FCCPA unconstitutional. Such an interpretation would deny every accountholder the right to pursue collection of their property without paying the State of Florida multiple registration fees, and thus such interpretation would violate "due process of law".

45. The Florida legislature violates its jurisdiction, power and authority, when it enacts laws that result in the requirement that attorneys engaged in the act of providing legal representation of its clients, must first register and pay a fee to the State of Florida. Such authority is squarely within the purview of the Florida Supreme Court. Furthermore, such an interpretation of the FCCPA would result in the denial of legal redress for all corporate debt collection agencies that are registered in the State of Florida, unless they retain and employ in-house legal counsel or unless such lawyers and/or law firms are separately registered as debt collectors.

46. Such an interpretation of the FCCPA is a violation of the Separation of Powers between the Legislative Branch of Government and the Judicial Branch of government, which is obviously unconstitutional.

47. The remedy for a failure to register with the Florida Office of Financial Regulation is a misdemeanor.

48. Florida statute 559.553(4) states "An out-of-state consumer debt collector as defined in s. 559.55(11) who is not exempt from registration by application of subsection (3) and who fails to register in accordance with this part shall be subject to an enforcement action *by the state* as specified in s. 559.565." Emphasis added.

49. Florida statute 559.565 states "Enforcement action against out-of-state consumer debt collector.—The remedies of this section are cumulative to other sanctions and enforcement provisions of this part for any violation by an out-of-state consumer debt collector, as defined in s. 559.55(11).

a. "1. An out-of-state consumer debt collector who collects or attempts to collect consumer debts in this state without first registering in accordance with this part is subject to an administrative fine of up to $10,000 together with reasonable attorney fees and court costs in any successful action *by the state* to collect such fines. Emphasis added. [Emphasis added]

b. "2. A person, whether or not exempt from registration under this part, who violates s. 559.72 is subject to sanctions the same as any other consumer debt collector, including imposition of an administrative fine. The registration of a duly registered out-of-state consumer debt collector is subject to revocation or suspension in the same manner as the registration of any other registrant under this part.

c. "3. In order to effectuate this section and enforce the requirements of this part as it relates to out-of-state consumer debt collectors, ***the Attorney General*** is expressly authorized to initiate such action ***on behalf of the state*** as he or she deems appropriate in any state or federal court of competent jurisdiction. [Emphasis added]."

50. The Attorney General has not initiated any action against Defendant.

51. Plaintiff's interpretation of the FCCPA allowing a private action by a debtor for failure to obtain a license from the Florida Office of Financial Regulation has no legal basis, by statute, as the Florida Attorney General is the only entity authorized to do so.

52. Plaintiff's interpretation of the FCCPA requiring all attorneys engaged in the practice of law, who represent Florida debt collection agencies, to be required to first register with the Florida Office of Financial Regulation as a debt collection agency under the FCCPA, and to maintain such registration is overreaching, and unconstitutional. This is a denial of the rights guaranteed under the fourteenth amendment of the US Constitution. Such an interpretation denies corporate debt collectors their constitutional right to due process of law and equal protection of the law.

53. Corporate debt collectors are not empowered to seek the enforcement of the courts without legal representation. The misinterpretation of the FCCPA by Plaintiff would create undue obligations in the enforcement of the debt collection process if the misinterpretation would require every independent outside legal counsel, and each attorney working for each law firm, to first be registered as a debt collection agency.

54. Defendant's Counterclaim should stand because the elements for harassment and malicious prosecution have been plead and met.

55. It is undisputed that Plaintiff alleges that a criminal misdemeanor occurred when Defendant failed to register in Florida as a debt collector prior to representing his already Florida registered debt collector client.

56. It is disputed that Plaintiff claims authority to step into the shoes of the state in enforcing the alleged criminal act.

57. It is disputed that Plaintiff claims authority to convert any statutory administrative fee for Plaintiff's own use and benefit for such alleged criminal act.

58. The law is established for the elements of extortion as well as malicious prosecution and harassment.

59. Plaintiff's Motion for Judgment on the Pleadings and for Summary Judgment should be denied since Plaintiff has not established any violations of the FCCPA or FDCPA which he has authority to prosecute. Plaintiff's counterclaim should stand as the basic elements have been plead and met. Plaintiff admits that absent the registration argument, that there are no violations of the substantive provisions of the FCCPA or FDCPA. Plaintiff acknowledges that the Defendant is the legal counsel for a properly Florida registered debt collection agency. The Plaintiff's Motion to Dismiss the Counterclaim likewise should be denied since it is very clear from the pleadings that Plaintiff is defending a harassment claim and a claim for malicious prosecution. Plaintiff is not the Florida Attorney General's Office and as such cannot step into the shoes of the State of Florida in its improper attempt to expand the statutory remedies for Plaintiff's own self-interests, at the expense of valid enforcement actions by duly registered debt collection agencies.  Plaintiff is intentionally exceeding his authority by enforcing a tenuous claim of lack of registration; and Plaintiff's instant action is Plaintiff's attempt to "test the waters" and unconstitutionally expand the statute beyond its intent. When there are multiple

interpretations of a statute, then it should be read in accordance with its legislative intent, and not to the extreme of negating such purposes and creating an unconstitutionally broad interpretation. Plaintiff has ignored the statutory intent by initiating an action under the FCCPA and FDCPA when no violation of any abusive collection practice or harassing collection tactics exist. Accordingly, the Counterclaim should stand.  The elements for harassment and for malicious prosecution exist in the pleading. The damages are alleged, with amounts as yet to be determined.

60.     For these stated reasons, The Court should deny the Plaintiff's Motion For Judgment On The Pleadings; Motion For Summary Judgment; And Motion To Dismiss and grant the Defendant's Counterclaim in whole.

        Respectfully submitted,


Christine M. Moreno, Esquire
Florida Bar No. 436150
Christine M. Moreno, Attorney, PA
Co-Counsel for Defendant Law Offices of
Charles G. McCarthy, Jr. and Associates
4450 SE Federal Highway, Stuart, FL 34997
Tel: 772/288-1020; Fax: 772/288-3578
E-Mail: moreno4law@gmail.com

By :/s/Charles G. McCarthy, Jr.
Co-Counsel for Defendant Law Offices of
Charles G. McCarthy, Jr. and Associates
707 North East Street, Suite Two
Bloomington, IL 61701
Telephone: 309-828-7000
E-mail: charlie@mccarthy.net

# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF FLORIDA

## CERTIFICATE OF SERVICE

I hereby certify that I electronically served The Law Offices of Jibrael S. Hindi, PLLC at jibrael@jibraellaw.com and Thomas John Law, P.A. @ tpatti@thomasjohnlaw.com on July 12, 2017 before 4:59 PM.   This Opposing Memorandum to Plaintiff's Judgment of the Pleadings; Motion for Summary Judgment; and, Motion to Dismiss Counterclaim; and Incorporated Memorandum of Law was also filed with the Court.

**/s/Charles G. McCarthy, Jr.**

Attorney for Defendant Charles G.

McCarthy, Jr. and Associates

707 North East Street

Suite Two

Bloomington, IL  61701

309-828-7000

charlie@mccarthy.net

Christine M. Moreno, Esquire

Florida Bar Number 436150

Co-Counsel for Defendant Law Offices of Charles

G. McCarthy, Jr. and Associates

Christine M. Moreno, Attorney, PA

4450 SE Federal Highway, Stuart, Florida 34997

Tel: 772/288-1020; Fax: 772/288-3578

E-Mail: moreno4law@gmail.com