UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:17-cv-60471-UU

GRIFFEN LEE,

    Plaintiff,

v.

CHARLES G. McCARTHY, JR.
d/b/a LAW OFFICE OF CHARLES G.
MCCARTHY JR & ASSOCIATES,

    Defendant.
_____/

## ORDER ON MOTION FOR JUDGMENT ON THE PLEADINGS OR MOTION TO DISMISS COUNTERCLAIM

THIS CAUSE is before the Court upon Plaintiff's Motion for Judgment on the Pleadings, or, in the Alternative, Motion for Summary Judgment, and Motion to Dismiss Defendant's Counterclaim, D.E. 41.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised of the premises. For reasons set forth below, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

### I. Factual Background

The following facts are taken from Plaintiff's Complaint, unless otherwise indicated. D.E. 1.

Defendant is a law firm, with its principal place of business in Illinois, engaged in the practice of collecting unpaid and outstanding debts. D.E. 1 ¶¶ 9-11. Plaintiff is an individual and citizen of Florida, residing in Broward County. Id. ¶ 8.

Defendant is not licensed to collect consumer debts in Florida. D.E. 1 ¶ 28; D.E. 37 ¶ 28. According to Plaintiff, Defendant's failure to obtain a license to collect consumer debts in Florida violates the Florida Consumer Collection Practices Act, Fla. Stat. § 559.553 (the "FCCPA"). D.E. 1 ¶ 29; D.E. 37 ¶ 29.

On or about February 1, 2017, Defendant mailed Plaintiff a letter, on behalf of Forest Recovery Services, LLC ("Forest"), stating, in relevant part, that: (1) Plaintiff owes Forest $448.50; (2) Defendant "represents the above referenced creditor [Forest] in the matter of [Plaintiff's] unpaid account;" and (3) "[n]o determination has ben made at this time [as to] whether this claim will result in the filing of a lawsuit."[1] D.E. 1-6. In addition, Defendant stated that if a "decision to sue is made, the claim will be forwarded to an attorney in the appropriate venue." *Id.*

## II. Procedural Background

Based on this underlying conduct, on March 4, 2017, Plaintiff filed the instant action, alleging one claim for violations of various provisions of Section 1692e of the Fair Debt Collection Practices Act ("FDCPA"), on grounds that Defendant sought to collect a debt without being properly licensed in Florida, as required by Fla. Stat. § 559.533. In particular, Plaintiff alleges that Defendant violated 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692e(10) by "actively engaging in debt collection in the State of Florida . . . while not licensed as required by Florida law." D.E. 1 ¶¶ 38-40.

On May 10, 2017, Defendant filed its Answer to Plaintiff's Complaint. D.E. 26. On May 24, 2017, the Court issued its Scheduling Order for Pretrial Conference and Trial which, among

---

[1] For ease of reference, the Court will refer to the February 1, 2017 letter as the "Letter."

other things, set a June 23, 2017 deadline to amend pleadings, September 22, 2017 discovery cut-off, and October 13, 2017 dispositive motion deadline. D.E. 32.

On June 23, 2017, Defendant filed its First Amended Answer and Affirmative Defenses to Complaint and Counterclaim, alleging one counterclaim for malicious prosecution (Count I). D.E. 37.

On July 5, 2017, Plaintiff filed the instant Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment and Motion to Dismiss Defendant's Counterclaim. D.E. 41. Defendant opposes Plaintiff's Motion. D.E. 44.

