UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17cv60471

GRIFFEN LEE,

    Plaintiff,

vs.

CHARLES G. MCCARTHY, JR. d/b/a LAW
OFFICE OF CHARLES G. MCCARTHY
JR. & ASSOCIATES,

    Defendant.

_____/

## DEFENDANT'S MEMORANDUM & OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Now comes the Defendant, The Law Office of Charles G. McCarthy, Jr. & Associates by and through its attorney, Charles G. McCarthy, Jr., and in response and opposition to the Plaintiff's Motion for Summary Judgment and incorporated Memorandum of Law, states as follows:

### Agency Relationship

1. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates, at all times relevant, was acting as the attorney-in-fact for Forest Recovery Services, LLC, Florida Consumer Collection Agency License Number CCA9903188.

2. Forest Recovery Services, LLC was hired to collect debts by and for Boca Raton Gastroenterology, a medical practice in Boca Raton, Florida.

3. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates operates as a sole practitioner in Illinois.

4. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates does not purchase debt on any debt market.

5. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates is hired by clients to collect debts owed to the individual client.

6. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates is considered a debt collector by the legal definition well established by stare decisis.

7. In the instant case, Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates was employed as an attorney for his client to collect outstanding debts for Forest Recovery Services, LLC, a debt collection agency acting on behalf of Boca Raton Gastroenterology.

8. As such, Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates was an agent of Forest Recovery Services, LLC and therefore covered under the rules of agency.

9. As such, no infraction of the Florida Statutes has occurred and the request for Summary Judgment should be dismissed.

**Exempt**

10. Plaintiff has quoted § 559.553(1) of the Florida Consumer Collection Practices Act detailing the requirement for any person acting as a consumer collection agency register and maintain a registration. Florida Statutes, Chapter 559, Part VI, 553(1).

11. Plaintiff has failed to enunciate Florida Statutes, Chapter 559, Part VI, 553(3) which states "This section does not apply to: ... (h) An out-of-state consumer debt collector who does not solicit consumer debt accounts for collection from credit grantors who have a business presence in this state." Florida Statutes, Chapter 559, Part VI, 553(3).

12. Such a blatant omission of the law, a scant one clause from the statute quoted by the Plaintiff can only be considered a conscious effort on the part of the Plaintiff to quote only the sections of the law beneficial to his cause and ignoring the intent, spirit, and prima facia statutes as well as the principles of justice under the law.

13. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates does not solicit consumer debt accounts for collection from credit grantors who have a business presence in Florida.

14. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates' client, Forest Recovery Services, LLC maintains a business presence in the State of Florida.

15. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates' client, Forest Recovery Services, LLC has the certificate mandated by § 559.553(1) and (2) of the Florida Consumer Collection Practices Act.

16. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates' client, Forest Recovery Services, LLC solicits business in the State of Florida.

17. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates, by statute, is exempt from registration.

18. Therefore, Plaintiff's Motion for Summary Judgment should be dismissed.

## State Enforcement

19. Florida Statutes, Chapter 559, Part VI, 559(77) specifically provides for civil remedies for any infractions by a debt collector.

20. No such infractions have been alleged by the Plaintiff.

21. No such infractions have taken place by the Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates.

22. In addition, Florida Statutes, Chapter 559, Part VI, 559(78) specifically states "…state attorneys and their assistants are authorized to apply to the court of competent jurisdiction within their respective jurisdictions, upon the sworn affidavit of any person alleging a violation of any of the provisions of this part."

23. Other than the specific remedies for violations committed as outlined in Florida Statutes, Chapter 559, Part VI, 559(72), there is no civil right of an individual to prosecute a defendant for alleged violations of the statute.

24. Plaintiff lacks standing to bring this suit as an individual.

25. Therefore, Plaintiff's Motion for Summary Judgment should be dismissed.

## Separation of Powers Doctrine

26. If the intention of the Florida Legislature was to empower the legislative branch of Florida government to impose a requirement of lawyers to register with the Office of Financial Regulation of the Financial Services Commission, serious constitutional issues would arise.

