UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-CV-60471-UU

GRIFFEN LEE,

    Plaintiff,

v.

CHARLES G. MCCARTHY, JR. d/b/a
LAW OFFICE OF CHARLES G.
MCCARTHY JR. & ASSOCIATES,

    Defendant.
_____/

**REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION SUMMARY JUDGMENT**

    Plaintiff GRIFFEN LEE ("Plaintiff"), by and through undersigned counsel, files this Reply to Defendant CHARLES G. MCCARTHY, JR. d/b/a LAW OFFICE OF CHARLES G. MCCARTHY JR. & ASSOCIATES' ("Defendant") Memorandum and Opposition [D.E. 53] (the "Response" or "Defendant's Response") to Plaintiff's Motion for Summary Judgment [D.E. 51] (the "Motion" or "Plaintiff's Motion"), and in support thereof, states:

    1.    Once again (*see* D.E. 41 & D.E. 45), full-review of Defendant's Response, reveals itself as being completely devoid of meritorious argument, and instead, feverishly distorts both the issues and the law. The arguments contained in Defendant's Response are devoid of legal support, lack coherence, and above all else, premised on an erroneous understanding of the relevant law.

    2.    Critically, Defendant does not offer any evidence, nor meaningful challenge, to the FDCPA and FCCPA violations clearly established by Plaintiff's Motion for Summary Judgment [D.E. 51], but instead, creates illusory, frivolous, and otherwise unsupported, affirmative

defense(s) and/or challenges to its liability for having violated FDCPA and FDCPA. Nevertheless, Defendant's reborn, *albeit* unenlightened, arguments are addressed in-kind below.

I. **THE "AGENCY RELATIONSHIP" DESCRIBED BY DEFENDANT, BETWEEN THAT OF DEFENDANT AND FOREST RECOVERY SERVICES, LLC, DOES NOT EXEMPT DEFENDANT FROM LIABILITY, NOR DOES DEFENDANT OFFER ANY SUPPORT FOR SUCH A THEORY.**

3. Defendant argues that, because it had an alleged "agency relationship" with Forest Recovery Services, LLC, Defendant was not required comply with the registration requirement of Fla. Stat. § 559.553(1) because Forest Recovery Services, LLC, was (allegedly) properly registered. *See* D.E. 53 ¶ 8-9 ("[Defendant] was an agent of Forest Recovery Services, LLC, and therefore covered under the rules of agency. As such, no infraction of the Florida Statutes has occurred…").

4. Notwithstanding Defendant's continued decision to advance unsupported conclusory arguments, examination of § 559.553 fails to reveal Defendant's prayed-for "agency" exception. In-fact, in the context of the FDCPA and FCCPA, an agency relationship generally creates an extension of liability, rather than a limitation. *See* First Interstate Bank v. Soucie, 924 P.2d 1200 (Colo. App. 1996) (vicarious liability will be imposed on an attorney's client for the attorney's FDCPA violations if the attorney and client were both debt collectors); Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 600, 130 S.Ct. 1605, 1622, 176 L.Ed.2d 519 (2010) ("An attorney's ethical duty to advance the interests of his client is limited by an equally solemn duty to comply with the law and standards of professional conduct."); *see also* Andrus v. Glover Constr. Co., 446 U.S. 608, 616–17, 100 S.Ct. 1905, 1910, 64 L.Ed.2d 548 (1980) ("Where Congress explicitly enumerates certain exceptions to a general prohibition, additional exceptions are not to be implied, in the absence of evidence of a contrary legislative intent.").

**II.   DEFENDANT IS GOVERNED BY FLA. STAT. § 559.553(1) AND DEFENDANT DOES NOT FIT WITHIN AN EXCEPTION CARVED OUT BY FLA. STAT. § 559.553(3).**

5.   In its Response, Defendant, unsurprisingly, advances the same unsupported and erroneous argument, *to wit*, that Defendant falls within an exception to Fla. Stat. § 559.553(1), specifically, Fla. Stat. § 559.553(3)(h). See D.E. 53 at ¶ 15-17. Again, however, as illustrated by the Eleventh Circuit in LeBlanc, Defendant does not fit within the confines of § 559.553(3)(h). Simply put, the very nature of Defendant's business practice is to solicit consumer debt accounts for collection, or, as the LeBlanc court stated, in relevant part:

