## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No.: 0:17-cv-60471-UU

GRIFFEN LEE,

      Plaintiff,

v.

CHARLES G. McCARTHY, JR.
d/b/a LAW OFFICE OF CHARLES G.
MCCARTHY JR & ASSOCIATES,

      Defendant.

_____/

### ORDER ON MOTION FOR SUMMARY JUDGMENT

THIS CAUSE is before the Court upon Plaintiff's Motion for Summary Judgment, D.E. 51.

THE COURT has considered the Motion, the pertinent portions of the record and is otherwise fully advised of the premises. For reasons set forth below, Plaintiff's Motion is GRANTED IN PART and DENIED IN PART.

**I.**   **Factual Background**

The following facts are undisputed, unless otherwise indicated.

Defendant is a law firm with its principal place of business in Illinois. D.E. 1-4, 1-5, 51-1. Plaintiff is an individual and citizen of Florida, residing in Broward County. *See* D.E. 1 ¶ 8; D.E. 37 ¶ 8.

This case arises from Defendant's attempt to collect a $448.50 debt from Plaintiff by means of a single letter mailed to Plaintiff on February 1, 2017, which Plaintiff alleges violated the Fair Debt Collection Practices Act ("FDCPA"), as the letter attempted to collect a debt that Defendant lacked the legal authority to collect.

In particular, on February 1, 2017, Defendant mailed Plaintiff a letter, on behalf of Defendant's client, Forest Recovery Services, LLC ("Forest"), to collect an allegedly outstanding debt amounting to $448.50 (the "Letter"). D.E. 37 ¶ 17; D.E. 60 ¶ 5(i)-(ii). The Letter provided, in relevant part:

> The firm represents the above referenced creditor in the matter of your unpaid account. **This debt is overdue and we will use all legally appropriate means for collection.** If there is some dispute as to the amount of this claim, we will consider any information you wish to give us. We are also prepared to work out a reasonable payment plan.
>
> . . .
>
> **This communication is from a debt collector. The purpose of this letter is to collect a debt and any information obtained will be used for that purpose.**
>
> No determination has been made at this time whether this claim will result in the filing of a lawsuit. It is our hope that this matter will be resolved without court action. If a decision to sue is made, the claim will be forwarded to an attorney in the appropriate venue.

D.E. 1-6 (emphasis added). In addition, the bottom right hand corner of the letter directed Plaintiff to visit www.mccarthylf.com to "click on Make a Payment to review [his] account and other payment options." *Id.* Defendant's website included Terms of Use, which provided, in relevant part: "This communication is from a Debt Collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." D.E. 51-1.

There is no dispute that: (1) Plaintiff is a "consumer" within the meaning of the FDCPA; and (2) Plaintiff's $448.50 debt constituted a "consumer debt" governed by the FDCPA and Florida Consumer Collection Practices Act, Fla. Stat. § 559.553 (the "FCCPA"). D.E. 37 ¶¶ 13, 14; D.E. 60 ¶5(iii). In addition, there is no dispute that Defendant was not registered as a consumer collection agency, as provided by Fla. Stat. § 559.553(1), prior to attempting to collect the debt from Plaintiff. D.E. 60 ¶ 5(iv). As set forth more fully below, Plaintiff contends that

Defendant's failure to obtain a license to collect consumer debts in Florida, combined with Defendant's attempt to collect Plaintiff's allegedly outstanding debt, violates the FDCPA. D.E. 1 ¶ 29; D.E. 37 ¶ 29.

## II.    Procedural Background

On March 4, 2017, Plaintiff filed the instant action, alleging one claim for violation of the FDCPA, on grounds that that Defendant sought to collect a debt without being properly licensed in Florida, as required by Fla. Stat. § 559.553(1), thereby violating 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692e(10). D.E. 1 ¶¶ 38-40.

On May 10, 2017, Defendant filed its Answer to Plaintiff's Complaint. D.E. 26. On May 24, 2017, the Court issued its Scheduling Order for Pretrial Conference and Trial which, among other things, set a June 23, 2017 deadline to amend pleadings, September 22, 2017 discovery cut-off, and October 13, 2017 dispositive motion deadline. D.E. 32.

