UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-cv-60471-JJO

GRIFFEN LEE,

    Plaintiff,

v.

LAW OFFICE OF CHARLES G.
MCCARTHY JR. & ASSOCIATES,

    Defendant.
_____/

**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND
INCORPORATED MEMORANDUM OF LAW**

    Plaintiff GRIFFEN LEE ("Plaintiff"), by and through undersigned counsel, moves for summary judgment under Rule 56 of the Federal Rules of Civil Procedure against Defendant, LAW OFFICE OF CHARLES G. MCCARTHY JR. & ASSOCIATES ("Defendant").

**I.    BACKGROUND**

    1.    On March 04, 2017, Plaintiff filed the Complaint [D.E. 1] against Defendant for violation of 15 U.S.C §1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA"), and Florida Statute §559.55 *et seq.*, the Florida Consumer Collection Practices Act ("FCCPA"). In short, Plaintiff claimed that Defendant violated § 1692e, e(2)(A), e(5), and e(10) of the FDCPA by attempting to collect a debt from Plaintiff without first registering as a consumer collection agency, pursuant to § 559.551 of the FCCPA. *See* <u>Id</u>. at ¶¶ 1-5, 36-40.

    2.    On December 19, 2017, an Order [D.E. 64] on Plaintiff's *prior* Motion for Summary Judgement [D.E. 51] was issued, and as a result thereof, the outcome of the present

action was narrowed to a singular issue, *to wit*, whether Defendant fits within the exemption carved out by Fla. Stat. § 559.553(3)(h). In particular, it was "ORDERED AND ADJUDICATED" that:

> Plaintiff's Motion for Summary Judgment, D.E. 51, is GRANTED IN PART and DENIED IN PART. Plaintiff has shown no genuine dispute of material fact that Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e10), 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692(4), as set forth herein, as long as Defendant is not subject to the exemption to Florida's licensing requirements under Fla. Stat. § 559.553(3)(h). The parties shall proceed to trial on the Section 559.553(3)(h) exemption as well as on damages.

D.E. 64 at 17.

Also, as part of the Order, it was further required that:

> [T]he parties SHALL meet and confer and, then, file one brief setting forth the parties' respective positions as to whether Plaintiff or Defendant bear the burden of proving that Defendant is or is not entitled to the exemption under Fla. Stat. § 559.553(3)(h).

D.E. 64 at 17; *see* D.E. 65 (the requested brief, *i.e.*, *Plaintiff's Brief Regarding Burden of Proving Exemption*, submitted to the Court for consideration).

3. On December 22, 2017, the issue of whom bears the burden of proving, or disproving whether Defendant qualifies for the exemption under Fla. Stat. § 559.553(3)(h) was resolved at the Pretrial Conference[1] before Judge Ursula Ungaro upon Plaintiff's inquiry, *in that*, the Court clarified that **Defendant has the burden of proving exemption under Fla. Stat. § 559.553(3)(h)**. *See* Transcript of 12/22 Pretrial Conference at 13, ¶ 1-6 (wherein the Court stated that "the defendant bears the burden of going forward on the [exemption] and the burden of proof on the affirmative defense…").

---

[1] Attached hereto as Exhibit "A" is the transcript of the Pretrial Conference conducted before Judge Ursula Ungaro on December 22, 2017 (the "Transcript of 12/22 Pretrial Conference").

4.	On January 7, 2018, the Parties filed a Joint Motion for Modification of the Scheduling Order [D.E. 70] seeking to extend the cutoff for summary judgment motions.

5.	On January 17, 2018, as part of the Order Setting Pretrial Conference and Trial Date [D.E. 72], this Court, *inter alia*, granted the Joint Motion [D.E. 70], ordering that: "*[a]ny and all pretrial motions, including motions for summary judgment, must be filed no later than Wednesday,* **January 31, 2018**. *Responses to any motions for summary judgment shall be filed on or before Wednesday,* **February 14, 2018**. *Any replies shall be filed on or before Wednesday,* **February 21, 2018**." D.E. 72 at 1 (emphasis added).

6.	Accordingly, the forgoing Motion for Summary Judgment is that which Plaintiff had prayed to file [D.E. 70] and this Honorable Court permitted [D.E. 72].

## II.	MEMORANDUM OF LAW

### A.	STANDARD FOR SUMMARY JUDGMENT

7.	Summary judgment is appropriate when "the pleadings . . . show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986); HCA Health Servs. of Ga., Inc. v. Employers Health Ins. Co., 240 F.3d 982, 991 (11th Cir. 2001). Once the moving party demonstrates the absence of a genuine issue of material fact, the non-moving party must "come forward with 'specific facts showing that there is a genuine issue for trial.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)).

8.	The Court must view the record and all factual inferences therefrom in the light most favorable to the non-moving party and decide whether "'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must

prevail as a matter of law.'" Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997) (*quoting* Anderson, 477 U.S. at 251-52).

