UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-CV-60471-JJO

GRIFFEN LEE,

    Plaintiff,

v.

LAW OFFICE OF CHARLES G.
MCCARTHY JR. & ASSOCIATES,

    Defendant.
_____/

**REPLY TO DEFENDANT'S RESPONSE TO
PLAINTIFF'S MOTION SUMMARY JUDGMENT**

    Plaintiff GRIFFEN LEE ("Plaintiff"), by and through undersigned counsel, files this Reply to Defendant LAW OFFICE OF CHARLES G. MCCARTHY JR. & ASSOCIATES' ("Defendant") Response to Plaintiff's Motion for Summary Judgment [D.E. 77] (the "Response" or "Defendant's Response").

**DEFENDANT'S RESPONSES IN OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT PRESENTS, ALMOST EXCLUSIVELY, FUNDAMENTALLY FALSE STATEMENTS OF FACT AND LAW, DISINGENUOUS, UNSUPPORTED ARGUMENT, AND IS OTHERWISE COMPLETELY DEVOID OF EVEN THE RESEMBLANCE OF MERIT.**

    1.    By and large, Defendant's Response [D.E. 77], offers delusional, conclusory argument, wherein Defendant, *inter alia*, continues to feverously ignore, and/or deny the existence of, the Order Granting Plaintiff Partial Summary Judgment [D.E. 64]. *Compare* D.E. 77 at 6, ¶ 27 to (wherein Defendant claims, *inter alia*, even if Defendant does not qualify for exemption under § 559.553(3)(h), no private cause of action exists) to D.E. 64 at 17 (wherein the Court ruled that, "Plaintiff has shown no genuine dispute of material fact that Defendant violated 15 U.S.C. § 1692e,

15 U.S.C. § 1692e(10), 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692e(4), as set forth herein, **as long as** Defendant is not subject to the exemption to Florida's licensing requirements under Fla. Stat. § 559.553(3)(h)." (emphasis in original)).

2.  For example, in the Response, Defendant states: "*It has been well settled that an FDCPA violation does not occur unless there has been a violation of the FCCPA or a separate actionable violation. Previous rulings in the instant case support this fact.*" D.E. 77 at 1, ¶ 1-2. This is completely false. *See* D.E. 64 at 11, fn. 3 (stating that, "the Court concludes that LeBlanc does expressly permit debtors to bring FDCPA claims where, as here, an entity stating that it is a "debt collector" seeks to collect a debt, including by threatening legal action, without first registering to collect debt as required under Florida Statute § 559.553(1).").

3.  Even more ridiculous, however, is that Defendant challenges the validity of the Transcript of the Pretrial Conference conducted before Judge Ungaro on December 22, 2018 [D.E. 73] (the "Original Transcript"). *See* D.E. 77 at 1-2, ¶ 4-9. For example, in reference to the Original Transcript, Defendant states, *inter alia*: "[f]or the record, Defendant did not participate in such conference as indicated," *see* D.E. 77 at 1, ¶ 5, and "[f]or the record, Defendant questions the veracity of the transcript provided as the information stated is incorrect." *See* D.E. 77 at 2, ¶ 9. This is complete nonsense. *Compare* D.E. 73 [*the Original Transcript*] to D.E. 80 [*corrected version of the Original Transcript*][1] (whereby each offers an identical transcription of the Pretrial Conference that Defendant claims to have not participated).

4.  The remainder of Defendant's Response is spent proffering conclusory, unsupported, and otherwise abominable, argument which seeks to force-fit Defendant within the narrow exception carved out of Fla. Stat. § 559.553(3)(g). *See* D.E. 77 at 3-4, ¶ 16 (wherein the

---

[1] A copy of D.E. 80 is attached hereto as Exhibit "A."

sole case cited by Defendant, i.e., LeBlanc v. Unifund CCR Partners, 601 F.3D 1185, 1197 (11th Cir. 2010), *supports* Plaintiff's Motion for Summary Judgment [D.E. 75]).

5. Significantly, in so doing, Defendant attempts to marginalize Plaintiff's Motion for Summary Judgment [D.E. 75] by wrongfully accusing Plaintiff of advancing unsupported argument, *to wit*, Defendant falsely states:

> Plaintiff [] attempts to define what the Florida Legislature intended, *sua sponte*, by interpreting the difference between a creditor and credit grantor. Plaintiff has proffered no statutes or case law to support his interpretation. It is obvious from the exceptions carved out by the legislature, the two terms are used interchangeably.

D.E. 77 at 4, ¶ 19.[2]

6. Plaintiff's Motion for Summary Judgment [D.E. 75], despite Defendant's reading thereof, is well supported. *See* D.E. 75 at 5, ¶ 15 ("the Florida legislature's decision to only define 'creditor,' along with the context in which 'credit grantor' is used, makes clear that a 'credit grantor' is a subset of 'creditor.' *See* In re Appling, 848 F.3d 953, 959 (11th Cir. 2017) ('If possible, every word and every provision is to be given effect . . . . None should needlessly be given an interpretation that causes it to duplicate another provision or to have no consequence'). In the context of each statute, Fla. Stat. § 559.553(3)(h) uses the term 'creditor grantor' as a specific *subset of creditors* which an 'out-of-state debt collector' must not solicit, whereas Fla. Stat. § 559.55(8) uses the term 'creditor' broadly, *in that*, it is an umbrella term encompassing many different subsets of creditors."); Id. at 6, fn. 3 ("[t]he registration exemption carved out by Fla. Stat. § 559.553(3)(h) is a narrow exemption which defendants rarely qualify. *See* Collins v. Erin

---

[2] As a practical matter, the statement "*it is obvious from the exceptions carved out by the legislature, the two terms are used interchangeably*," Id. at 4, ¶ 19, at best, is complete nonsense. None of the exemptions carved out by § 559.553(3)(a)-(i) even contain the term "creditor," let alone use it "interchangeably." *See* Fla. Stat. § 559.553(3).

Capital Mgmt., LLC, 991 F. Supp. 2d 1195, 1211 (S.D. Fla. 2013) (distilling the exemption issue within LeBlanc as 'whether the defendant qualified for the narrow exemption afforded to some out-of-state consumer debtor collectors,' and further finding the LeBlanc court as 'acknowledging [that] only a subset of out-of-state debt collectors qualifies for the [§ 559.553(3)(h)] exemption' (*citing* 601 F.3d 1185 at 1197)).").

7.      WHEREFORE, in light of Defendant's frivolous Response [D.E. 77], Plaintiff respectfully requests that this Court grant Plaintiff's Motion for Summary Judgment [D.E. 75].

DATED: February 21, 2018

Respectfully Submitted,

 /s/ Jibrael S. Hindi                            .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail: jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone: 954-907-1136
Fax:     855-529-9540

AND

 /s/ Thomas J. Patti                               .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:tpatti@thomasjohnlaw.com
Thomas-John Law, P.A.
110 SE 6th Street, Suite 1700
Fort Lauderdale, Florida 33301
Phone: 954-543-1325
Fax:     954-507-9975

*COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on February 21, 2018, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

   /s/ Thomas J. Patti                                        .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377