UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-60471-CIV-O'SULLIVAN

[CONSENT]

GRIFFEN LEE,

Plaintiff,

v.

CHARLES G. McCARTHY, JR.,

Defendant.

/

**ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT**

THIS CAUSE comes before the Court on the Defendant's Motion for Summary Judgment (DE# 74; 1/31/18) and the Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law (DE# 75; 1/31/18). Having reviewed the motions and supporting memoranda, statements of undisputed facts, responses, replies, affidavits and the Court file, it is

ORDERED AND ADJUDGED that the Defendant's Motion for Summary Judgment (DE# 74; 1/31/18) is DENIED and the Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law (DE# 75; 1/31/18) is GRANTED. As more fully explained below, the out-of-state consumer debt collector exemption does not apply to the defendant.

**INTRODUCTION**

The plaintiff contends that the plaintiff is entitled to summary judgment in its favor because the defendant violated the Fair Debt Collection Practices Act ("FDCPA")

because the defendant lacked the legal authority to collect a $448.50 debt from the plaintiff by means of a single letter mailed to the plaintiff on February 1, 2017 because he was not registered as a consumer collection agency as required by Subsection 559.553(1) and (2), Florida Statutes. Fla. Stat. § 559.553(1) and (2). Sub-section 559.553(3) exempts certain persons from the registration requirements. In particular, Sub-section 559.553(3)(h) provides an exemption for "[a]n out-of-state consumer debt collector who does not solicit debt accounts for collection from credit grantors who have a business presence in this state." Fla. Stat. § 559.553(3)(h) (hereinafter "out-of-state consumer debt collector exemption"). The defendant contends that he is entitled to summary judgment because the out-of-state consumer debt collector exemption applies and he was not required to register pursuant to Florida law.

This Court previously granted a partial summary judgment in favor of the plaintiff and ruled that the "Plaintiff has shown no genuine dispute of material fact that Defendant violated 15 U.S.C. § 1692e, 15 U.S.C. § 1692e(10), 15 U.S.C. § 1692e(2)(A), and 15 U.S.C. § 1692e(4) ... **as long as** Defendant is not subject to the exemption to Florida's licensing requirements under Fla. Stat. § 559.553(3)(h)." Order on Motion for Summary Judgment at 17 (DE# 64; 12/19/17) (Emphasis in original). Thus, the Court found "that there is, just barely, a genuine issue of material fact concerning whether the Defendant is entitled to the 'out-of-state consumer debt collection' exemption set forth under Fla. Stat. § 559.553(3)(h)." Id. at 15 (emphasis in original).

Because the Court finds that the defendant failed to satisfy his burden of proof to

show that the out-of-state consumer debtor collector exemption applies, the defendant's motion for summary judgment is DENIED and the plaintiff's motion for summary judgment is GRANTED as more fully explained below.

## FACTS

The following facts are undisputed.

Defendant, Charles G. McCarthy, Jr., is an Illinois attorney who is a resident of Illinois. Defendant Law Office of Charles G. McCarthy, Jr. & Associates was hired by Forest Recovery Services, LLC as Forest Recovery Services, LLC's attorney. Forest Recovery Services, LLC was hired to collect debts by and for Boca Raton Gastroenterology, a medical practice in Boca Raton, Florida. Forest Recovery Services, LLC retained Defendant on June 4, 2010. (DE# 74 Exhibit C1; 1/31/18). Exhibit C1 is the Authorization Agreement (Exhibit C1) between Forest Recovery Services and the Law Office of Charles G. McCarthy Jr. & Associates. The Authorization Agreement authorizes the Law Office of Charles G. McCarthy Jr. & Associates to initiate collection efforts and expressly states that "[Forest Recovery Services] retains Attorneys for collection of debts only and not for representation in any other matter." Id. (emphasis added). Forest Recovery Services, LLC, was licensed as a Florida Consumer Collection Agency, with the Florida Office of Financial Regulation on August 20, 2013 and holds License Number CCA9903188. See (DE# 74 Exhibit D1; 1/31/18).

Defendant is a debt collector as defined by 15 U.S.C. § 1692(a)(6). See Order on Motion for Summary Judgment, n.2 (DE# 64; 12/19/17) (citing D.E. 60 ¶ 5(i)-(iii);

D.E. 37 ¶¶ 13-15, 17).[1]

No solicitation of any Florida based creditor or credit grantor by Defendant Law Office of Law Office of Charles G. McCarthy Jr. & Associates has occurred. McCarthy Affidavit (DE# 74, Exhibit E1, ¶ 5).

The defendant was not registered as a consumer collection agency, as required by Fla. Stat. § 559.553 (1), before attempting to collect the debt from the plaintiff. (DE# 60 ¶ 5(v).

