UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 17-CV-60471-UU

GRIFFEN LEE

     Plaintiff,

vs.

CHARLES G. McCARTHY, JR.
d/b/a LAW OFFICE OF CHARLES G.
MCCARTHY JR & ASSOCIATES,

     Defendant.
_____/

## DEFENDANT'S VERIFIED ANSWER TO PLAINTIFF'S VERIFIED MOTION FOR AWARD OF ATTORNEY' FEES

Defendant Law Offices of Charles G. McCarthy, Jr. pursuant to Rule 7.3 (a) of the Local Rules for the United States District Court for the Southern District of Florida, hereby submits this memorandum of Law in opposition of Plaintiff's Verified Motion for Award of Attorneys' Fees.

1. Generally, a "reasonable fee" is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases. *See, e.g., Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).

2. The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *ACLU v. Barnes*, 168 F.3d 423 (quoting *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).

3. The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *Norman*, 836 F.2d at 1303.

4. "Even if a party chooses to employ counsel of unusual skill and experience, the court awards only the fee necessary to secure reasonably competent counsel." *Orenshteyn v. Citrix Systems, Inc.*, 558 F. Supp. 2d 1251, 1257 (S.D. Fla. 2007.) (reversed on other grounds).

5. The Court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively." *Barnes*, 168 F.3d 423, 427 (11th Cir.1999).

6. The hourly rates claimed by the plaintiff's attorneys do not reflect reasonable rates within the South Florida legal community for attorneys of similar experience.

7. Attorney Hindi was admitted to the Florida bar less than three years ago.  By any account, in a law firm, he would be classified as a junior attorney.  This is not to denigrate his knowledge, but rather to set the proper expectation as to his experience level.

8. Attorney Hindi has participated in the filing of 179 cases.

9. In five of those cases he was the Plaintiff.

10. On information and belief, only two have gone to trial. (Excluding the current case.)

11. The hourly rates claimed by the plaintiff's attorneys do not reflect reasonable rates within the South Florida legal community for attorneys of similar experience.

12. The appropriate hourly rate for a prevailing attorney is determined by the rates paid to counsel of similar qualifications and experience in cases litigated in the area where the lawsuit is filed. See Storfer v. Guarantee Trust Life Insurance Co., No. 10–60400, 2011 WL 213461, at *2 (S.D. Fla. Jan. 21, 2011).

13. In determining where a given rate falls within local ranges, the Eleventh Circuit has

explained that attorney's fee law is not designed to compensate a party for premium billing and premium level services. *Norman v. Hous. Auth. Of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988); *Leroy v. City of Houston*, 906 F.2d 1068, 1079 (5th Cir. 1990).

14. Plaintiff is entitled to recover fees only for attorney with reasonable expertise.  *Golf Clubs Away LLC v. Hostway Corp.,* 2012 WL 2912709 (S.D. Fla. 2012).

15. The United States Attorney's Office publishes an Attorney's Fees Matrix for 2015 – 2018 that shows attorneys with 2-3 years of experience merit $334 per hour.  Attached as Exhibit "A".

16. If the hourly rate is objected to, counsel must submit an affidavit giving its firm's hourly rates for the matter.

17. Defendant hereby objects to the hourly rate submitted by Attorneys Hindi and Patti and suggests the court utilize the guidelines advocated by the United States Attorney's Office.

18. An affidavit from Defendant is attached as Exhibit "B".

19. Rule 7.3 (a) of the Local Rules for the United States District Court for the Southern District of Florida dictate that the respondent shall describe with reasonable particularity each time entry or nontaxable expense to which it objects, both as to issues of entitlement and as to amount.

    a. On February 28, 2017 Attorney Hindi indicated that he spent 1.5 hours reading a one page collection letter sent to Plaintiff, extracting information of the Creditor which was provided in the letter, and extracting information of the Defendant, which information was plainly provided in the letter.  A reasonable time should have been .25 hours.

b.  On 3/4/17, Attorney Patti indicated that he spent 4.5 hours drafting, proofing, and finalizing a complaint and exhibits.  In Defendant's answer, numerous (16) grammatical, punctuation, and tense errors were made that are consistent with a "cut and paste" operation in a word processor.  Attorney Patti and attorney Hindi have filed several FDCPA violation cases and 4.5 hours to develop a complaint of this nature is excessive.  Attorney Patti indicated in his Declaration in Support of Plaintiff's Motion for Award of Attorneys' Fees that he has been the Plaintiff's counsel in 200 consumer protection cases yet he claims to have spent 4.5 hours on the initial complaint.  A reasonable time would be 1.0 hours.

