UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 0:17-cv-60471-JJO

GRIFFEN LEE,

    Plaintiff,

v.

LAW OFFICE OF CHARLES G.
MCCARTHY JR. & ASSOCIATES,

    Defendant.
_____/

**PLAINTIFF'S VERIFIED REPLY TO DEFENDANT'S RESPONSE TO PLAINTIFF'S VERIFIED MOTION FOR AN AWARD OF ATTORNEYS FEES**

Plaintiff GRIFFEN LEE ("Plaintiff"), by and through undersigned counsel, files this Verified Reply to [D.E. 93] Defendant's Response in Opposition to [D.E. 91] Plaintiff's Motion for Attorneys Fees, and states the following:

**I.    RELEVANT BACKGROUND**

1. On May 23, 2018, this Court entered a final judgment in favor of Plaintiff against Defendant for statutory damages, in the amount of $1,000.00, for Defendant's violation of § 1692e, § 1692e(2)(A), § 1692e(5), and § 1692e(10) of the FDCPA, and further ordered Plaintiff to file a motion for attorneys' fees and costs. *See* D.E. 85 (Order granting [D.E. 75] Plaintiff's *second* Motion for Summary Judgment); D.E. 90 (Judgment in favor of Plaintiff against Defendant).

2. On May 28, 2018, Plaintiff filed his [D.E. 91] Verified Motion for Award of Attorneys' Fees (the "Motion for Attorneys' Fees" or "Plaintiff's Fee Motion") currently at issue.[1]

---

[1] Also filed on May 28, 2018, was [D.E. 92] Plaintiff's Motion for Bill of Costs. As of this filing, Defendant has not opposed, or otherwise challenged, any costs sought by Plaintiff.

3.  On June 13, 2018, Defendant filed a [D.E. 93] Response in Opposition to Plaintiff's Motion for Attorneys' Fees (the "Response in Opposition" or "Defendant's Response").[2]

## II.  ENTITLEMENT TO ATTORNEYS FEES

4.  Consistent with this Court's Order, *see* D.E. 90, and pursuant to 15 U.S.C. § 1692k(3), Plaintiff is entitled recover from Defendant, *inter alia*, reasonable attorneys' fees for the successful prosecution against Defendant for its violation of § 1692e, § 1692e(2)(A), § 1692e(5), and § 1692e(10) of the FDCPA. *See* 15 U.S.C. § 1692k(3); D.E. 64 (Order granting in-part [D.E. 51] Plaintiff's *first* Motion for Summary Judgment); D.E. 85 (Order granting [D.E. 75] Plaintiff's *second* Motion for Summary Judgment).

5.  Defendant does not dispute or object to Plaintiff's entitlement to attorneys fees, but rather, Defendant argues that the amount of attorneys fees sought by Plaintiff are improper because: (a) "[t]he hourly rates claimed by the plaintiff's attorneys do not reflect reasonable rates within the South Florida legal community for attorneys of similar experience," *see* D.E. 93 at 2, ¶ 6; and (b) the number of hours expended by counsel for Plaintiff should to be reduced.[3]

### A.  CALCULATION OF ATTORNEYS FEES

6.  As stated in Plaintiff's Motion for Fees, the attorneys' fees sought are premised on counsel for Plaintiff's respective "lodestar" calculation. "The 'lodestar' is the product of the reasonable hourly rate multiplied by the reasonable number of hours expended. Hensley v.

---

[2] The Response in Opposition filed by Defendant, *see* D.E. 93, was untimely filed on June 13, 2018. The deadline for filing a response to Plaintiff's Motion for Attorneys' Fees was June 12, 2018. *See* D.E. 86 (note, the docket text indicates the deadline for filing a response was June 11, 2018; however, the deadline set by the text of the underlying Order was June 12, 2018).

[3] In terms of the total amount of hours expended by counsel for Plaintiff across *all* 132 entries of the [D.E. 91-4] Joint Timesheet submitted in support of [D.E. 91] Plaintiff's Motion for Attorneys' Fees, Defendant suggests reducing the hours expended by counsel for Plaintiff from 137 hours to approximately 77.66 hours.

