GRIFFEN LEE,

    Plaintiff,

v.

CHARLES G. McCARTHY, JR.,

    Defendant.
_____/

## ORDER

THIS MATTER is before the Court on the plaintiff's Verified Motion for Award of Attorneys' Fees (DE# 91, 5/28/18) and the Plaintiff's Verified Bill of Costs (DE# 92, 5/28/18). The plaintiff seeks attorneys' fees and costs pursuant to the Fair Debt Collection Practices Act ("FDCPA"). The FDCPA requires payment of costs and reasonable attorney fees to a successful consumer. See 15 U.S.C. § 1692k(a)(3). Having reviewed the motion for attorneys' fees, response and reply as well as the bill of costs to which no response was filed, and having heard argument of counsel, it is

ORDERED AND ADJUDGED that the plaintiff's Verified Motion for Award of Attorneys' Fees (DE# 91, 5/28/18) is GRANTED in part. For the reasons stated in open court, the Court finds that a rate of $325.00 per hour for Messrs. Hindi and Patti is reasonable. The Court may use its own experience in assessing reasonableness and may form an independent judgment either with or without witnesses. Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1303 (11th Cir. 1988).

The plaintiff's motion seeks a total of 142 hours of attorney time, which is the sum of 137 hours sought in the motion plus 5 additional hours for preparing the reply to the motion

for fees and attendance at today's hearing. The plaintiff is entitled to recover attorney fees associated with his motion for fees and costs. See Thompson v. Pharmacy Corp., 334 F.3d 1242, 1245 (11th Cir. 2003); Villano v. City of Boynton Beach, 254 F.3d 1302, 1309 (11th Cir. 2001). As stated in open court, the Court finds a reduction of 34.5 hours is appropriate due to excessive, duplicative, and/or administrative time entries. See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983) ("Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary ...."). The Court finds that 107.5 is a reasonable number of hours (142 hours less 34.5 hours equals 107.5 hours). The plaintiff is awarded 107.5 hours at an hourly rate of $325.00 for a total fee amount of $34,937.50. It is further

ORDERED AND ADJUDGED that the Plaintiff's Verified Bill of Costs (DE# 92, 5/28/18) is GRANTED in part. The plaintiff seeks costs in the total amount of $1,005. Mediation fees in the amount of $300 are not compensable. See Nicholas v. Allianceone Receivables Management, Inc., 450 F. App'x 887, 888 (11th Cir. 2012) (unpublished) (affirming district court's ruling that plaintiff "was not entitled to mediation fees [as a prevailing party under the Fair Debt Collection Practices Act ("FDCPA")] because those costs are not taxable under 28 U.S.C. § 1920"). Thus, the plaintiff is entitled to costs in the amount of $705.

DONE AND ORDERED in Chambers at Miami, Florida, this **23rd** day of July, 2018.

                                                                             JOHN J. O'SULLIVAN
                                                                             UNITED STATES MAGISTRATE JUDGE

Copies provided:
All counsel on record