### III. Discussion

#### A. Motion for Judgment on Pleadings or, Alternatively, Motion for Summary Judgment

##### i. *Legal Standard*

Under Federal Rule of Civil Procedure 12(c), a party may move for judgment on the pleadings after the pleadings are closed. "Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts." *Hawthorne v. Mac Adjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). A motion for judgment on the pleadings "is governed by the same standard as a Rule 12(b)(6) motion to dismiss." *In re Accutane Prods. Liab.*, 2011 WL 6224546, at *1 (M.D. Fla. Nov. 9, 2011) (citing *Hawthorne*, 140 F.3d at 1370). A court must therefore accept the facts in the complaint as true and must view them in the light most favorable to the nonmoving party. *Hawthorne*, 140 F.3d at 1370. However, the complaint's allegations must still include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

Rule 12(c) provides that if matters outside the pleadings are considered, the court may convert the motion for judgment on the pleadings to a motion for summary judgment. *Douglas County Chamber of Commerce, Inc. v. Philadelphia Indemnity Ins. Co.*, 2006 WL 1275036, at *2 (N.D. Ga. May 8, 2006). Pleadings include the complaint and answer. Fed. R .Civ. P. 7(a). Written instruments that are exhibits to a pleading are considered a part of the pleading. Fed. R. Civ. P. 10(c).

ii. *Analysis*

Based on binding Eleventh Circuit precedent, the Court will deny Plaintiff's Motion for Judgment on the Pleadings as premature because the pleadings are not closed, as Defendant filed a Counterclaim and Plaintiff has moved to dismiss, rather than file an answer to, Defendant's Counterclaim.[2] Fed. R. Civ. P. 12(c) (providing that a party may move for judgment on the pleadings "[a]fter the pleadings are closed"); *Perez v. Wells Fargo, N.A.*, 774 F.3d 1329, 1339 n.10 (11th Cir. 2014) (reversing district court's order granting motion for judgment on the pleadings because the counter-defendant failed to file an answer to a counterclaim and pleadings do not close "until a response to the counterclaim is filed."); *Abedi v. U.S. Bank Nat'l Assoc.*, 2017 WL 2306413, at *2-3 (N.D. Ga. Jan. 18, 2017) (noting that the Eleventh Circuit has made clear that "pleadings do not close until an answer has been filed by the counter-defendant").

---

[2] Because the pleadings are still open, the Court also declines to convert Plaintiff's Motion into a motion for summary judgment and will, instead, permit Plaintiff to move for summary judgment in accordance with the Court's Scheduling Order. *See, e.g., Omega Patents, LLC v. Lear Corp.*, 2008 WL 821886, at *2 (M.D. Fla. Mar. 20, 2008) (refusing to convert motion for judgment on the pleadings into motion for summary judgment because it "would be premature to consider [either] motion at this time").

4

Thus, at this stage, Plaintiff cannot move for judgment on the pleadings under Rule 12(c).[3] *Perez*, 774 F.3d at 1339, n.10 ("[W]here a counterclaim is filed, the pleadings are not closed until a response to the counterclaim is filed." (quoting 5C Wright & Miller, § 1367)); Fed.R.Civ.P. 12(c) ("***After the pleadings are closed*** . . . a party may move for judgment on the pleadings.") (emphasis added); *Perez*, 774 F.3d at 1339, n. 10); *Doe v. U.S.*, 419 F.3d 1058, 1061 (9th Cir. 2005) (holding that the plaintiff's motion for judgment on the pleadings was premature and should have been denied because it was filed before the defendant filed an answer).

### B. Motion to Dismiss Counterclaim

#### i. *Legal Standard*

In order to state a claim, Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While a court, at this stage of the litigation, must consider the allegations contained in the plaintiff's complaint as true, this rule "is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In addition, the complaint's allegations must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

---

[3] In any event, even if Plaintiff's Motion for Judgment on the Pleadings were not premature, the Court would still deny the Motion. Plaintiff, in principal part, essentially argues that because Defendant was not licensed as a debt collection agency under Florida law, any letter or attempt to collect debt—regardless of the language of the letter sent to collect a debt—constitutes an FDCPA violation. D.E. 41 pp. 14-15, ¶ 40. But Plaintiff's position directly contradicts the Eleventh Circuit's decision in *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010), as well as district court decisions applying *LeBlanc* to hold that debtors do not state plausible FDCPA claims against debt collectors, where these claims are based **entirely** on allegations that debt collectors failed to register under state law—without addressing the language of debt collectors' written letters. *LeBlanc*, 601 F.3d at 1185 ("[W]e do not hold that all debt collector actions in violation of state law constitute *per se* violations of the FDCPA. Rather, the conduct or communication at issue must also violate the relevant provision of the FDCPA."); *Townsend v. Quantum3 Group, LLC*, 535 B.R. 415, 427-28 (M.D. Fla. 2015); *Carrero v. LVNV Funding, LLC*, 2014 WL 6433214, at *2-3 (S.D. Fla. Oct. 27, 2014); *Matute v. Main Street Acquisition Corp.*, 2012 WL 4513420, at *3-4 (S.D. Fla. Oct. 2, 2012).