27. Section Three of the Florida State Constitution specifically states "The powers of the state government shall be divided into legislative, executive and judicial branches. No

person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein." Florida State Constitution, Article Two, Section Three, Branches of Government.

28. The laws in the State of Florida are enacted by the Legislative Branch, and interpreted by the judicial branch and enforced by the Executive branch.

29. By allowing the Office of Financial Regulation of the Financial Services Commission to require "registration" of lawyers seeking to enforce the rights of their clients, the Legislative branch would be "exercising power appertaining to either of the other branches …"

30. Therefore, enforcement of Plaintiff's argument would be unconstitutional.

31. Therefore, Plaintiff's Motion for Summary Judgment should be dismissed.

## Lack of Standing – No FDCPA Violation, No Damages

32. Collins v. Erin Capital Management, LLC, 991 F. Supp. 2d 1195, 1211–12 (S.D. Fla. 2013) and LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010), quoted by Plaintiff, are distinguishable from the instant proceedings in that both of these cases had an underlying FDCPA substantive violation by the Defendant. That is the reason that the Courts then stated there was a concurrent FDCPA violation.

33. No such violation has been alleged by the Plaintiff in the instant case as no such violation has occurred.

34. Plaintiff states "The language of the Collection Letter, Defendant's Website, public records and admissions, establish CGM LAW as a *debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts.*" and even italicizes the verbiage "engaged in the business of

soliciting consumer debts for collection" when no such evidence of solicitation has been proffered.

35. No such evidence can be proffered as none exists.

36. The "standing" doctrine serves to ensure the authority of the federal courts extends only to "cases" and "controversies," as mandated by Article III of the United States Constitution. U.S. Const. art. III, § 2; Robins v. Spokeo, Inc., 742 F.3d 409 (9th Cir.2014) *cert. granted*, ___ U.S. ___, 135 S.Ct. 1892, 191 L.Ed.2d 762 (2015), at 1547.

37. In practice, standing functions as a "threshold question" a litigant invoking federal jurisdiction must satisfy before the court may hear the case. Warth v. Seldin, 422 U.S. 490 (1975).

38. . "The 'irreducible constitutional minimum of standing' is that a plaintiff show (1) an 'injury-in-fact' that (2) is 'fairly . . . trace[able] to the challenged action of the defendant' and (3) is likely.' ... [to] be redressed by a favorable decision' in court." ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 958 (8th Cir. 2011) (alterations in original) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

39. The burden of these three elements together "ensure[s] that federal courts do not exceed their authority as it has been traditionally understood. . . [and] limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." Spokeo, 136 S. Ct. at 1547.

40. Plaintiff has not alleged any damage.

41. Plaintiff even strengthens Defendant's argument in quoting <u>Collins</u> by quoting "Having established there is sufficient evidence to establish an issue of fact concerning whether Erin Capital was in violation of the FCCPA for its purported failure to register as a consumer collection agency, *Collins must assert evidence sufficient to establish Erin Capital also violated the FDCPA to overcome summary judgment.*" <u>Collins v. Erin Capital Management, LLC</u>, 991 F. Supp. 2d 1195, 1211–12 (S.D. Fla. 2013). Italicization added.

42. Plaintiff has not alleged any underlying violation of the FDCPA.

43. Therefore, Plaintiff's Motion for Summary Judgment should be dismissed.

44. Plaintiff states (paragraph 29) that Plaintiff has "established CGM LAW as falling squarely within the licensure requirements of Fla. Stat. 559.533" and has ignored the exceptions clearly specified in the same section of statute.

45. Plaintiff states that attempting to collect a consumer debt while not licensed constitutes a false representation of the character and legal status of the debt in that the least sophisticated consumer may believe that Defendant can take legal action to recover the debt. The status of the consumer debt never changes. It is still debt. The status of a collector may change depending on whether or not he is an out of state collector (per statute).

46. Florida statutes specifically exempts out of state debt collectors who do not have a presence in the State of Florida and do not solicit for business in the State of Florida.