> [The defendant]'s business activities clearly involve "collecting or attempting to collect consumer debt" from debtors located within Florida by means of interstate communication originating from outside of the state. The dunning letter sent by [defendant] to [plaintiff] expressly states its purpose as an attempt to collect a debt. In addition, the letter originated from outside the State of Florida and was sent via interstate communication, namely, the U.S. Mails.
>
> Although [defendant] claims that it does not engage in "soliciting consumer debt accounts," the record evidence supports the opposite conclusion. [citation omitted]. Though the statute does not define "soliciting," the term "solicitation" is defined as "[t]he act or an instance of requesting or seeking to obtain something; a request or petition" or "an attempt or effort to gain business." BLACK'S LAW DICTIONARY 1398 (7th ed.1999). [Defendant], as a debt collector, requests or seeks new clients from other creditors and then attempts to gain business by acquiring charged off consumer debt accounts. See McCorriston v. L.W.T., Inc., 536 F.Supp.2d 1268, 1278 (M.D.Fla.2008) (reasonable to infer that debt collector is in the business of "soliciting consumer debts for collection"). Accordingly, we find that [defendant] "solicits" consumer debt accounts.

LeBlanc, 601 F.3d 1185 at 1197–98; D.E. 41 at ¶ 39.

[*REMAINDER OF PAGE INTENTIONALLY LEFT BLANK*]

### III. FLORIDA STATE ATTORNEYS AND THEIR ASSISTANTS' STANDING TO PROSECUTE VIOLATIONS OF, *inter alia*, FLA. STAT. § 559.553, IS NEITHER EXPLICITLY, NOR IMPLICITLY, EXCLUSIVE.

6. Defendant argues that Plaintiff lacks standing to seek redress for Defendant's violation of the FCCPA because Florida "… state attorneys and their assistants are authorized to apply to the court of competent jurisdiction within their respective jurisdiction, upon the affidavit of any person alleging a violation of any of the provisions of this part." D.E. 53 at ¶ 22. Defendant next attempts to bolster its lack-of-standing argument by stating, "as outlined in Florida Statutes, Chapter 559. Part VI, 559(72) [sic], there is no civil right of an individual to prosecute a defendant for alleged violations of the statute." Id. at 23. This argument, however, has remains without merit *See* D.E. 44 at ¶ 2 (wherein Defendant had similarly argued Plaintiff was unlawfully "stepping into the shoes of the Florida Attorney General."); *see also* D.E. 1 (wherein Plaintiff overcame Defendant's challenge before it was even advanced by Defendant).[1]

---

[1] As stated in the Complaint:

> On March 30, 2010, the Eleventh Circuit unequivocally pronounced that the failure to register oneself in the State of Florida as a "Consumer Collection Agency" constitutes a valid basis for an alleged violation of the FDCPA. LeBlanc v. Unifund CCR Partners, 601 F.3d 1185 (11th Cir. March 30, 2010) ("We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.").
>
> ∗∗∗
>
> Since the Eleventh Circuit's holding in LeBlanc, at least two Judges in the Southern District of Florida have ruled that the filing of a lawsuit by an unlicensed debt collector violates the FDCPA. *See* Balthazor v. Security Credit Services, LLC, 2012 WL 171097, ∗3 (S.D. Fla., Jan. 20, 2012) (Cohn, J.); Collins v. Erin Capital Management, LLC, Case No. 1:12-cv-22839-CMA (S.D. Fla. 2013) (Altonaga, J.) (Order dated Oct. 28, 2013).

D.E. 1 at ¶ 2 & 27.

**IV.    REQUIRING CONSUMER COLLECTION AGENCIES TO REGISTER WITH A STATE EXECUTIVE AGENCY DOES NOT VIOLATE THE SEPARATION OF POWERS DOCTRINE INHERIT IN FLORIDA'S CONSTITUTION.**

7.      Defendant argues, in its familiar conclusory fashion, that: "[b]y allowing the Office of Financial Regulation of the Financial Services Commission to require 'registration' of lawyers seeking to enforce the rights of their clients, the Legislative branch would be 'exercising power appertaining to either of the other branches…' [sic], [and] [t]herefore, enforcement of Plaintiff's argument would be unconstitutional." *See* D.E. 53 at ¶ 29-30. Such an argument, however, is far too vague and cannot reasonably be addressed.[2]

**V.     PLAINTIFF HAS STANDING TO BRING A CLAIM AGAINST DEFENDANT FOR VIOLATION OF THE FDCPA**

8.      In its Response to Plaintiff's Motion for Summary Judgment, Defendant argues that Plaintiff lacks standing to bring a claim under the FDCPA, citing Spokeo, Inc. v. Robins, 136 S. Ct. 1540, at 1547 (2016) as the relevant seminal authority on the matter. *See* D.E. 53 at ¶ 36 & 39. Defendant's argument is stale and without merit.