On June 23, 2017, Defendant filed its First Amended Answer and Affirmative Defenses to Complaint and Counterclaim, alleging one counterclaim for malicious prosecution (Count I). D.E. 37.

On July 5, 2017, Plaintiff filed a Motion for Judgment on the Pleadings or, in the Alternative, Motion for Summary Judgment and Motion to Dismiss Defendant's Counterclaim. D.E. 41. On September 18, 2017, the Court granted in part and denied in part Plaintiff's Motion, thereby dismissing Defendant's counterclaim for malicious prosecution.

On October 2, 2017, Plaintiff filed the instant Motion for Summary Judgment. D.E. 51. Defendant opposes Plaintiff's Motion.

III.   **Discussion**

A. Legal Standard

Summary judgment is authorized only when the moving party meets its burden of demonstrating that "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 175 (1970). When determining whether the moving party has met this burden, the Court must view the evidence and all factual inferences in the light most favorable to the non-moving party. *Adickes*, 398 U.S. at 157; *Rojas v. Florida*, 285 F.3d 1339, 1341-42 (11th Cir. 2002).

The party opposing the motion may not simply rest upon mere allegations or denials of the pleadings; after the moving party has met its burden of proving that no genuine issue of material fact exists, the non-moving party must make a showing sufficient to establish the existence of an essential element of that party's case and on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Catrell*, 477 U.S. 317 (1986); *Poole v. Country Club of Columbus, Inc.*, 129 F.3d 551, 553 (11th Cir. 1997); *Barfield v. Brierton*, 883 F.2d 923, 933-34 (11th Cir. 1989).

If the record presents factual issues, the Court must not decide them; it must deny the motion and proceed to trial. *Envntl. Def. Fund v. Marsh*, 651 F.2d 983, 991 (5th Cir. 1981).[1] Summary judgment may be inappropriate even where the parties agree on the basic facts, but disagree about the inferences that should be drawn from these facts. *Lighting Fixture & Elec.*

---

[1] Decisions of the United States Court of Appeals for the Fifth Circuit entered before October 1, 1981, are binding precedent in the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981).

*Supply Co. v. Cont'l Ins. Co.*, 420 F.2d 1211, 1213 (5th Cir. 1969). If reasonable minds might differ on the inferences arising from undisputed facts, then the Court should deny summary judgment. *Impossible Elec. Techniques, Inc. v. Wackenhut Protective Sys., Inc.*, 669 F.2d 1026, 1031 (5th Cir. 1982); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) ("[T]he dispute about a material fact is 'genuine,' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.").

Moreover, the party opposing a motion for summary judgment need not respond to it with evidence unless and until the movant has properly supported the motion with sufficient evidence. *Adickes*, 398 U.S. at 160. The moving party must demonstrate that the facts underlying all the relevant legal questions raised by the pleadings or are not otherwise in dispute, or else summary judgment will be denied notwithstanding that the non-moving party has introduced no evidence whatsoever. *Brunswick Corp. v. Vineberg*, 370 F.2d 605, 611-12 (5th Cir. 1967). The Court must resolve all ambiguities and draw all justifiable inferences in favor of the non-moving party. *Liberty Lobby, Inc.*, 477 U.S. at 255.

B. <u>Analysis</u>

Plaintiff argues that he is entitled to summary judgment on his FDCPA claim, which alleges violations of 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692e(10). D.E. 51.

To prevail on a claim for violations of the FDCPA, Plaintiff must prove that: "(1) Defendant is a debt collector; (2) Plaintiff was the object of collection activity arising from consumer debt; and (3) Defendant engaged in an act or omission prohibited by the FDCPA." *Garrison v. Caliber Home Loans, Inc.*, 233 F. Supp. 3d 1282, 1290 (M.D. Fla. 2017) (collecting cases).