9. As a general rule, the Court may not weigh conflicting evidence when considering a motion for summary judgment. *See* Skop v. City of Atlanta, 485 F.3d 1130, 1140 (11th Cir. 2007). However, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for ruling on a motion for summary judgment." Scott v. Harris, 550 U.S. 372, 380 (2007). CompuLife Software, Inc. v. Binyomin Rutstein, 2017 WL 2813840, at *2 (S.D. Fla. June 29, 2017).

### B. REQUIREMENTS OF EXEMPTION § 559.553(3)(h)

10. Pursuant to Fla. Stat. § 559.553(3)(h), the FCCPA exempts from registration "any *out-of-state consumer debt collector* who *does not solicit* consumer debt accounts for collection from *credit grantors* who have a business presence within Florida." LeBlanc v. Unifund CCR Partners, 601 F.3d 1185, 1197 (11th Cir. 2010) (*quoting* § 559.553(3)(h)) (emphasis added).

11. Thus, to qualify for exemption under Fla. Stat. § 559.553(3)(h), a defendant *must both* (1) **be an out-of-state debt collector**; *and* (2) **not solicit consumer debt accounts for collection from credit grantors that have business presence in Florida**. Id.

12. The term "out-of-state consumer debt collector" is defined by the FCCPA as "any person whose business activities in this state [that] involve *both* collecting or attempting to collect consumer debt from debtors located in this state by means of interstate communication originating from outside this state *and soliciting* consumer debt accounts for collection from *creditors* who

have a business presence in this state." LeBlanc, 601 F.3d 1185 at 1197. (quoting Fla. Stat. § 559.55(11)) (emphasis added).[2]

13. Thus, to be an "out-of-state debt collector" in the context of § 559.553(3)(h), a defendant must both (1) **collect and/or attempt to collect consumer debts from Florida debtors**; *and* (2) **solicit consumer debt accounts for collection from creditors that have a business presence in Florida**.

14. The term "creditor" is defined by the FCCPA as "any person who offers or extends credit creating a debt or to whom a debt is owed, but does not include any person to the extent that they receive an assignment or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." Fla. Stat. § 559.55(5).

15. The term "credit grantor" is not defined by the FCCPA. Although the FCCPA is silent as to the meaning of "credit grantor," the Florida legislature's decision to only define "creditor," along with the context in which "credit grantor" is used, makes clear that a "credit grantor" is a subset of "creditor." *See* In re Appling, 848 F.3d 953, 959 (11th Cir. 2017) ("If possible, every word and every provision is to be given effect . . . . None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence"). In the context of each statute, Fla. Stat. § 559.553(3)(h) uses the term "creditor grantor" as a specific *subset of creditors* which an "out-of-state debt collector" must not solicit, whereas Fla. Stat. § 559.55(8) uses the term "creditor" broadly, *in that*, it is an umbrella term encompassing many different subsets of creditors.

---

[2] *See* Fla. Stat. § 559.55(11) (wherein the definition further states: "…[f]or purposes of this subsection, a creditor has a business presence in this state if either the creditor or an affiliate or subsidiary of the creditor has an office in this state.").

16. The term "solicit" or "solicitation," in the context of the FCCPA, has come to be defined as "[t]he act or an instance of requesting or seeking to obtain something; a request or petition" or "an attempt or effort to gain business." LeBlanc, 601 F.3d 1185 at 1198 (*quoting* Black's Law Dictionary 1398 (7th ed.1999)).

17. Accordingly, synthesizing the above requirements in simpler terms, to properly invoke the narrow[3] exemption carved out by § 559.553(3)(h), Defendant must prove that: (1) Defendant collects or attempts to collect consumer debts from Florida debtors; (2) Defendant **does solicit** consumer debt accounts for collection from Florida **creditors**; and (3) Defendant **does not solicit** consumer debt accounts for collection from Florida **credit grantors**.

C.  ARGUMENT

18. Defendant does not qualify for exemption under Fla. Stat. § 559.553(3)(h) because Defendant has presented no evidence or argument sufficient to qualify Defendant for the narrow exemption of § 559.553(3)(h) nor does any such evidence or argument exist, and Defendant, by its own admissions, does not qualify for exemption under § 559.553(3)(h).

19. As set forth in more detail above, Defendant must satisfy three requirements to qualify for the exemption carved out by § 559.553(3)(h), whereby satisfaction of each requirement must be proven by Defendant. *See* Transcript of 12/22 Pretrial Conference at 13, ¶ 1-6.