## STANDARD OF REVIEW

A. Summary Judgment

The Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Federal Rule of Civil Procedure 56(a), which states, in relevant part, as follows:

> A party may move for summary judgment, identifying each claim or defense--or the part of each claim or defense--on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. The moving party bears the burden of meeting this standard. Celotex

---

[1] In footnote 2 of the Order, the Court explains that the defendant conceded that it is a debt collector (citing the defendant's response at D.E. 53 ¶¶ 6-7) and that "a review of the record shows that there is no genuine dispute that Defendant mailed a letter to Plaintiff on February 1, 2017 in 'an attempt to collect consumer debt' that was 'due or asserted to be owed or due to another." Id. (citing D.E. 1-6; D.E. 1 ¶ 17; D.E. 37 ¶17) (other citation omitted).

Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). That is, "[t]he moving party bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." U.S. v. Four Parcels of Real Prop., 941 F.2d 1428, 1437 (11th Cir. 1991) (quoting Celotex, 477 U.S. at 323) (internal quotation marks omitted). In assessing whether the moving party has satisfied this burden, the Court is required to view the evidence and all factual inferences arising therefrom in the light most favorable to the non-moving party. Batey v. Stone, 24 F.3d 1330, 1333 (11th Cir. 1994). Summary judgment is appropriate when there is no dispute as to any material fact and only questions of law remain. Id. If the record presents factual issues, the Court must deny the motion and proceed to trial. Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

B. Statutory Exemption

The defendant has the burden of proof to show that the out-of-state debt collector exemption applies. See Leblanc v. Unifund CCR Partners, 601 F.3d 1185, 1197 (11th Cir. 2010) ("[The defendant] argues that it is not subject to the FCCPA's registration requirement.... We disagree.); see also Collins v. Erin Capital Management, LLC, 991 F. Supp. 2d 1195, 1211 (S.D. Fla. 2013) (explaining that Leblanc "focused on whether the defendant qualified for the narrow exemption afforded to some out-of-state consumer debt collectors"). Neither the subject Florida statute nor Leblanc expressly states which party has the burden of proving the out-of-state debt collector exemption. Courts consistently hold that a defendant has the burden of proving an exemption to

statutory liability. See, e.g., Shultz v. Hasam Realty Corp., 316 F. Supp. 1136, 1139 (S.D. Fla. 1970) ("Courts have consistently held that the burden of proving an exemption from the protection of the [FLSA] is upon the employer-defendants."); Klinedinst v. Swift Investments, Inc., 260 F.3d 1251 (11th Cir. 2001) ("[The defendant] employer ... bears the burden of proving the applicability of a FLSA exception...."); see also, Jelencovich v. Dodge Enterprises, Inc., No. 09-81045-CIV, 2009 WL 4899405, at *3 (S.D. Fla. Dec. 14, 2009) ("Under Florida law, judgment creditors ... have the power to garnish wages and bank accounts. *See Fla. Stat.* § 77.01 *et seq.* The judgment debtor must assert defensively any exemption(s) that may apply to such actions and the applicability of any such exemptions are then determined by a court following an evidentiary hearing. *See* Fla. Stat. §§ 222.061, 222.12. 'The burden is on the debtor to prove entitlement to any exemption.'")(quoting Pellegrino v. Koeckritz Development of Boca Rator, LLC, 2009 WL 1437813, *3 (S.D. Fla. 2009) (other citations omitted).

**ANALYSIS**

The single issue to be determined on the parties' cross-motions for summary judgment is whether the out-of-state debt collector exemption applies to the defendant. Fla. Stat. § 559.553(3)(h). The defendant has the burden of proof. Pursuant to this Court's partial grant of summary judgment in favor of the plaintiff, if the defendant does not meet his burden of proving that the out-of-state debt collector exemption applies to him, the plaintiff is entitled to damages on his claim. See Order on Motion for Summary Judgment at 17 (DE# 64, 12/19/17).

Florida law requires a consumer collection agency to register before engaging in

this state as a consumer collection agency and thereafter to maintain a valid registration. Leblanc v. Unifund CCR Partners, 601 F.3d 1185, 1197 (11th Cir. 2010); Collins v. Erin Capital Management, LLC, 991 F. Supp. 2d 1195, 1211 (S.D. Fla. 2013)(describing the out-of-state consumer debt collector exemption as a "narrow exemption afforded to some out-of-state consumer debt collectors"); Fla. Stat. § 559.553(1) and (2). Section 559.55(3) defines a "consumer collection agency" as "any debt collector or business entity engaged in the business of soliciting consumer debts for collection or of collecting consumer debts which debt collector or business is not expressly exempted as set for in s. 559.553(3)." Fla. Stat. § 559.55(3) (emphasis added). This Court previously ruled that the defendant "is a debt collector who was not registered as a consumer collection agency ... before attempting to collect the debt from the plaintiff." See Order on Motion for Summary Judgment at 6 n.2, 16 (DE# 64, 12/19/17).

The defendant argues that he is not required to register as a consumer collection agency with the State of Florida because the out-of-state consumer debt collector exemption applies. Sub-section 559.553(3)(h) expressly exempts:

> An out-of-state consumer debt collector who does not solicit consumer debt accounts for collection from credit grantors who have a business presence in this state.