c.  Also on 3/4/17, Attorney Hindi indicates he spent 1.5 hours preparing a one page Summons and a one page Coversheet, as well as reviewing Attorney Patti's work.  This is may be considered double billing as well as excessive.  A reasonable time would have been .15 hours for this task.  Also this task (as to filing) may be considered administrative in nature and thus not billable.

d.  On March 30, 2017, Attorney Hindi indicates he spent .5 hours reviewing an Order to show cause for his own failure to file a Clerk's Entry of Default.  This should not be indicated as a charge to the defendant.  No time should be allowed for this action.

e.  On 4/14/17 Attorney Patti indicated 2.5 hours spent drafting a clarification of who the Plaintiff was suing.  Since Attorney Patti had already filed the complaint a clarification of who the Plaintiff was suing is rather obvious.  Three days later, Attorney Hindi spent .5 hours reviewing what Attorney Patti had drafted as to

who they were suing.  The amount of time spent should have not exceeded .5 hours for both of the Attorneys

f.  On June 8, 2017, Attorney Patti indicates he spent 3.5 hours on preparing stock discovery requests that had been filed in previous cases.  This amount of time is excessive since it merely required the changing of the heading to complete.  A normal amount of time would be .40 hours.

g.  On June 9, 2017, Attorney Hindi indicates .1 hours for service of discovery requests.  The discovery requests were emailed and as such, constitute an administrative function and not billable.

h.  On July 1, 3, and 5, 2017, Attorneys Hindi and Patti indicated they spent 12.5 hours on a Motion for Judgment on the Pleadings and filing of same.  This amount of time for a Judgment motion where there are no issues of fact that are in disagreement is wildly excessive. This effort should have reasonably taken no more than 3 hours.  Also there is hidden in the hours an administrative task of filing.

i.  On September 28, 29, and 30, 2017, Attorney Hindi indicated that he spent 15.5 hours preparing a Motion for Summary Judgment.  Considering he had spent time developing a Motion for Judgment on the Pleadings, the verbiage and posturing in the MSJ was duplicative and redundant.  A reasonable time for development of the MSJ would be 2 hours.

j.  On October 18, Attorney Hindi indicated his reply to Defendant's Response to his MSJ took 4.5 hours.  Considering the issues were raised, researched, and pled,

this number seems highly inflated.  A reasonable time for the Reply would be 1 hour.

k.  On November 15, 2017, Attorney Patti has indicated he spent 5.5 hours on Joint Pretrial Documents and Stipulations.  Defendant participated in these developmental efforts and did not spend anywhere near 5.5 hours.  A reasonable time for this effort would be 2.5 hours.

l.  On November 2, 2017 Attorney Patti charged .10 hours for an administrative task of filing a Response.

m.  On November 17, 2017 Attorney Patti charged .10 hours for an administrative task of filing a Joint Pretrial document.

n.  On November 29, 2017 Attorney Patti charged .10 hours for an administrative task of filing a Joint Motion to Continue.

o.  On November 28, 2017 Attorney Patti indicated he spent 1.5 hours on a 1.5 page Motion to Continue Trial.  A reasonable time for this Motion should be no more than .5 hours.

p.  On December 20, 2017, Attorney Patti indicated he spent 2 hours drafting a Motion to Reconsider his MSJ.  This was a 2 page document that should have taken no more than .75 hours.

q.  On December 21, 2017, Attorney Hindi spent .5 hours reviewing the same Motion to Reconsider.  Tis constitutes double billing and should not be allowed.

r.  On December 12, 2017, the pretrial conference hearing was extended by Attorneys Hindi's and Patti's comportment in the court.  The judge excused

herself to reconsider their presentment resulting in a delay of .5 hours. This should not be charged to the defendant.

s.  On Jan 2, 2018, Attorney Patti indicated he spent 2.2 hours drafting a joint Motion to Modify a Scheduling Order. Tis amount of time to modify a scheduling order is excessive. No more than .5 hours should be allocated to this simple task.

t.  On January 28, 30, and 31, 2018, Attorney Hindi indicated that he spent an additional 6 hours on a MSJ. Even allowing for modification of the already existing MSJ, this task should not have come anywhere close to 6 hours. A reasonable time allotment would be 1.0 hours. Also included in this time is an entry for filing of the MSJ.