Eckerhart, 461 U.S. 424, 433, (1983). "[The] 'lodestar' may then be adjusted for the results obtained" by the attorney. *See* Am. Civil Liberties Union v. Barnes, 168 F. 3d 423, 427 (11th Cir. 1999) (*citing* Loranger v. Stierheim, 10 F. 3d 776, 78 1(11th Cir. 1994). *But see* Resolution Trust Corp. v. Hallmark Builders, Inc., 996 F.2d 1144, 1150 (11th Cir. 1993) (downward adjustment of the lodestar is "merited only if the prevailing party was partially successful in its efforts," a determination the district court makes on a case-by-case basis.").

7.  "The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment with or without the aid of witnesses." Gonzalez v. J.C. Penney Corp., 209 F. App'x 867, 870 (11th Cir. 2006) (*quoting* Norman v. Hous. Auth. of City of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988)).

### 1. THE HOURLY RATES SOUGHT BY PLAINTIFF FOR ATTORNEY HINDI AND ATTORNEY PATTI ARE REASONABLE

8.  "In determining the prevailing market rates, the Court should consider several factors including 'the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion from other employment, contingency, the undesirability[4] of the case, the attorney's relationship to the client, and awards in similar cases.'" Leon v. Atlass Sys. Inc., 2016 WL 1692107, at *3 (S.D. Fla. Apr. 19, 2016) (*quoting* Mallory v. Harkness, 923 F.Supp. 1546, 1555 (S.D. Fla. 1996) (citations

---

[4] On several occasions, Defendant informed Plaintiff that he was "criminal prosecutor," and that he was "uncollectable." *See* Lietz v. Oxford Law, L.L.C., 2016 WL 2897469 (M.D. Fla. Apr. 22, 2016) (the undesirability of the case, for example because it may be difficult to collect from the defendant, is one factor that may be considered in setting a reasonable hourly rate (*citing* Maner v. Linkan L.L.C., 602 Fed. Appx. 489, 493 (11th Cir. 2015) and Morgado v. Birmingham-Jefferson County Civil Defense Corps, 706 F.2d 1184, 1191, n.2 (11th Cir. 1983))).

omitted); *see also* United States v. Patrol Servs., Inc., 202 Fed.Appx. 357, 359 (11th Cir. 2006) ("The district court may adjust the amount depending on a number of factors, including the quality of the result and representation of the litigation.").

9. In the Response in Opposition, Defendant opposes the hourly rates sought in Plaintiff's Motion for Fees, *to wit*, the hourly rate of $405.00 for Attorney Jibrael S. Hindi ("Attorney Hindi") and the hourly rate of $380.00 for Attorney Thomas J. Patti ("Attorney Patti").[5]

10. In particular, Defendant claims the hourly rates of Attorney Hindi and Attorney Patti "do not reflect reasonable rates within the South Florida community for attorneys of similar experience." *See* D.E. 93 at 2, ¶ 6. At first glance, Defendant's Response appears to have the minimum amount of support needed to object to the hourly rates sought by Plaintiff; however, closer inspection reveals that Defendant has failed to submit any evidence to support this claim.

11. First, Defendant failed to abide by Local Rule 7.3(a) which requires that "[i]f a party objects to an hourly rate, its counsel must submit an affidavit giving its firm's hourly rates for the matter…." S.D. Fla. L. R. 7.3(a).[6] Here, the affidavit submitted by Defendant is his own, and not that of his counsel. S*ee* D.E. 93 at 16. This Court had explicitly informed Defendant, that he cannot represent himself in this case. S*ee, e.g.,* D.E. 80 at 15, Line 17-18 (the *Transcript of*

---

[5] *See, e.g.,* D.E. 91-1 at 4, ¶ 12 ("the lodestar calculation for the services of Jibrael S. Hindi and Thomas J Patti in this matter are [61.9 x $380.00] + [75.1 x $405.00]. Therefore, the total lodestar calculation for reasonable attorneys' fees is $53,957.50."); *see also* D.E. 91-2 at 3, ¶ 10 (the *Declaration of Attorney Jibrael S. Hindi* – "[t]he lodestar calculation of attorney's fees for my time expended is $30,415.50 (75.1 hours multiplied by $405.00/hour."); D.E. 91.3 at 2, ¶ 10, (the *Declaration of Attorney Thomas J. Patti* – "[t]he lodestar calculation of attorney's fees for my time expended is $23,522 (61.9 hours multiplied by $380.00/hour.").