5

555 (2007)). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

In practice, to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* The plausibility standard requires more than a sheer possibility that a defendant has acted unlawfully. *Id.* Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief. *Id.* Determining whether a complaint states a plausible claim for relief is a context-specific undertaking that requires the court to draw on its judicial experience and common sense. *Id.* at 679.

ii. *Analysis*

Defendant's Counterclaim alleges one claim for malicious prosecution, based solely on allegations that "Plaintiff's complaint is intended to harass Defendant rather than prosecute a violation of the FCCPA and/or the FDCPA." D.E. 37 p. 16, ¶ 2. In particular, Defendant alleges that: (1) Plaintiff's attorney has "filed 145 cases [against other parties] in Federal Court," with only "two . . . result[ing] in judgments;" (2) "Plaintiff has no intention of litigating this action but rather [only intends] to force the Defendant into settling the case to avoid costly litigation;" (3) Plaintiff's FCCPA claims are not cognizable under Florida law, as Plaintiff's "interpretation of the FCCPA" is incorrect, as a matter of law; (4) Plaintiff's filing of FDCPA and FCCPA claims in this case was done "maliciously and with intent to injured Defendant;" and (5) Defendant suffered injuries as a result of Plaintiff's actions. D.E. 37 pp. 16-20 ¶¶ 2-24.

6

Plaintiff moves to dismiss Defendant's malicious prosecution claim for two reasons. First, Plaintiff argues that Defendant does not allege any "recognizable basis or right to relief, whether it be statutory or common law, let alone a palatable cause of action." D.E. 41 p. 15. Second, Plaintiff argues that Defendant's malicious prosecution claim alleges misconduct that "appear[s] to [pertain to acts undertaken by] Charles G. McCarthy, Jr., individually, and not the fictions [*sic*] entity in which this action has been brought." D.E. 41 pp. 16.

In response, Defendant argues that it states a plausible claim for malicious prosecution because Plaintiff cannot, as a matter of law, bring a private claim for FDCPA violations based solely on Defendant's failure to register as a debt collector under the FCCPA. D.E. 44 p. 11, ¶ 59.

For reasons set forth below, the Court concludes that Defendant's malicious prosecution claim must be dismissed without prejudice, as it is brought prematurely under well-settled Florida law. Under Florida law, "a plaintiff must establish each of six elements to support a claim of malicious prosecution: (1) an original judicial proceeding against the present plaintiff was commenced or continued; (2) the present defendant was the legal cause of the original proceeding; (3) the termination of the original proceeding constituted a bona fide termination of that proceeding in favor of the present plaintiff; (4) there was an absence of probable cause [or reasonable basis] for the original proceeding; (5) there was malice on the part of the present defendant; and (6) the plaintiff suffered damages as a result of the original proceeding." *Kingsland v. City of Miami*, 382 F.3d 1220, 1234 (11th Cir. 2004); *Eubanks v. Freburger*, 2011 WL 13112071, at *8 (S.D. Fla. Dec. 30, 2011); *Morrison v. Morgan Stanley Properties*, 2007 WL 2316495, at *7-8 (S.D. Fla. Aug. 9, 2007).