47. Therefore, Plaintiff's Motion for Summary Judgment should be dismissed.

Wherefore, as Defendant pleads there is a question of fact before the court, the defendant has violated no law, and Plaintiff is pursuing a course of action that is clearly frivolous, defendant requests that this Court Dismiss the instant Motion.

Respectfully submitted,

Christine M. Moreno, Esquire
Florida Bar No. 436150
Christine M. Moreno, Attorney, PA
Co-Counsel for Defendant Law Offices of
Charles G. McCarthy, Jr. and Associates
4450 SE Federal Highway, Stuart, FL 34997
Tel: 772/288-1020; Fax: 772/288-3578
E-Mail: moreno4law@gmail.com

By :/s/Charles G. McCarthy, Jr.
Co-Counsel for Defendant Law Offices of
Charles G. McCarthy, Jr. and Associates
707 North East Street, Suite Two
Bloomington, IL 61701
Telephone: 309-828-7000
E-mail: charlie@mccarthy.net

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF FLORIDA

### CERTIFICATE OF SERVICE

I hereby certify that I electronically served The Law Offices of Jibrael S. Hindi, PLLC at jibrael@jibraellaw.com and Thomas John Law, P.A. @ tpatti@thomasjohnlaw.com on October 16, 2017 before 4:59 PM.   This document was also filed with the Court.

/s/**Charles G. McCarthy, Jr.**
Attorney for Defendant Charles G.
McCarthy, Jr. and Associates
707 North East Street
Suite Two
Bloomington, IL  61701
309-828-7000
charlie@mccarthy.net

## AFFIDAVIT PER RULE 56(e)

I, Charles G. McCarthy, Jr., upon penalty of perjury and as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, state that if called as a witness, I would testify as follows:

1. I am an attorney licensed to practice in the States of Illinois and Minnesota.

2. I am an attorney licensed to practice before the United States District Court of the Northern District of Illinois, United States District Court of the Central District of Illinois, United States District Court of the Eastern District of Wisconsin, the United States Court of Appeals for the Seventh Circuit, the United States Tax Court, and before the United States Supreme Court.

3. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates, at all times relevant, was acting as the attorney-in-fact for Forest Recovery Services, LLC, Florida Consumer Collection Agency License Number CCA9903188.

4. Forest Recovery Services, LLC was hired to collect debts by and for Boca Raton Gastroenterology, a medical practice in Boca Raton, Florida.

5. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates operates as a sole practitioner in Illinois.

6. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates does not purchase debt on any debt market.

7. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates is hired by clients to collect debts owed to the individual client.

8. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates is considered a debt collector by the legal definition well established by stare decisis.

9. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates was employed as an attorney for his client to collect outstanding debts for Forest Recovery Services, LLC, a debt collection agency acting on behalf of Boca Raton Gastroenterology.

10. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates was an agent of Forest Recovery Services, LLC.

11. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates does not solicit consumer debt accounts for collection from credit grantors who have a business presence in Florida.

12. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates' client, Forest Recovery Services, LLC maintains a business presence in the State of Florida.

13. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates' client, Forest Recovery Services, LLC has the certificate mandated by § 559.553(1) and (2) of the Florida Consumer Collection Practices Act.

14. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates' client, Forest Recovery Services, LLC solicits business in the State of Florida.

15. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates, by statute, is exempt from registration.

16. Florida Statutes, Chapter 559, Part VI, 559(77) specifically provides for civil remedies for any infractions by a debt collector.

17. No such infractions have been alleged by the Plaintiff.

18. Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates has committed no such infractions.

19. Florida Statutes, Chapter 559, Part VI, 559(78) specifically states "…state attorneys and their assistants are authorized to apply to the court of competent jurisdiction within their respective jurisdictions, upon the sworn affidavit of any person alleging a violation of any of the provisions of this part."

20. Other than the specific remedies for violations committed as outlined in Florida Statutes, Chapter 559, Part VI, 559(72), there is no civil right of an individual to prosecute a defendant for alleged violations of the statute.