9.      The jurisdiction of the federal courts is limited to 'Cases' and 'Controversies' as described in Article III, Section 2 of the Constitution." Diedrich v. Ocwen Loan Servicing, LLC, 839 F.3d 583, 587 (7th Cir. 2016); *see also*, Spokeo, 136 S. Ct. 1540, at 1547. "It is settled that Congress cannot erase Article III's standing requirements by statutorily granting the right to sue to a plaintiff who would not otherwise have standing." Spokeo, 136 S. Ct. 1540 at 1547–48 (further stating that, to "establish injury in fact, a plaintiff must show that he or she suffered 'an invasion

---

[2] It is uncertain, absent *some* meaningful or articulate argument, what Defendant claims to be unconstitutional, as Defendant fails to offer any explanative connection between: (a) the separation of powers doctrine, in the context of the Florida constitution, and; (b) Defendant's violation of 15 U.S.C. § 1692e, e(2)(A), e(5) and e(10) of the FDCPA - *and in light of what Defendant advances as argument elsewhere in its Response*, Plaintiff cannot speculate as to what Defendant is attempting to argue.

of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" Id. at 1548 (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992))).

    10.    In Church v. Accretive Health, Inc., 654 F. App'x 990 (11th Cir. 2016), the Eleventh Circuit addressed Spokeo in terms of the FDCPA, ultimately finding that the plaintiff had suffered an injury in fact of "her statutorily-created right to information pursuant to the FDCPA" without more evidence of harm. The court stated, in relevant part:

> The FDCPA creates a private right of action, which Church seeks to enforce. The Act requires that debt collectors include certain disclosures in an initial communication with a debtor, or within five days of such communication. *See* 15 U.S.C. § 1692e(11); 1692g(a)(1)—(5). The FDCPA authorizes an aggrieved debtor to file suit for a debt collector's failure to comply with the Act. *See* 15 U.S.C. § 1692k(a) ("[A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person...."") Thus, through the FDCPA, Congress has created a new right—the right to receive the required disclosures in communications governed by the FDCPA—and a new injury—not receiving such disclosures.

Church, 654 F. App'x 990 at 994.

    11.    Turning to the matter at hand, Plaintiff has Article III standing to bring the alleged claims against the Defendants under the FDCPA, as the FDCPA established a new right to receive required disclosures from debt collectors and a new injury for failure to receive such disclosures. Id. Further, Plaintiff alleges that Defendant provided deficient and misleading information regarding the Consumer Debt to Plaintiff, which is a "harm defined and made cognizable" by the FDCPA. Because the alleged injury is a defined and cognizable harm under the FDCPA, it is more than a bare procedural violation of the statute. Accordingly, the harm alleged by Plaintiff is a concrete injury in fact sufficient to find Article III standing – and thus – Defendant's standing challenge is meritless.

WHEREFORE, in light of Defendant's unsupported, and otherwise illusory Response [D.E. 53], Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Summary Judgment [D.E. 51],

DATED: October 23, 2017

                                    Respectfully Submitted,

                                    /s/ Jibrael S. Hindi
                                  **JIBRAEL S. HINDI, ESQ.**
                                  Florida Bar No.: 118259
                                  E-mail: jibrael@jibraellaw.com
                                  THE LAW OFFICES OF JIBRAEL S. HINDI
                                  110 SE 6th Street, Suite 1744
                                  Fort Lauderdale, Florida 33301
                                  Phone: 954-907-1136
                                  Fax:    855-529-9540

                                  AND

                                  /s/ Thomas J. Patti
                                  **THOMAS J. PATTI, ESQ.**
                                  Florida Bar No.: 118377
                                  E-mail:tpatti@thomasjohnlaw.com
                                  Thomas-John Law, P.A.
                                  110 SE 6th Street, Suite 1700
                                  Fort Lauderdale, Florida 33301
                                  Phone: 954-543-1325
                                  Fax:    954-507-9975

                                  *COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 23, 2017, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

    /s/ Jibrael S. Hindi               .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259