5

Here, there is no genuine dispute that: (1) Defendant is a debt collector, as defined by 15 U.S.C. § 1692(a)(6);[2] and (2) Plaintiff was the object of collection activity arising from consumer debt, as defined by 15 U.S.C. § 1692a(6). D.E. 60 ¶ 5(i)-(iii); D.E. 37 ¶¶ 13-15, 17. However, Defendant argues that Plaintiff is not entitled to summary judgment, in principal part, because: (1) Plaintiff lacks standing to assert any claim under the FDCPA; and (2) in any event, Defendant did not engage in any act or omission prohibited by the FDCPA, as Defendant is subject to an exemption from Florida's registration requirements for consumer collection agencies under Fla. Stat. § 559.553(3)(h).

        *i.*      *Standing*

In response to Plaintiff's Motion for Summary Judgment, Defendant argues that Plaintiff lacks standing under the FDCPA because Plaintiff has not introduced any evidence that he suffered actual damages as a result of Defendant's alleged FDCPA violation. D.E. 53 p. 6, ¶¶ 39-40.

While the Court agrees that Plaintiff has not introduced **any** evidence of actual damages, the Court rejects Defendant's argument that Plaintiff's failure to show actual damages requires that the Court dismiss this case for lack of standing. In *Church v. Accretive Health, Inc.*, the

---

[2] In its Response, Defendant conceded it is a debt collector, as Defendant states in its Response to Plaintiff's Motion for Summary Judgment that "Defendant Charles G. McCarthy Jr. D/B/A/ Law Office of Charles G. McCarthy Jr. & Associates is considered a debt collector by the legal definition well established by stare decisis." D.E. 53 ¶¶ 6-7. In addition, even if Defendant had not conceded that it is a debt collector for purposes of the FDCPA, a review of the record shows that there is no genuine dispute that Defendant mailed a letter to Plaintiff on February 1, 2017 in "an attempt to collect consumer debt" that was "due or asserted to be owed or due another." D.E. 1-6; D.E. 1 ¶ 17; D.E. 37 ¶ 17; *see* 15 U.S.C. § 1692a(6). In fact, Defendant's Letter stated: "This communication is from a debt collector. The purpose of this letter is to collect a debt and any information obtained will be used for that purpose." D.E. 1-6. Moreover, the Terms of Use on Defendant's website, which is expressly referred to in the Letter, holds Defendant out as a "Debt Collector" that "attempt[s] to collect . . . debt[s]." D.E. 1-6; D.E. 51-1; 15 U.S.C. § 1692a(6); *see also Agan v. Katzman & Korr, P.A.*, No. 03-62145-CIV, 2004 WL 555257, at *1 (S.D. Fla. Mar. 16, 2004) (holding that attorneys can be debt collectors under the FDCPA).

Eleventh Circuit held that a debtor had shown concrete injury-in-fact where she alleged that a letter sent to her "did not contain all of the FDCPA's required disclosures" because the FDCPA gives debtors a "statutorily-created right to information pursuant to the FDCPA." *Church*, 654 F. App'x at 994-995.  In addition, decisions from virtually every court in this Circuit have applied *Church* to hold that debtors have Article III standing where they allege technical FDCPA violations—even absent actual damages—because the FDCPA creates various substantive rights on behalf of debtors contacted by debt collectors. *Bryant v. Aargon Collection Agency, Inc.*, No. 17-CV-14096, 2017 WL 2955532, at *3 (S.D. Fla. June 30, 2017) (denying motion to dismiss for lack of standing where debtor brought FDCPA claim alleging violations of her statutory right to receive certain disclosures in communications from debt collectors); *Michael v. HOVG, LLC*, 232 F. Supp. 3d 1229, 1235 (S.D. Fla. 2017) (denying motion to dismiss for lack of standing where debtor brought FDCPA claim alleging violations of the FDCPA based on "false representation or deceptive means" or "unfair or unconscionable practices" under 1692e(10) and 1692f); *Daniel Lee v. Select Portfolio Servicing, Inc.*, No. 116CV01080CAPWEJ, 2016 WL 9275411, at *6 (N.D. Ga. Aug. 25, 2016), *report and recommendation adopted*, No. 1:16-CV-1080-CAP, 2016 WL 9308541 (N.D. Ga. Sept. 15, 2016); *Hall v. Global Credit & Collection Corp.*, 2016 WL 4441868, at *3-4 (M.D. Fla. Aug. 23, 2016); *Dickens v. GC Servs. Ltd. P'ship*, No. 8:16-CV-803-T-30TGW, 2016 WL 3917530, at *2 (M.D. Fla. July 20, 2016); *Thorne v. Accounts Receivable Mgmt., Inc.*, No. 11-22290-CIV, 2012 WL 3108662, at *6 (S.D. Fla. July 24, 2012).