20. First, Defendant must prove that it collects or attempts to collect consumer debts from Florida debtors (the "First Requirement"). Second, Defendant must prove that it **solicits**

---

[3] The registration exemption carved out by Fla. Stat. § 559.553(3)(h) is a narrow exemption which defendants rarely qualify. *See* Collins v. Erin Capital Mgmt., LLC, 991 F. Supp. 2d 1195, 1211 (S.D. Fla. 2013) (distilling the exemption issue within LeBlanc as "whether the defendant qualified for the narrow exemption afforded to some out-of-state consumer debtor collectors," and further finding the LeBlanc court as "acknowledging [that] only a subset of out-of-state debt collectors qualifies for the [§ 559.553(3)(h)] exemption" (*citing* 601 F.3d 1185 at 1197)).

consumer debt accounts for collection from Florida **creditors** (the "Second Requirement"). Third, Defendant must prove it **does not solicit** consumer debt accounts for collection from Florida **credit grantors** (the "Third Requirement").

(i)     THE FIRST REQUIREMENT TO QUALIFY FOR THE EXEMPTION

21.     Defendant's satisfaction of the First Requirement, that it collects or attempts to collect debts from Florida debtors, shall not be challenged by this Motion, as Defendant, by and through the collection letter [D.E. 1-6], sought to collect a consumer debt from a Florida debtor, namely, Plaintiff. Thus, the remainder of this Motion focuses on the Second and Third Requirement.

(ii)    THE SECOND & THIRD REQUIREMENTS TO QUALIFY FOR THE EXEMPTION

22.     To satisfy the Second Requirement, Defendant must prove that *it does* solicit consumer debt accounts for collection from *creditors* with a business presence in Florida. In contrast, to satisfy the Third Requirement, Defendant must prove that it *does not* solicit consumer debt accounts for collection from *credit grantors* with a business presence in Florida.

23.     With respect to admissions on the record, in its *most recent* affidavit filed with the Court, Defendant explicitly admits:

> **At no time has Defendant Charles G. McCarthy, Jr. D/B/A Law Office of Charles G. McCarthy Jr. & Associates, solicited accounts from any Florida based creditor or credit grantor.**

*See* D.E. 74 at 18, ¶ 5 (*emphasis added*); *see also* Id. at 3, ¶ 12 (stating the same). This admission, however, is not newly founded, nor is it exclusive to Defendant's most recent affidavit [D.E. 74]. In particular, Defendant similarly admits in its prior affidavit [D.E. 53 at 10-15] that no evidence exists that Defendant "engaged in the business of soliciting consumer debts for collection" and thus "no such evidence can be proffered." *See* D.E. 53 at 13, ¶ 27-28. Moreover, in its First

Amended Answer [D.E. 37], Defendant denies that "it is a debt collector or business entity that solicits consumer debts for collection." D.E. 37 at 7, ¶ 24.

24. As stated by the Defendant itself through pleadings and sworn affidavit testimony, *see* D.E. 53 at 10-15, there is no evidence in existence which supports satisfaction of the Second and Third Requirement by Defendant (i.e, that Defendant does indeed solicit creditor, but not credit grantors). To the contrary, Defendant expressly denies such conduct.

25. Put differently, the *only* evidence which could support Defendant's satisfaction of the Second and Third Requirement is live testimony of the Defendant. *See* D.E. 65-3 (*Defendant's Witness & Exhibit List* does not contain any witnesses (other than Defendant) or exhibits capable of supporting Defendant's satisfaction of the Second and Third Requirement). However, paradoxically, such hypothetical testimony offered by Defendant would have to be in complete contradiction to records in the pleadings already offered by Defendant in the form of, including but not limited to, sworn affidavits that stated that it does not solicit any creditor. Because Defendant, by its own admissions does not solicit creditors, it can not fall into the narrow exemption of § 559.553(3)(h).

### III. CONCLUSION

26. As set forth above, Defendant cannot prove the Second or Third Requirements – and thus – does not fit within the registration exemption carved out by § 559.553(3)(h). Critically, by its own admissions, Defendant does not qualify for exemption under § 559.553(3)(h). *See* D.E. 74 at 18, ¶ 5 (admitting that "[a]t no time has [Defendant] solicited accounts from any Florida based creditor or credit grantor"). Moreover, Defendant has presented no evidence or argument sufficient to qualify Defendant for the narrow exemption of § 559.553(3)(h), nor does any such

evidence or argument exist. Accordingly, no genuine issue of material fact exists and Plaintiff is entitled to judgment as a matter of law.

27. WHEREFORE, in light of the forgoing, Plaintiff respectfully requests that this Court grant Plaintiff's motion for summary judgment.

DATED: January 31, 2018

Respectfully Submitted,

 /s/ Jibrael S. Hindi                          .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax:    855-529-9540

AND

 /s/ Thomas J. Patti                              .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone: 954-543-1325
Fax:    954-507-9975

*COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on January 31, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

 /s/ Jibrael S. Hindi                       .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259