Fla. Stat. § 559.553(3)(h) (hereinafter referred to as the "out-of-state debt collector exemption").

The defendant relies on his own second affidavit[2] to prove he is entitled to the

---

[2]Mr. McCarthy filed two affidavits. His first Affidavit Per Rule 56(e) was filed in support of Defendant's Memorandum & Opposition to Plaintiff's Motion for Summary

exemption. See Affidavit Pursuant to Rule 56(e) (hereinafter referred to as "McCarthy Affidavit") (DE# 77-1, 2/14/18). This Court took serious issue with Mr. McCarthy's prior affidavit and described it as largely "conclusory, lacks specific supporting facts and contains inadmissible legal conclusions." Order on Motion for Summary Judgment at 16 (DE# 64, 12/19/17). The Court found that the defendant "escape[d] summary judgment by the thinnest of margins, as the Eleventh Circuit has repeatedly made clear that a plaintiff or defendant cannot defeat summary judgment solely by relying on affidavits or declarations that are "conclusory," "lack[ ] specific supporting facts," or contain legal conclusions. Id. at 16, n.7 (citations omitted).

In his second Affidavit as well as his first Affidavit, Mr. McCarthy recites the statutory language of the exemption and avers that the defendant "does not solicit consumer debt accounts for collection from credit grantors who have a business presence in Florida." McCarthy Affidavit, ¶ 16 (DE# 77-1, 2/14/18). Mr. McCarthy adds[3] the following statement in his second Affidavit: "[a]t no time has [the] Defendant solicited accounts from any Florida based creditor or credit grantor." Id. at ¶ 5 (emphasis added). The plaintiff argues that Mr. McCarthy's averment disqualifies the

---

Judgment (DE# 53, 10/16/18) (contains 38 paragraphs). His second Affidavit Per Rule 56(e) was filed in support of the defendant's Response to Plaintiff's Motion for Summary Judgment (DE# 77-1, 2/14/18) (contains 24 paragraphs). The second McCarthy Affidavit reworded some of the existing paragraphs, deleted some paragraphs and added new paragraphs.

[3]The plaintiff argues that this admission is "not newly founded, nor is it exclusive to defendant's [second] affidavit." Plaintiff's Motion for Summary Judgment at 7 (DE# 75, 1/31/18). The plaintiff explains that in his first affidavit, the defendant admits that no evidence exists to show that the defendant "engaged in the business of soliciting consumer debts for collection" and thus "no such evidence can be proffered." Id. (quoting first McCarthy Affidavit at ¶¶ 27-28 (DE# 53, 10/16/18).

defendant from the "out-of-state consumer debt collector exemption," which subsumes the definition of an "out-of-state consumer debt collector." Fla. Stat. § 559.55(11). Sub-section 559.55(11) provides the following definition:

> (11) "Out-of-state consumer debt collector" means any person whose business activities in this state involve **both collecting** or attempting to collect consumer debt from debtors located in this state by means of interstate communication originating from outside this state **and soliciting** consumer debt accounts for collection from creditors who have a business presence in this state. For purposes of this sub-section, a creditor has a business presence in this state if either the creditor or an affiliate or subsidiary of the creditor has an office in this state.

Fla. Stat. §§ 559.55(11) (emphasis added). The Court agrees. In LeBlanc, the Eleventh Circuit explained that "pursuant to the statutory definition, the business activities of an 'out-of-state consumer debt collector' must involve both 'collecting or attempting to collect consumer debt ...' and 'soliciting consumer debt accounts for collection from creditors who have a business presence within [Florida].'" Leblanc v. Unifund CCR Partners, 601 F.3d 1185, 1197 (11th Cir. 2010)(quoting Fla. Stat. §§ 559.55(8)).

Because the defendant expressly states that he did not solicit any Florida based creditor, he does not come within the definition of an "out-of-state consumer debt collector" under a plain reading of the statutory definition. The defendant argues that the plaintiff improperly conflates the two statutes (i.e. the definition in Fla. Stat. § 559.55(11) with the exemption in Fla. Stat. § 559.553(3)(h)) and improperly adds the "solicitation" requirement of the definition. Section 559.55 ("Definitions") expressly provides that "[t]he following terms shall, unless the context otherwise indicates, have the following meanings for the purpose of this part." The exemption in Section

559.553(3)(h) is within the same part of the statute as the Definitions, that is Part VI Consumer Collection Practices, Chapter 559. The Court finds that the defendant has failed to satisfy his burden of proving that the out-of-state consumer debt collector exemption applies where, as here, the defendant specifically denies soliciting accounts from any Florida based creditor. Accordingly, the Defendant's Motion for Summary Judgment (DE# 74; 1/31/18) is DENIED and the Plaintiff's Motion for Summary Judgment and Incorporated Memorandum of Law (DE# 75; 1/31/18) is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this **14th** day of May, 2018.

JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies provided:
All counsel on record