u.  On February 1, 11, and 12, 2018, Attorney Hindi indicated he spent 4.5 hours on a response to Defendant's MSJ. This amount of time is excessive. A reasonable amount of time would be 2 hours.

v.  On February 18, 19, and 21, 2018, Attorneys Hindi and Patti indicated that they spent 3.5 hours on a Reply to the Opposition of Plaintiff's MSJ. A reasonable time for this would have been 2 hours. Again, a filing task is indicated in this time entry.

w.  On May 23, 27, and 28, 2018, Attorneys Hindi and Patti indicated that they spent 4.3 hours developing their Motion for Attorney Fees and Costs. This is adding a fee on a fee and is not reasonable and not allowed by law. The Florida Supreme Court has held that fees on fees are not generally recoverable under Florida law,

at least with respect to statutory fees. *See State Farm Fire & Casualty Co. v. Palma,* 629 So. 2d 830, 833-35 (Fla. 1993).

20. A reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney. *See Blum v. Stenson*, 465 U.S. 886, 894-95 (1984).

21. The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates. Satisfactory evidence at a minimum is more than the affidavit of the attorney performing the work. . . . [S]atisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits. Testimony that a given fee is reasonable is therefore unsatisfactory evidence of market rate. *Norman v. Hous. Auth., 836 F.2d 1292, 1299-1302 (11th Cir. 1988).*

22. Attorney Hindi indicated that he has been allowed $395 per hour (less than 7 months ago) in a "less complex case" and $375 per hour (less than a year ago) in an, again, "less complex case". This case involved one compliant collection letter sent to a debtor and existing Florida statutes. The complexity level is minimal not justifying an increase in the attorneys' billing rates.

23. The Motion for Attorneys' fees from Plaintiff is the result of Defendant sending one letter to the Plaintiff. The resultant fee charges submitted by Plaintiff's attorneys will result in unjust enrichment of the attorneys.

24. Any purported FDCPA violation is the result by statute of a Florida violation of the failure to register.

25. Plaintiff has indicated in his Motion for Award of Attorney fees that the case was "fiercely litigated" and by implication that the proposed fees should be awarded. Illinois

attorneys are charged in their RULES OF PROFESSIONAL CONDUCT, specifically

clause nine of the preamble, to follow certain principles. "These principles include the

lawyer's obligation *zealously* to protect and pursue a client's legitimate interests, within

the bounds of the law, while maintaining a professional, courteous and civil attitude

toward all persons involved in the legal system." Defendant pursued this case in the

manner expected of all Illinois attorneys.

26. Plaintiff has indicated that his attorneys made "offers" to settle this case prior to the

award by Summary Judgment. Plaintiff's counsel presented their demand, both in

mediation and litigation, prior to MSJ. There was no reasonable offer presented.

27. For all of the reasons stated above, Defendant requests the court to modify the Plaintiff's

billing rate to a rate that is reasonable for the Plaintiff's attorneys' experience level and

commensurate fee level for similarly situated attorneys and to modify the excessive

number of hours charged in their fee petition.

Dated June 12, 2018

Respectfully submitted

/s/ Christine M. Moreno
**CHRISTINE M. MORENO, ESQ.**
Florida Bar No.: 436150
E-mail:   moreno4law@gmail.com
CHRISTINE M. MORENO, ATTORNEY, PA.
4450 SE Federal Highway
Stuart, Florida 34997
Phone:    772-288-1020

AND

/s/ Charles G. McCarthy, Jr.
**CHARLES G. MCCARTHY, JR., ESQ.**
E-mail:   charlie@mccarthy.net
MCCARTHY, JR. AND ASSOCIATES
707 North Easy Street, Suite Two
Bloomington, Illinois 61701
Phone:    309-828-7000

*COUNSEL FOR DEFENDANT*

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA**

## CERTIFICATE OF SERVICE

I hereby certify that I electronically served The Law Offices of Jibrael S. Hindi, PLLC

and Thomas John Law, P.A. by filing with the Clerk of Court's Electronic Filing System  on

June 12, 2018.