[6] Local Rule 7.3(a) states, in relevant part: "If a party objects to an hourly rate, **its counsel must submit an affidavit** giving its firm's hourly rates for the matter and include any contingency, partial contingency, or other arrangements that could change the effective hourly rate." S.D. Fla. L. R. 7.3(a) (emphasis added).

*Pretrial Conference Held on 12/22/217*, wherein Judge Ursula Ungaro addressed Defendant directly and stated: "I'm not going to let you represent yourself.").

12. Second, Defendant offers the "Attorney's Fee Matrix for 2015-2018," *see* D.E. 93 at 3, ¶ 15, complied by the United States Attorney's Office *for the District of Columbia* to challenge the hourly rates of Attorney Hindi and Attorney Patti as not being reflective of "reasonable rates within the *South Florida community* for attorneys of similar experience." D.E. 93 at 2, ¶ 6 (emphasis added); *see* Id. at 3, ¶ 17 ("Defendant [] objects to the hourly rate submitted by Attorneys Hindi and Patti and suggests the court utilize the guidelines advocated by United States Attorney's Office [for the District of Columbia]."); D.E. 93 at 12, fn1 (whereby the "guidelines" offered by Defendant, *i.e.*, the "Attorney's Fee Matrix for 2015-2018," clearly indicate that such had been prepared by "*the United States Attorney's Office for the District of Columbia to evaluate requests for attorney's fees in civil cases in the District of Columbia courts*." (emphasis added)).

13. Notwithstanding Defendant's failure to offer evidence supporting his opposition to the hourly rate of Attorney Hindi and Attorney Patti, Defendant further claims, in conclusory fashion, that:

> *Attorney Hindi indicated that he has been allowed $395 per hour (less than 7 months ago) in a 'less complex case' and $375 per hour (less than a year ago) in an, again, 'less complex case'. This case involved one complaint collection letter sent to a debtor and existing Florida statutes. The complexity level is minimal not justifying [sic] an increase in the attorneys' billing rates.*

*See* D.E 93 at 8, ¶ 22. As evidenced by a cursory review of the filings in this action, this was a novel case that was both complex and difficult.

### a. NOVEL AND DIFFICULT

14. The Supreme Court has noted that the FDCPA is a "a comprehensive and complex federal statute." *See* Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich L.P.A., 559 U.S. 573, 587 (2010) ("a comprehensive and complex federal statute such as the FDCPA that imposes open-ended prohibitions on, *inter alia*, 'false, deceptive,' § 1692e, or 'unfair' practices, § 1692f"). With respect to the present case, however, in addition to the complexities of a traditional FDCPA action, the present action required the dissection and application of a Florida statute, *to wit,* Fla. Stat. § 559.553(3)(h), that, to the best of Plaintiff's knowledge, had not been developed and/or applied in any consistent or authoritative way.

15. In particular, the successful outcome obtained by Plaintiff *required* careful legislative interpretation and analysis of vast bodies of precedent to orchestrate a conveyable understanding, and application of, Fla. Stat. § 559.553(3)(h), which, until presented by Plaintiff, was unarticulated. *See, e.g.,* D.E. 75 at 5, ¶ 13-15. Further, Plaintiff's belief that the outcome obtained in this case was, not only substantial, but also impactful on the consumer protection industry, is a belief that is shared by the former president of the National Creditors Bar Association ("NCBA") and member of the Consumer Financial Protection Bureau ("CFPB") advisory panel, Joann Needleman.[7]

---

[7] *See* Mike Bevel, FDCPA CASELAW REVIEW INSIDEARM.COM (2018), https://www.insidearm.com/news/00044055-fdcpa-caselaw-review-may-2017/ (last visited Jun 20, 2018) (commenting on the complexity of the case at bar).

## 2. THE NUMBER OF HOURS EXPENDED BY COUNSEL FOR PLAINTIFF ARE REASONABLE

16. Plaintiff seeks compensation for a total of 137[8] hours of work performed Attorney Hindi and Attorney Patti, collectively, over the course of this litigation, of which has been ongoing since February-2017. *See* D.E. 91-4 (the *Joint Timesheet* submitted in support of [D.E. 91] Plaintiff's Motion for Attorneys' Fees).