7

Here, Defendant cannot plausibly allege the fourth element of a malicious prosecution claim, as there is no "termination of the original proceeding," or final resolution of Plaintiff's FDCPA claim, which would "constitute a bona fide termination of that proceeding in favor of [Defendant]."[4] *Kingsland*, 382 F.3d at 1234; *Eubanks*, 2011 WL 13112071, at *8. In other words, Defendant's malicious prosecution claim relies on Defendant's contention that Plaintiff's FDCPA claim is frivolous and filed only to harass Defendant. But Florida law and the law in this Circuit is clear. Until there is a final disposition of Plaintiff's FDCPA claim, Defendant's malicious prosecution claim must be dismissed without prejudice. D.E. 37 pp. 16-20 ¶¶ 2-24; *see Weaver v. Geiger*, 294 F. App'x 529, 534 (11th Cir. 2008) (affirming dismissal of malicious prosecution claim where prior adjudication was not "called into question"); *Rosado v. Nichols*, No: 2:17-cv-195-FtM-99MRM, 2017 WL 1476255, at *6 (M.D. Fla. Apr. 25, 2017) ("In the instant case, there has been no bona fide termination of the proceedings in Plaintiff's favor; therefore, Plaintiff's malicious prosecution claims are dismissed."); *Redlich v. Leen*, No. 16-CIV-20001-MORENO/O'SULLIVAN, 2016 WL 3670575, at *5 (S.D. Fla. May 20, 2016) ("Because the underlying traffic court proceeding is pending, the malicious prosecution claim in Count 13 is premature and should be dismissed without prejudice."); *Ramey v. Georgia*, No. 4:10-CV-06 (CDL), 2010 WL 786806, at *5 (M.D. Ga. Mar. 5, 2010) ("It is clear from Plaintiff's Complaint that the underlying criminal prosecution has not yet terminated in

---

[4] In addition, the Court seriously doubts that Defendant could state a plausible malicious prosecution claim—even if Defendant ultimately prevails in this case—because there is no evidence whatsoever to plausibly show that Plaintiff acted with "malice," which under Florida law "requires animosity and the desire to do harm for harm's sake." *City of Coconut Creek v. Fowler*, 474 So. 2d 820, 824 (Fla. Dist. Ct. App. 1985). In other words, the Court is extremely skeptical that Plaintiff instituted this case "without reasonable cause . . . [and] out of ill will, animosity and with a desire to do harm for harm's sake." *Eubanks v. Freburger*, No. 11-60714-CIV, 2011 WL 13112071, at *8 (S.D. Fla. Dec. 30, 2011) (dismissing malicious prosecution claims); *Bank of America, N.A. v. Zaskey*, No. 9:15-cv-81325-ROSENBERG/HOPKINS, 2016 WL 2897410, at *8 (S.D. Fla. May 18, 2016).

Plaintiff's favor; accordingly, he cannot yet state a claim for malicious prosecution."); *Medine v. United Christian Evangelistic As'n*, No. 08–22111-CIV, 2009 WL 3161654, at *2-3 (S.D. Fla. Sept. 29, 2009) (dismissing counterclaim for malicious prosecution as premature because the defendant could not "make out a prima facie case for malicious prosecution until this action is terminated"); *Murphy v. Florida*, No. 08–10039-CIV-KING, 2008 WL 2260599, at *2 (S.D. Fla. May 30, 2008) ("In addition, any claim of malicious prosecution is premature. In order to state a cause of action for malicious prosecution, a plaintiff must allege and prove that the criminal proceeding that gives rise to the action has terminated in favor of the accused.").

In addition, because a "counterclaim for malicious prosecution or abuse or process cannot be maintained in a pending action" where, as here, "the abuse claimed [arises from] the [instant] pending suit . . . [Defendant's] amendment of the pleadings to assert a counterclaim for malicious prosecution of this action would be futile." *Bates v. Cook, Inc.*, 615 F. Supp. 662, 670 (M.D. Fla. 1985). Accordingly, it is

ORDERED AND ADJUDGED that the Motion, D.E. 41, is GRANTED IN PART and DENIED IN PART. Defendant's Counterclaim is HEREBY DISMISSED WITHOUT PREJUDICE, as set forth herein. The Motion is otherwise DENIED.

DONE AND ORDERED in Miami, Florida this 17 day of September, 2017.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record