21. Plaintiff lacks standing to bring this suit as an individual.

22. Section Three of the Florida State Constitution specifically states "The powers of the state government shall be divided into legislative, executive and judicial branches. No person belonging to one branch shall exercise any powers appertaining to either of the other branches unless expressly provided herein." Florida State Constitution, Article Two, Section Three, Branches of Government.

23. The laws in the State of Florida are enacted by the Legislative Branch, and interpreted by the judicial branch and enforced by the Executive branch.

24. By allowing the Office of Financial Regulation of the Financial Services Commission to require "registration" of lawyers seeking to enforce the rights of their clients, the

Legislative branch would be "exercising power appertaining to either of the other branches …"

25. Collins v. Erin Capital Management, LLC, 991 F. Supp. 2d 1195, 1211–12 (S.D. Fla. 2013) and LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. 2010), quoted by Plaintiff, are distinguishable from the instant proceedings in that both of these cases had an underlying FDCPA substantive violation by the Defendant. That is the reason that the Courts then stated there was a concurrent FDCPA violation.

26. No such violation has been alleged by the Plaintiff in the instant case as no such violation has occurred.

27. Plaintiff states "The language of the Collection Letter, Defendant's Website, public records and admissions, establish CGM LAW as a *debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts.*" and even italicizes the verbiage "engaged in the business of soliciting consumer debts for collection" when no such evidence of solicitation has been proffered.

28. No such evidence can be proffered as none exists.

29. The "standing" doctrine serves to ensure the authority of the federal courts extends only to "cases" and "controversies," as mandated by Article III of the United States Constitution. U.S. Const. art. III, § 2; Robins v. Spokeo, Inc., 742 F.3d 409 (9th Cir.2014) *cert. granted,* ___ U.S. ___, 135 S.Ct. 1892, 191 L.Ed.2d 762 (2015), at 1547.

30. In practice, standing functions as a "threshold question" a litigant invoking federal jurisdiction must satisfy before the court may hear the case. Warth v. Seldin, 422 U.S. 490 (1975).

31. . "The 'irreducible constitutional minimum of standing' is that a plaintiff show (1) an 'injury-in-fact' that (2) is 'fairly . . . trace[able] to the challenged action of the defendant' and (3) is likely.' ... [to] be redressed by a favorable decision' in court." ABF Freight Sys., Inc. v. Int'l Bhd. of Teamsters, 645 F.3d 954, 958 (8th Cir. 2011) (alterations in original) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992)).

32. The burden of these three elements together "ensure[s] that federal courts do not exceed their authority as it has been traditionally understood. . . [and] limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." Spokeo, 136 S. Ct. at 1547.

33. Plaintiff has not alleged any damage.

34. Plaintiff even strengthens Defendant's argument in quoting Collins by quoting "Having established there is sufficient evidence to establish an issue of fact concerning whether Erin Capital was in violation of the FCCPA for its purported failure to register as a consumer collection agency, *Collins must assert evidence sufficient to establish Erin Capital also violated the FDCPA to overcome summary judgment.*" Collins v. Erin Capital Management, LLC, 991 F. Supp. 2d 1195, 1211–12 (S.D. Fla. 2013). Italicization added.

35. Plaintiff has not alleged any underlying violation of the FDCPA.

36. Plaintiff states (paragraph 29) that Plaintiff has "established CGM LAW as falling squarely within the licensure requirements of Fla. Stat. 559.533" and has ignored the exceptions clearly specified in the same section of statute.

37. Plaintiff states that attempting to collect a consumer debt while not licensed constitutes a false representation of the character and legal status of the debt in that the least sophisticated consumer may believe that Defendant can take legal action to recover the debt. The status of the consumer debt never changes. It is still debt. The status of a collector may change depending on whether or not he is an out of state collector (per statute).

38. Florida statutes specifically exempts out of state debt collectors who do not have a presence in the State of Florida and do not solicit for business in the State of Florida.

**FURTHER AFFIANT SAYETH NAUGHT:**

CHARLES G. MC CARTHY, JR.
ATTORNEY AT LAW