Based on well-settled case law, the Court concludes that Plaintiff has, without question, shown a concrete injury based on Defendant's alleged technical violations of the FDCPA, such that Plaintiff has Article III standing. *Church*, 654 F. App'x at 994-995; *Bryant*, 2017 WL

2955532, at *3; *Michael*, 232 F. Supp. 3d at 1235; *Daniel Lee*, 2016 WL 9275411, at *6; *Hall*, 2016 WL 4441868, at *3-4; *Dickens*, 2016 WL 3917530, at *2.

ii.      *Whether Defendant violated the FDCPA*

(a) <u>Parties' Arguments</u>

Plaintiff argues that it is entitled to summary judgment because Defendant violated the FDCPA by sending Plaintiff the February 1, 2017 Letter. In particular, Plaintiff argues that Defendant violated: (1) 15 U.S.C. § 1692e, which prohibits a debt collecting from using "any false, deceptive, or misleading misrepresentation or means in connection with the collection of any debt;" (2) 15 U.S.C. § 1692e(2)(a), which prohibits "false representation of . . . the character, amount, or legal status of any debt . . . or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt;" (3) 15 U.S.C. § 1692e(5), which prohibits the "threat to take any action that cannot legally be taken or that is not intended to be taken;" and (4) 15 U.S.C. § 1692e(10), which prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." D.E. 51 pp. 8-12.

In particular, Plaintiff argues that Defendant violated the FDCPA by mailing the February 1, 2017 debt collection letter because: (1) the Letter represented that Defendant, acting as a debt collector, was entitled to collect a debt; (2) the Letter represented that Defendant, acting as a debt collector, would "use all legally appropriate means for collection," including instituting legal action, if Plaintiff failed to pay his outstanding debt; and (3) Defendant misrepresented its ability to collect Plaintiff's debt, as a debt collector, because Defendant was "not licensed to do business in Florida as a consumer collection agency" under Section 559.553 of the FCCPA. D.E. 51. In support, Plaintiff relies on Fla. Stat. § 559.553 and courts from this District and Circuit

interpreting whether and how failure to register under Fla. Stat. § 559.553 might serve as a predicate act for a debtor's FDCPA claim.

Section 559.553(1) of the FCCPA provides:

> A person may not engage in business in this state as a consumer collection agency or continue to do business in this state as a consumer collection agency without first registering in accordance with this part, and thereafter maintaining a valid registration.

Fla. Stat. § 559.553(1).

However, Section 559.553(1) has a handful of exemptions to this registration requirement. The exemption at issue in this case applies to an "out-of-state consumer debt collector." Fla. Stat. § 559.553(3). In particular, the statute provides:

> (3) This section does not apply to:
>
> . . .
>
> (h) An out-of-state consumer debt collector who does not solicit consumer debt accounts for collection from credit grantors who have a business presence in this state.

Fla. Stat. § 559.553(3)(h). The statute defines an "out-of-state consumer debt collector" in the following way:

> (11) "Out-of-state consumer debt collector" means any person whose business activities in this state involve both collecting or attempting to collect consumer debt from debtors located in this state by means of interstate communication originating from outside this state and soliciting consumer debt accounts for collection from creditors who have a business presence in this state. For purposes of this subsection, a creditor has a business presence in this state if either the creditor or an affiliate or subsidiary of the creditor has an office in this state.

Fla. Stat. § 559.55.