                                        /s/ Christine M. Moreno
                                    **CHRISTINE M. MORENO, ESQ.**
                                        Florida Bar No.: 436150
                                    E-mail:   moreno4law@gmail.com
                                    CHRISTINE M. MORENO, ATTORNEY, PA.
                                        4450 SE Federal Highway
                                        Stuart, Florida 34997
                                    Phone:   772-288-1020

                                                    AND

                                        /s/ Charles G. McCarthy, Jr.
                                    **CHARLES G. MCCARTHY, JR., ESQ.**
                                    E-mail:   charlie@mccarthy.net
                                    MCCARTHY, JR. AND ASSOCIATES
                                    707 North Easy Street, Suite Two
                                    Bloomington, Illinois 61701
                                    Phone:   309-828-7000

                                    *COUNSEL FOR DEFENDANT*

# EXHIBIT A

## USAO ATTORNEY'S FEES MATRIX — 2015-2018

*Revised Methodology starting with 2015-2016 Year*

Years (Hourly Rate for June 1 – May 31, based on change in PPI-OL since January 2011)

| Experience | 2015-16 | 2016-17 | 2017-18 |
|---|---|---|---|
| 31+ years | 568 | 581 | 602 |
| 21-30 years | 530 | 543 | 563 |
| 16-20 years | 504 | 516 | 536 |
| 11-15 years | 455 | 465 | 483 |
| 8-10 years | 386 | 395 | 410 |
| 6-7 years | 332 | 339 | 352 |
| 4-5 years | 325 | 332 | 346 |
| 2-3 years | 315 | 322 | 334 |
| Less than 2 years | 284 | 291 | 302 |
| Paralegals & Law Clerks | 154 | 157 | 164 |

*Explanatory Notes*

1.  This matrix of hourly rates for attorneys of varying experience levels and paralegals/law clerks has been prepared by the Civil Division of the United States Attorney's Office for the District of Columbia (USAO) to evaluate requests for attorney's fees in civil cases in District of Columbia courts.  The matrix is intended for use in cases in which a fee-shifting statute permits the prevailing party to recover "reasonable" attorney's fees.  *See, e.g.,* 42 U.S.C. § 2000e-5(k) (Title VII of the 1964 Civil Rights Act); 5 U.S.C. § 552(a)(4)(E) (Freedom of Information Act); 28 U.S.C. § 2412(b) (Equal Access to Justice Act).  The matrix has not been adopted by the Department of Justice generally for use outside the District of Columbia, or by other Department of Justice components, or in other kinds of cases.  The matrix does **not** apply to cases in which the hourly rate is limited by statute.  *See* 28 U.S.C. § 2412(d).

2.  A "reasonable fee" is a fee that is sufficient to attract an adequate supply of capable counsel for meritorious cases.  *See, e.g., Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010).  Consistent with that definition, the hourly rates in the above matrix were calculated from average hourly rates reported in 2011 survey data for the D.C. metropolitan area, which rates were adjusted for inflation with the Producer Price Index-Office of Lawyers (PPI-OL) index.  The survey data comes from ALM Legal Intelligence's 2010 & 2011 Survey of Law Firm Economics.  The PPI-OL index is available at http://www.bls.gov/ppi.  On that page, under "PPI Databases," and "Industry Data (Producer Price Index - PPI)," select either "one screen" or "multi-screen" and in the resulting window use "industry code" 541110 for "Offices of Lawyers" and "product code" 541110541110 for "Offices of Lawyers."  The average hourly rates from the 2011 survey data are multiplied by the PPI-OL index for May in the year of the update, divided by 176.6, which is the PPI-OL index for January 2011, the month of the survey data, and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

3.  The PPI-OL index has been adopted as the inflator for hourly rates because it better reflects the mix of legal services that law firms collectively offer, as opposed to the legal services that typical consumers use, which is what the CPI-

Legal Services index measures. Although it is a national index, and not a local one, *cf. Eley v. District of Columbia*, 793 F.3d 97, 102 (D.C. Cir. 2015) (noting criticism of national inflation index), the PPI-OL index has historically been generous relative to other possibly applicable inflation indexes, and so its use should minimize disputes about whether the inflator is sufficient.