17. Plaintiff has prevailed on summary judgment, on all courts, and has recovered the maximum amount of statutory damages allowed under the FDCPA. Tolentino v. Friedman, 46 F.3d 645, 653 (7th Cir. 1995) (holding that, under Farrar v. Hobby, 506 U.S. 103 (1992), Plaintiff had "obtained a high degree of success" because Plaintiff "prevailed on summary judgment, thereby protecting her rights under the statute, and [] recovered the maximum statutory damages allowed to an individual plaintiff.").

18. Defendant implicitly objects to approximately 35 of the 132 entries of the [D.E. 91-4] Joint Timesheet submitted in support of [D.E. 91] Plaintiff's Motion for Attorneys' Fees. *See* D.E. 93 at 3-8, ¶ 9(a)-(w). The sum of the hours expended by counsel for Plaintiff across said 35 entries is approximately 76.9. *See* D.E. 91-4. Defendant suggests the 76.9 hours expended by counsel for Plaintiff across said 35 entries should be reduced to approximately 17.55 (a reduction of 59.35 hours). Critically, however, the challenges made by Defendant to 35 of the 132 entries submitted by Plaintiff are largely unsupported, conclusory, and offer no explanation or

---

[8] As mentioned in above in passing, *see supra* ¶ 11, the Court prohibited Defendant from acting *pro se* in this litigation. Prior to the Court's explicit and direct ruling on the matter, however, Defendant directly engaged counsel for Plaintiff in furtherance, and in frustration of, this litigation. In total, counsel for Plaintiff expended over twelve (12) hours on correspondence with Defendant, including both e-mail and telephonic conferences. Plaintiff chose to exclude these twelve (12) hours from the attorneys fees sought, as any conversations Plaintiff had directly with Defendant were entirely unproductive and otherwise of no value to the case, due to Defendant's conduct.

rationalization as to how Defendant arrived at the suggested reduction of time. *See* American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County, 278 F. Supp. 2d 1301, 1314 (M.D. Fla. 2003) ("'objections and proof from fee opponents' concerning hours that should be excluded must be specific and 'reasonably precise.'" (*quoting* American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 428 (11th Cir. 1999))). Nevertheless, a select few of the challenges Defendant made to the [D.E. 91-4] Joint Time Card are addressed below:

(a) Defendant challenges the 2.5 hours expended by Attorney Patti in drafting (on April 14, 2017), as well as the .5 hours expended by Attorney Hindi in reviewing (on April 17, 2017), the [D.E. 21] Statement of Clarification, stating, "*[s]ince Attorney Patti had already filed the complaint a clarification of who the Plaintiff was suing is rather obvious*," and thereafter, Defendant summarily states, without any further support, "*[t]he amount of time spent should not have exceeded .5 hours for both of the Attorneys*." *See* D.E. 93 at 4, ¶ 19(e). Plaintiff was compelled to draft and file the [D.E. 21] Statement of Clarification *by this Court*. *See* D.E. 19. Defendant has offered no basis or rational for how he determined .5 hours to be the maximum reasonable amount of time counsel for Plaintiff could have expended on the work noted in said entries.

(b) Defendant challenges the 3.5 hours expended by Attorney Patti in preparing Plaintiff's first set of discovery requests on June 8, 2017, stating: "*[t]he amount of time is excessive since it merely required the changing of the heading to complete. A normal amount of time would be .4 hours*." *See* D.E. 93 at 4, ¶ 19(f). Defendant's challenge is a blind, and otherwise baseless, accusation. Plaintiff did not merely "change the heading" of the discovery requests propounded on Defendant. Rather, Plaintiff took due care to tailor the unique discovery requests made in light of the then-existing state of the litigation.

(c)     Defendant challenges the 5.5 hours expended (on November 15, 2017) by Attorney Patti in developing and drafting the [D.E. 60] Pretrial Stipulations, stating: "*Defendant participated in these developments efforts and did not spend anywhere near 5.5 hours. A reasonable time for this effort would be 2.5 hours*." See D.E. 93 at 6, ¶ 19(k). For Defendant or his counsel to claim any meaningful participation in the [D.E. 60] Pretrial Stipulations, or the exhibits attached thereto, *including Defendant's Witness & Exhibit List*, is a complete farce. Any filing which required the joint stipulation of the parties, Defendant refused and/or rejected all collaboration or conferral attempts made by Plaintiff until the eve of the deadline. Thus, to avoid Defendant's intentional and unnecessary delay of proceedings, as a last resort, Plaintiff had developed and drafted nearly every, if not every, joint stipulation submitted to the Court, including the [D.E. 65] Pretrial Stipulations, and presented it to Defendant for approval.