Plaintiff contends that it is entitled to judgment on the pleadings because: (1) Defendant was required to register under Fla. Stat. § 559.553(1); (2) Defendant is not exempt under Section 559.553(3)(h); and (3) the Eleventh Circuit, as well as district courts within this Circuit have

9

held that a consumer collection agency's failure to register itself under the FCCPA, coupled with an attempt to collect debt by suing or threatening to sue a debtor, constitutes a violation of the FDCPA. Plaintiff relies mainly on *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185 (11th Cir. 2010), which held that failing to register under Fla. Stat. § 559.553(1) "may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take." *LeBlanc*, 601 F.3d at 1192; *see also Erickson v. Gen. Elec. Co.*, 854 F. Supp.       2d       1178,       1183       (M.D.       Fla.       2012) ("In *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1190 (11th Cir.   2010),   the   Eleventh Circuit, as a matter of first impression, held that a violation of FCCPA may support a cause of action under § 1692e of the FDCPA.").

Defendant responds in three main ways. As an initial matter, Defendant agrees that it is not, and at the time of mailing the February 1, 2017 Letter was not, licensed as a consumer collection agency under Fla. Stat. § 559.553(1). D.E. 60 ¶ 5(iv). Second, however, Defendant argues that Plaintiff misinterprets *LeBlanc* and cases interpreting *LeBlanc*. According to Defendant, the *LeBlanc* court did not hold that a debt collection agency's failure to register under the FCCPA necessarily constitutes a violation of the FDCPA; instead, the Eleventh Circuit held that failure to register *could* violate the FDCPA where the "conduct or communication at issue . . . also violate the relevant provision[s] of the FDCPA." *See* D.E. 44 p. 8, ¶ 44; *LeBlanc,* 601 F.3d at 1192. In other words, Defendant argues that Plaintiff's FDCPA claim hinges entirely on Defendant's failure to register under Florida law, which is insufficient to render Defendant liable under the FDCPA and *LeBlanc*, because Plaintiff must also show a violation of **<u>another</u>** FDCPA provision before it can prevail on his FDCPA claim. D.E. 53 p. 7 ¶¶ 41-43.

Lastly, Defendant argues that, in any event, Defendant is exempt from the registration requirements of Fla. Stat. § 559.553(1) based on the out-of-state consumer exception set forth under Section 559.553(3)(h), which provides that Section 559.533(1) licensing requirements do not apply to: "An out-of-state consumer debt collector who does not solicit consumer debt accounts for collection from credit grantors who have a business presence in this state." Fla. Stat. § 559.553(3)(h).

In support, Defendant relies entirely on an affidavit submitted by Charles G. McCarthy, Jr. ("McCarthy") the attorney and solo practitioner operating Defendant's law firm, filed in support of Defendant's Response. D.E. 53 pp. 10-15. In the affidavit, McCarthy states, in relevant part, that: (1) Defendant "does not purchase debt on any market;" (2) Defendant is "hired by clients to collect debts owed to the client;" (3) Defendant "does not solicit consumer debt accounts for collection from credit grantors who have a business presence in Florida;" and (4) therefore, Defendant "by statute, is exempt from registration." D.E. 53 pp. 10-11, ¶¶ 4, 11-12, 15.

### (b) Court's Ruling

After carefully reviewing the parties' arguments and the Eleventh Circuit's decision in *LeBlanc*, the Court concludes that Plaintiff is entitled to partial summary judgment.[3]

In *LeBlanc*, the Eleventh Circuit reversed the trial court's entry of summary judgment in favor of a debt collector, where the debt collector: (1) failed to register as a consumer collection agency, as required by Fla. Stat. § 559.553; and (2) mailed a letter that a reasonable jury could

---

[3] The Court expressed skepticism that Plaintiff would prevail on summary judgment under *LeBlanc* in its September 18, 2017 Order. Upon further reflection, however, the Court concludes that *LeBlanc* does expressly permit debtors to bring FDCPA claims where, as here, an entity stating that it is a "debt collector" seeks to collect a debt, including by threatening legal action, without first registering to collect debt as required under Florida Statute § 559.553(1).

conclude constituted a "threat to take legal action." *LeBlanc*, 601 F.3d at 1193-1202. In doing so, the *LeBlanc* Court explained that based on the legislative history of the FCCPA and FDCPA, as well as an analysis of the plain language of both statutes:

> We therefore hold that a violation of the FCCPA for failure to register may, in fact, support a federal cause of action under Section 1692e(5) of the FDCPA for threatening to take an action it could not legally take.
>
> As explained herein, we do not hold that all debt collector actions in violation of state law constitute *per se* violations of the FDCPA. Rather, the conduct or communication at issue must also violate the relevant provision of the FDCPA.
>
> . . .
>
> "Only those collection activities that use 'any false, deceptive, or misleading representation or means,' including '[t]he threat to take any action that cannot legally be taken' under state law, will also constitute FDCPA violations." (internal citations and quotations omitted)

*LeBlanc*, 601 F.3d at 1192.