4.      The methodology used to compute the rates in this matrix replaces that used prior to 2015, which started with the matrix of hourly rates developed in *Laffey v. Northwest Airlines, Inc.* 572 F. Supp. 354 (D.D.C. 1983), *aff'd in part, rev'd in part on other grounds*, 746 F.2d 4 (D.C. Cir. 1984), *cert. denied*, 472 U.S. 1021 (1985), and then adjusted those rates based on the Consumer Price Index for All Urban Consumers (CPI-U) for the Washington-Baltimore (DC-MD-VA-WV) area. Because the USAO rates for the years 2014-15 and earlier have been generally accepted as reasonable by courts in the District of Columbia, see note 9 below, the USAO rates for those years will remain the same as previously published on the USAO's public website. That is, the USAO rates for years prior to and including 2014-15 remain based on the prior methodology, *i.e.*, the original *Laffey* Matrix updated by the CPI-U for the Washington-Baltimore area. *See Citizens for Responsibility & Ethics in Washington v. Dep't of Justice*, --- F. Supp. 3d ---, 2015 WL 6529371 (D.D.C. 2015) and Declaration of Dr. Laura A. Malowane filed therein on Sept. 22, 2015 (Civ. Action No. 12-1491, ECF No. 46-1) (confirming that the USAO rates for 2014-15 computed using prior methodology are reasonable).

5.      Although the USAO will not issue recalculated *Laffey* Matrices for past years using the new methodology, it will not oppose the use of that methodology (if properly applied) to calculate reasonable attorney's fees under applicable fee-shifting statutes for periods prior to June 2015, provided that methodology is used consistently to calculate the entire fee amount. Similarly, although the USAO will no longer issue an updated *Laffey* Matrix computed using the prior methodology, it will not oppose the use of the prior methodology (if properly applied) to calculate reasonable attorney's fees under applicable fee-shifting statutes for periods after May 2015, provided that methodology is used consistently to calculate the entire fee amount.

6.      The various "brackets" in the column headed "Experience" refer to the attorney's years of experience practicing law. Normally, an attorney's experience will be calculated starting from the attorney's graduation from law school. Thus, the "Less than 2 years" bracket is generally applicable to attorneys in their first and second years after graduation from law school, and the "2-3 years" bracket generally becomes applicable on the second anniversary of the attorney's graduation (*i.e.*, at the beginning of the third year following law school). *See Laffey*, 572 F. Supp. at 371. An adjustment may be necessary, however, if the attorney's admission to the bar was significantly delayed or the attorney did not otherwise follow a typical career progression. *See, e.g., EPIC v. Dep't of Homeland Sec.*, 999 F. Supp. 2d 61, 70-71 (D.D.C. 2013) (attorney not admitted to bar compensated at "Paralegals & Law Clerks" rate); *EPIC v. Dep't of Homeland Sec.*, 982 F. Supp. 2d 56, 60-61 (D.D.C. 2013) (same). The various experience levels were selected by relying on the levels in the ALM Legal Intelligence 2011 survey data. Although finer gradations in experience level might yield different estimates of market rates, it is important to have statistically sufficient sample sizes for each experience level. The experience categories in the current USAO Matrix are based on statistically significant sample sizes for each experience level.

7.      ALM Legal Intelligence's 2011 survey data does not include rates for paralegals and law clerks. Unless and until reliable survey data about actual paralegal/law clerk rates in the D.C. metropolitan area become available, the USAO will compute the hourly rate for Paralegals & Law Clerks using the most recent historical rate from the USAO's former *Laffey* Matrix (*i.e.*, $150 for 2014-15) updated with the PPI-OL index. The formula is $150 multiplied by the PPI-OL index for May in the year of the update, divided by 194.3 (the PPI-OL index for May 2014), and then rounding to the nearest whole dollar (up if remainder is 50¢ or more).

8.      The USAO anticipates periodically revising the above matrix if more recent reliable survey data becomes available, especially data specific to the D.C. market, and in the interim years updating the most recent survey data with the PPI-OL index, or a comparable index for the District of Columbia if such a locality-specific index becomes available.

9.      Use of an updated *Laffey* Matrix was implicitly endorsed by the Court of Appeals in *Save Our Cumberland Mountains v. Hodel*, 857 F.2d 1516, 1525 (D.C. Cir. 1988) (en banc). The Court of Appeals subsequently stated that parties may rely on the updated *Laffey* Matrix prepared by the USAO as evidence of prevailing market rates for litigation counsel in the Washington, D.C. area. *See Covington v. District of Columbia*, 57 F.3d 1101, 1105 & n.14, 1109 (D.C. Cir. 1995), *cert. denied*, 516 U.S. 1115 (1996). Most lower federal courts in the District of Columbia