(d)     Defendant challenges the 4.3 hours expended by Attorney Hindi and Attorney Patti, collectively, across May 23, 27, and 28, 2018, in developing [D.E. 91] Plaintiff's Motion for Attorneys' Fees and [D.E. 92] Plaintiff's Motion for Bill of Costs, stating: "*[t]his is adding a fee on a fee and is not reasonable and not allowed by law. The Florida Supreme Court has held that fees on fees are not generally recoverable under Florida law, at least with respect to statutory fees*. (citation omitted)." See D.E. 93 at 7-8, ¶ 19(w). Defendant is completely wrong. Just as this Court ruled in Bryant v. Cab Asset Mgmt., LLC, "Plaintiff is entitled to recover attorney fees associated with the instant motion for fees and costs." 2011 WL 1331267, at *2 (S.D. Fla. Apr. 6, 2011), *report and recommendation adopted*, 2011 WL 1598732 (S.D. Fla. Apr. 27, 2011); *see* Thompson v. Pharmacy Corp., 334 F.3d 1242, 1245 (11th Cir.2003) (district court abused discretion in declining to award attorney's fees for all time expended in effort to recover such fees); Villano v. City of Boynton Beach, 254 F.3d 1302, 1309–10 (11th Cir.2001) ("A prevailing party

is entitled to reasonable compensation for litigating a [fee] award."); Barreras v. Viking Collection Serv., Inc., No. 05–61855–CIV–Marra/Seltzer (S.D.Fla. Sept. 19, 2007) (DE # 44) ("'a successful plaintiff in a Fair Debt Collection Practices Act case is entitled to an award of attorneys' fees and costs for the fees and costs incurred with respect to the litigation of plaintiff's motion for fees and costs.'" (quoting Small v. Absolute Collection Serv., Inc., No. 04–61196–Jordan/Klein (S.D.Fla. Jan. 17, 2006) (DE # 85))).

### III. SUPPLEMENTAL AWARD OF ATTORNEYS' FEES

19. The [D.E 91-4] Joint Timesheet submitted by counsel for Plaintiff details the time expended in this litigation up to the filing of [D.E. 91] Plaintiff's Motion for Attorneys' Fees. At the appropriate time, Plaintiff will request leave to file a Supplemental Declaration and/or Joint Timesheet for an Award of Attorney Fees incurred in the litigation subsequent to the filing of [D.E. 91] Plaintiff's Motion for Attorneys' Fees.

### IV. CONCLUSION

20. For the foregoing reasons, Plaintiff respectfully request this Honorable Court to find 75.1 hours expended by Jibrael S. Hindi, at an hourly rate of $405, and 61.9 hours expended by Thomas J. Patti, at an hourly rate of $380, for a total of $53,938.50,[9] as fair and reasonable attorneys' fees for the litigation of this action.

---

[9] The attorneys' fees attributable to Jibrael S Hindi are **$30,415.50** (*75.1 hours*, *at $405* an hour), and the attorneys' fees attributable to Thomas J. Patti are **$23,522** (*61.9 hours*, at *$380* an hour), for a grand total of **$53,938.50** of attorneys' fees.

DATED: June 20, 2018

Respectfully Submitted,

  /s/ Jibrael S. Hindi                              .
**JIBRAEL S. HINDI, ESQ.**
Florida Bar No.: 118259
E-mail:    jibrael@jibraellaw.com
THE LAW OFFICES OF JIBRAEL S. HINDI
110 SE 6th Street, Suite 1744
Fort Lauderdale, Florida 33301
Phone:      954-907-1136
Fax:         855-529-9540

AND

  /s/ Thomas J. Patti                              .
**THOMAS J. PATTI, ESQ.**
Florida Bar No.: 118377
E-mail:    tpatti@thomasjohnlaw.com
THOMAS-JOHN LAW, P.A.
1451 W. Cypress Creek Road, Suite #300
Fort Lauderdale, Florida 33309
Phone:      954-543-1325
Fax:         954-507-9975

*COUNSEL FOR PLAINTIFF*

## **CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that on June 20, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

                /s/ Jibrael S. Hindi                              .
               **JIBRAEL S. HINDI, ESQ.**
               Florida Bar No.: 118259