Thus, district courts applying *LeBlanc* have held that a debt collector can violate the FDCPA by failing to register under Fla. Stat. § 559.553 and, then, either threatening to collect a debt by means of legal action or taking legal action that the debt collector was not authorized to take under Fla. Stat. § 559.553—as long as the debt collector is not exempt from the registration requirements under Section 559.553. *Balthazor v. Sec. Credit Servs.*, *LLC*, No. 11-60867-CIV, 2012 WL 171097, at *3 (S.D. Fla. Jan. 20, 2012) (denying debt collector's motion for summary judgment on grounds that the debtor could prevail on an FDCPA claim based on an unlicensed debt collector suing the debtor); *Ambroise v. Am. Credit Adjusters, LLC*, No. 15-22444-CIV, 2016 WL 6080454, at *2 (S.D. Fla. Mar. 22, 2016) ("Plaintiff's Complaint adequately states a claim for statutory damages pursuant to the FDCPA based on Defendant's attempt to collect on a debt while failing to register with the Florida Office of Financial Regulation. Plaintiff alleges Defendant was an out-of-state debt collector (*see id.* ¶ 8), and threatened it had cases against her

which could go away if she paid the debts (*see id.* ¶¶ 33–34). This is sufficient."); *Carrero v. LVNV Funding, LLC*, No. 11-62439-CIV, 2014 WL 6433214, at *3 (S.D. Fla. Oct. 27, 2014) (denying motion to dismiss FDCPA claim where the debtor alleged that a debt collector "attempted to and did collect consumer debts without first registering with the state of Florida as a consumer collection agency as required by Fla. Stat. § 559.553"); *Rigney v. Livingston Fin., LLC*, No. 612CV617ORL37TBS, 2014 WL 12625790, at *4 (M.D. Fla. Mar. 6, 2014), *report and recommendation adopted*, No. 612CV617ORL37TBS, 2014 WL 12633494 (M.D. Fla. Mar. 13, 2014) ("If, as alleged here, a company attempts to recover a delinquent debt but has failed to register as a consumer collection agency, that failure may support a federal cause of action under § 1692e(5) of the FDCPA, because the company has threatened to take an action it could not legally take."); *Newton v. Palm Coast Recovery Corp.*, 2014 WL 293484, at *1-4 (S.D. Fla. Jan. 27, 2014) (denying motion to dismiss where the plaintiff alleged that the defendant "attempted to collect a debt from him without first having registered as a consumer collection agency in the State of Florida, as required by the Florida Consumer Collection Practices Act . . . because [if] Palm Coast was not legally authorized to collect consumer debts without this registration, [then] Palm Coast's state-court lawsuit against him violated the federal Fair Debt Collection Practices Act."); *Erickson v. Gen. Elec. Co.*, 854 F. Supp. 2d 1178, 1183 (M.D. Fla. 2012) ("The Court disagrees with Equable's broad stance that FDCPA cannot be an enforcement mechanism for violations of state law. In *LeBlanc v. Unifund CCR Partners,* 601 F.3d 1185, 1190 (11th Cir.2010), the Eleventh Circuit, as a matter of first impression, held that a violation of FCCPA may support a cause of action under § 1692e of the FDCPA.").

In light of *LeBlanc* and cases interpreting this decision, the Court concludes that Plaintiff is entitled to partial summary judgment on grounds that Plaintiff has proven his FDCPA claim

under 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(2)(A), 15 U.S.C. § 1692e(5) and 15 U.S.C. § 1692e(10) based on Defendant failing to register under Fla. Stat. § 559.553 and, then, attempting to collect the $448.50 debt by threatening to take action that Defendant was not authorized to take—**in Defendant's capacity as a debt collector**[4]—without first registering under Fla. Stat. § 559.553. This is true for four reasons.