have relied on the USAO's *Laffey* Matrix, rather than the so-called "*Salazar* Matrix" (also known as the "LSI Matrix" or the "Enhanced *Laffey* Matrix"), as the "benchmark for reasonable fees" in this jurisdiction. *Miller v. Holzmann*, 575 F. Supp. 2d 2, 18 n.29 (D.D.C. 2008) (quoting *Pleasants v. Ridge*, 424 F. Supp. 2d 67, 71 n.2 (D.D.C. 2006)); *see, e.g., Joaquin v. Friendship Pub. Charter Sch.*, 188 F. Supp. 3d 1 (D.D.C. 2016); *Prunty v. Vivendi*, 195 F. Supp. 3d 107 (D.D.C. 2016); *CREW v. U.S. Dep't of Justice*, 142 F. Supp. 3d 1 (D.D.C. 2015); *McAllister v. District of Columbia*, 21 F. Supp. 3d 94 (D.D.C. 2014); *Embassy of Fed. Republic of Nigeria v. Ugwuonye*, 297 F.R.D. 4, 15 (D.D.C. 2013); *Berke v. Bureau of Prisons*, 942 F. Supp. 2d 71, 77 (D.D.C. 2013); *Fisher v. Friendship Pub. Charter Sch.*, 880 F. Supp. 2d 149, 154-55 (D.D.C. 2012); *Sykes v. District of Columbia*, 870 F. Supp. 2d 86, 93-96 (D.D.C. 2012); *Heller v. District of Columbia*, 832 F. Supp. 2d 32, 40-49 (D.D.C. 2011); *Hayes v. D.C. Public Schools*, 815 F. Supp. 2d 134, 142-43 (D.D.C. 2011); *Queen Anne's Conservation Ass'n v. Dep't of State*, 800 F. Supp. 2d 195, 200-01 (D.D.C. 2011); *Woodland v. Viacom, Inc.*, 255 F.R.D. 278, 279-80 (D.D.C. 2008); *American Lands Alliance v. Norton*, 525 F. Supp. 2d 135, 148-50 (D.D.C. 2007). *But see, e.g., Salazar v. District of Columbia*, 123 F. Supp. 2d 8, 13-15 (D.D.C. 2000). Since initial publication of the instant USAO Matrix in 2015, multiple courts similarly have employed the USAO Matrix rather than the *Salazar* Matrix for fees incurred since 2015. *E.g.*, *Electronic Privacy Information Center v. United States Drug Enforcement Agency*, --- F. Supp. 3d ---, 2017 U.S. Dist. LEXIS 111175, at *17 (D.D.C. 2017) ("After examining the case law and the supporting evidence offered by both parties, the Court is persuaded that the updated USAO matrix, which covers billing rates from 2015 to 2017, is the most suitable choice here.") (requiring re-calculation of fees that applicant had computed according to *Salazar* Matrix); *Clemente v. FBI*, No. 08-1252 (BJR) (D.D.C. Mar. 24, 2017), slip op. at 9-10 (applying USAO Matrix, as it is "based on much more current data than the *Salazar* Matrix"). The USAO contends that the *Salazar* Matrix is fundamentally flawed, does not use the *Salazar* Matrix to determine whether fee awards under fee-shifting statutes are reasonable, and will not consent to pay hourly rates calculated with the methodology on which that matrix is based.

# EXHIBIT B

# **AFFIDAVIT**

I, Charles G. McCarthy, Jr., upon penalty of perjury and as provided by law pursuant to Section 1-109 of the Illinois Code of Civil Procedure, state that if called as a witness, I would testify as follows:

1.  I am an attorney licensed to practice in the States of Illinois and Minnesota.

2.  I am an attorney licensed to practice before the United States District Court of the Northern District of Illinois, United States District Court of the Central District of Illinois, United States District Court of the Eastern District of Wisconsin, the United States Court of Appeals for the Seventh Circuit, the United States Tax Court, and before the United States Supreme Court.

3.  Pursuant to Rule 7.3 (a) of the Local Rules for the United States District Court for the Southern District of Florida, Charles G. McCarthy, Jr. hereby states that the rates charged in this matter for defense of a Federal matter for Charles G. McCarthy, Jr. are $300.00 per hour for court time and $275 per hour for research and trial preparation.

**FURTHER AFFIANT SAYETH NAUGHT:**

CHARLES G. MC CARTHY, JR.
ATTORNEY AT LAW