First, there is no dispute that Defendant was not registered as a consumer collection agency, as required by Fla. Stat. § 559.553(1), before attempting to collect the debt from Plaintiff. D.E. 60 ¶ 5(v). Second, there is no genuine dispute of material fact that Defendant's February 1, 2017 Letter was both: (1) an attempt to collect a debt; and (2) a threat to take "all legally appropriate" actions against Plaintiff in the event that Plaintiff did not pay Defendant $448.50. D.E. 1-6 (stating that "[t]his communication is from a debt collector," that the "purpose for this letter is to collect a debt," and Defendant intended to use "all legally appropriate means for collection," including possibly "filing . . . a lawsuit").

Third, Defendant's February 1, 2017 notice therefore violated various substantive provisions of the FDCPA. In particular, the Letter was, under the "least sophisticated consumer" standard[5]: (1) "false, deceptive [and] misleading", in violation of 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10) because it would lead a consumer to wrongfully believe that Defendant was lawfully permitted to directly engage Plaintiff for repayment of the outstanding debt; (2) a "false

---

[4] To be clear, the Court **does not** conclude that an out-of-state law firm cannot, in certain circumstances, file suit in the State of Florida on behalf of a client that is owed a debt. Instead, the Court only finds that a law firm **acting as a debt collector** cannot threaten to institute legal action under the FCCPA and FDCPA without first registering under Fla. Stat. § 559.553, absent demonstrating that the debt collector is exempt from Florida's registration requirements.

[5] In analyzing FDCPA claims, the Eleventh Circuit has made clear that courts must consider "whether the 'least sophisticated consumer' would have been deceived by the debt collector's conduct." *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258-59 (11th Cir. 2014).

representation of the character, amount, or legal status" of the debt, in violation of 15 U.S.C. § 1692e(2)(A), because it would lead a consumer to wrongfully believe that Defendant could take legal action, in its capacity as an unlicensed Florida debt collector, to recover the debt; and (3) a "threat to take any action that cannot be legally taken," in violation of 15 U.S.C. § 1692e(4), because it would lead a consumer to conclude that Defendant threatened legal action that Defendant could not legally take in its capacity as an unlicensed debt collector under Florida law. *LeBlanc,* 601 F.3d at 1190; *Balthazor,* No. 11-60867-CIV, 2012 WL 171097, at *3; *see also Ambroise*, No. 15-22444-CIV, 2016 WL 6080454, at *2.

However, the Court finds that there is, **just barely**, a genuine dispute of material fact concerning whether Defendant is entitled to the "out-of-state consumer debt collection" exemption set forth under Fla. Stat. § 559.553(3)(h), which provides that Florida's consumer collection agency registration requirements do not apply to: "An out-of-state consumer debt collector[6] who does not solicit consumer debt accounts for collection from credit grantors who have a presence in the state."

The only evidence to support Defendant's claim that it is entitled to the Section 559.553(3)(h) exemption comes from McCarthy, the owner and solo practitioner of Defendant's law firm. In particular, McCarthy offered a sworn affidavit in support of Defendant's Response

---

[6] An "out-of-state consumer debt collector" is defined as:

> [A]ny person whose business activities in this state involve both collecting or attempting to collect consumer debt from debtors located in this state by means of interstate communication originating from outside this state and soliciting consumer debt accounts for collection from creditors who have a business presence in this state. For purposes of this subsection, a creditor has a business presence in this state if either the creditor or an affiliate or subsidiary of the creditor has an office in this state.

Fla. Stat. § 559.55.

which stated, in relevant part, that: (1) Defendant "does not purchase debt on any market;" (2) the creditors of the debt at issue in this case, Forest Recovery Services, LLC and Boca Raton Gastroenterology have offices in the State of Florida; (3) Defendant "does not solicit consumer debt accounts for collection from credit grantors [such as Forest Recovery Services, LLC and Boca Raton Gastroenterology] who have a business presence in Florida;" and (4) Defendant is, therefore, "by statute, exempt from registration." D.E. 53 pp. 10-11, ¶¶ 4, 11-12, 15.

McCarthy's affidavit is, to a large degree, conclusory, lacks specific supporting facts and contains inadmissible legal conclusions. Thus, the Court takes serious issue with McCarthy's affidavit. Still, McCarthy's affidavit does offer evidence unrefuted by Plaintiff, based on his McCarthy's personal knowledge, that: (1) Defendant "does not purchase debt on any market;" (2) the creditors of the debt at issue in this case, Forest Recovery Services, LLC and Boca Raton Gastroenterology have offices in the State of Florida; and (3) Defendant "does not solicit consumer debt accounts for collection from credit grantors [such as Forest Recovery Services, LLC and Boca Raton Gastroenterology] who have a business presence in Florida." D.E. 53 pp. 10-11, ¶¶ 4, 11-12.

This evidence is just enough to defeat summary judgment with respect to the FCCPA exemption under Fla. Stat. § 559.553(3)(h).[7] *See, e.g., Reid v. Sec'y, FL Dept of Corr.*, 486 F.

---

[7] Defendant escapes summary judgment by the **thinnest** of margins, as the Eleventh Circuit has repeatedly made clear that a plaintiff or defendant cannot defeat summary judgment solely by relying on affidavits or declarations that are "conclusory," "lack[] specific supporting facts," or contain legal conclusions. *Hetherington v. Wal-Mart, Inc.*, 511 F. App'x 909, 911–12 (11th Cir. 2013) (concluding that statements "had no probative value with respect to whether summary judgment should be granted because they were conclusory and lacked specific supporting facts"); *Hill v. Oil Dri Corp. of Georgia*, 198 F. App'x 852, 858 (11th Cir. 2006) ("To survive summary judgment, opposing affidavits must set forth *specific facts* showing that there is an issue for trial. Plaintiffs' EEOC affidavits were too conclusory and lacking in specific facts to create genuine issues of material fact as to whether they suffered adverse employment actions or

App'x 848, 852 (11th Cir. 2012) (considering self-serving testimony on summary judgment); *Newsome v. Chatham Cty. Det. Ctr.*, 256 F. App'x 342, 346 (11th Cir. 2007) (same); *Price v. Time, Inc.,* 416 F.3d 1327, 1345 (11th Cir. 2005) (same). Accordingly, it is

ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment, D.E. 51, is GRANTED IN PART and DENIED IN PART. Plaintiff has shown no genuine dispute of material fact that Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692e(4), as set forth herein, **as long as** Defendant is not subject to the exemption to Florida's licensing requirements under Fla. Stat. § 559.553(3)(h). The parties shall proceed to trial on the Section 559.553(3)(h) exemption as well as on damages. It is further

ORDERED AND ADJUDGED that the parties SHALL file a revised Joint Pretrial Stipulation, **including** revised Joint Proposed Jury Instructions and Joint Proposed Verdict Forms, which complies with the Court's rulings herein, no later than **Wednesday, December 20, 2017 at 3:00 p.m. The parties' Joint Pretrial Stipulation SHALL NOT add any additional witnesses or exhibits, besides those already disclosed in the parties' Joint Pretrial Stipulation**. **In addition, the parties' Joint Proposed Jury Instructions SHALL include substantive instructions concerning the exemption under Florida Statute Section 559.553(3)(h).** It is further

ORDERED AND ADJUDGED that the parties SHALL meet and confer and, then, file one brief setting forth the parties' respective positions as to whether Plaintiff or Defendant bear the burden of proving that Defendant is or is not entitled to the exemption under Fla. Stat. § 559.553(3)(h), no later than **Wednesday, December 20, 2017** at **3:00 p.m.** The brief SHALL NOT exceed seven (5) pages.

---

whether white employees were similarly situated."); *Leigh v. Warner Bros.*, 212 F.3d 1210, 1217 (11th Cir. 2000); *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991).

DONE AND ORDERED in Miami, Florida this _19th__ day of December, 2017.

URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided: counsel of record